Mark A. Finkelstein (State Bar No. 173851)
mafinkelstein@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

Alexis Adian Smith (State Bar No. 274429)
asmith@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
Telephone: +1.213.243.2653
Facsimile: +1.213.243.2539

Attorneys for Defendants and Counterclaimants Smashburger IP Holder LLC, and Smashburger Franchising LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

IN-N-OUT BURGERS, a California corporation,

Plaintiff,

v.

SMASHBURGER IP HOLDER LLC, a Delaware limited liability company; and SMASHBURGER FRANCHISING LLC, a Delaware limited liability company,

Defendants.

SMASHBURGER IP HOLDER LLC, and SMASHBURGER FRANCHISING LLC,

Counterclaimants,

v.

IN-N-OUT BURGERS,

Counterdefendant.

Case No. 8:17-cv-01474-JLS-DFM

Assigned to Judge Josephine L. Staton

**SMASHBURGER IP HOLDER LLC AND SMASHBURGER FRANCHISING LLC'S OPPOSITION TO IN-N-OUT BURGERS' MOTION TO STRIKE**

Hearing Date: March 23, 2018
Time: 2:30 pm
Courtroom: 10A

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. LEGAL STANDARD .......... 2

III. ARGUMENT .......... 4

A. In-N-Out Was Given "Fair Notice" Of Smashburger's Defense .......... 4

B. Smashburger Adequately Alleged Its Eighth Affirmative Defense Under *Twombly/Iqbal* and Rule 9 .......... 4

C. In-N-Out's Copyright Date Argument Is A Red Herring .......... 8

D. Smashburger's Eighth Affirmative Defense Is Relevant And Not Unduly Prejudicial .......... 9

E. To The Extent This Court Finds The Pleading Insufficient, Leave To Amend Should Be Granted .......... 10

IV. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*578539 B.C., Ltd. v. Kortz*, No. CV 14-04375-MMM, 2014 WL 12572679 (C.D. Cal. Oct. 16, 2014) .......... 10

*Adams v. Grand Slam Club/Ovis*, No. 12-CV-2938-WJM-BNB, 2014 WL 103782 (D. Colo. Jan. 10, 2014) .......... 6

*Areas USA SJC, LLC v. Mission San Jose Airport, LLC*, No. C11-04487 HRL, 2012 WL 1831576 (N.D. Cal. May 18, 2012) .......... 2, 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 3, 7

*Asian & Western Classics B.V. v. Selkow*, 2009 WL 3678263 (T.T.A.B. Oct. 22, 2009) .......... 7

*Baroness Small Estates, Inc. v. BJ's Rests., Inc.*, No. SACV 11-00468-JST (Ex), 2011 WL 3438873 (C.D. Cal. Aug. 5, 2011) .......... 2, 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 3

*CTF Dev., Inc. v. Penta Hosp., LLC*, No. C 09-02429 WHA, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) .......... 4, 5

*Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. EDCV 11-197 .......... 7, 10

*Gen. Car & Truck Leasing Sys. Inc. v. Gen. Rent-A-Car Inc.*, No. 88-6500-CIV, 1990 WL 359368 (S.D. Fla. July 11, 1990) .......... 7

*Mophie, Inc. v. ABM Wireless, Inc.*, No. SACV 14-1422-JLS, 2015 WL 12791374 (C.D. Cal. May 19, 2015) .......... 7

*Multimedia Patent Tr. v. Microsoft Corp.*, 525 F. Supp. 2d 1200 (S.D. Cal. 2007) .......... 2

*Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128 (N.D. Cal. 2011) .......... 2

*Quoc Viet Foods, Inc. v. VV Foods, LLC*, No. SACV 12-02165-CJC(DFMx), 2014 WL 12588281 (C.D. Cal. Mar. 4, 2014) .......... 6

*Rodeo Realty, Inc. v. Santangelo*, No. CV11-08372 RGK, 2012 WL 13012468 (C.D. Cal. Mar. 16, 2012) .......... *passim*

*Roe v. City of San Diego*, 289 F.R.D. 604 (S.D. Cal. 2013) .......... 3, 10

*Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168 (S.D. Cal. 2012) .......... 2

*Schutte & Koerting, Inc. v. Swett & Crawford*, 298 F. App'x 613 (9th Cir. 2008) .......... 3

*Simmons v. Navajo Cty.*, 609 F.3d 1011 (9th Cir. 2010) .......... 2, 3

*Southco, Inc. v. Penn Eng'g & Mfg. Corp.*, 768 F. Supp. 2d 715 (D. Del. 2011) .......... 6

*Top Producer Sys., Inc. v. Software Scis.Sciences Ltd.*, No. 97-0415-MA, 1997 WL 723049 (D. Or. July 21, 1997) .......... 5, 6, 8

**OTHER AUTHORITIES**

Rule 8 .......... 3, 5

Rule 9 .......... 3-6, 8

Rule 12 .......... 2, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In-N-Out overreached in its First Amended Complaint. Among other things, In-N-Out alleges infringement of TRIPLE TRIPLE, QUAD QUAD, and 2 X 2 (collectively, the "Abandoned Marks"), which appear to have been abandoned many years ago. Thus, Smashburger IP Holder LLC and Smashburger Franchising LLC (collectively, "Smashburger") asserted various affirmative defenses and counterclaims based on In-N-Out's abandonment and false certification of use of those marks.

In-N-Out does not dispute that Smashburger has properly stated claims for abandonment. Instead, this motion only challenges Smashburger's Eighth Affirmative Defense of Fraud on the USPTO.

In-N-Out admits that an affirmative defense is sufficient if it gives plaintiff "fair notice of the defense." Motion, at 4:14-15. And In-N-Out does not deny that it has such fair notice regarding Smashburger's Eighth Affirmative Defense. Thus, by this motion, In-N-Out challenges *the factual basis* of the defense, arguing that Smashburger's claim of fraud is "demonstrably false." At the pleading stage, however, Smashburger need not *prove* its affirmative defense. *See* Dkt. No. 32, p. 5 ("At the pleadings stage, [plaintiff] need not *prove*" the elements of its claim.). Indeed, In-N-Out's arguments are more properly addressed at summary judgment.

Finally, discovery relating to the fraud allegations overlaps with discovery that Smashburger seeks in connection with its affirmative defense of abandonment and counterclaims for cancellation due to abandonment, negating any claim of undue prejudice to In-N-Out.

Because Smashburger has adequately pled its defense of fraud on the USPTO, In-N-Out's Motion should be denied.

## II. LEGAL STANDARD

Motions to strike are disfavored "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1178–79 (S.D. Cal. 2012) (citation omitted). Accordingly, Rule 12(f) motions "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Baroness Small Estates, Inc. v. BJ's Rests., Inc.*, No. SACV 11-00468-JST (Ex), 2011 WL 3438873, at *5 (C.D. Cal. Aug. 5, 2011) (citation and quotation omitted); *see also Rosales,* 882 F. Supp. 2d at 1179. In considering a motion to strike, the court "must view the pleading[] in the light most favorable to the pleader." *Multimedia Patent Tr. v. Microsoft Corp.,* 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007). "A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action." *Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1132 (N.D. Cal. 2011).

"[A] motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Areas USA SJC, LLC v. Mission San Jose Airport, LLC*, No. C11-04487 HRL, 2012 WL 1831576, at *5 (N.D. Cal. May 18, 2012) (internal quotation marks and citations omitted).

As In-N-Out admits, "an affirmative defense need only give plaintiff fair notice of the defense to be sufficiently pled." *Rodeo Realty, Inc. v. Santangelo*, No. CV11-08372 RGK (AGRx), 2012 WL 13012468, at *4 (C.D. Cal. Mar. 16, 2012); *see also Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.") (citation omitted).

While In-N-Out also cites the *Twombly/Iqbal* standard, many cases have held

that affirmative defenses do *not* need to meet the factual plausibility pleading standard under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which address only Rule 8(a). *See Roe v. City of San Diego*, 289 F.R.D. 604, 608-09 (S.D. Cal. 2013) (noting the split in authority and that a responding party need only "affirmatively state" its defenses under Rule 8(c), and declining to invoke the *Twombly* and *Iqbal* pleading standards to an affirmative defense). The *Roe* court was persuaded by the fact that the Ninth Circuit recognized the "fair notice" standard after *Twombly* and *Iqbal*. *See Simmons*, 609 F.3d at 1023; *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 F. App'x 613, 615 (9th Cir. 2008). Accordingly, courts in this district have concluded that the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses under Rules 8(b)-(c). *See Rodeo Realty,* 2012 WL 13012468, at *4 (collecting cases and refusing to apply the *Twombly* and *Iqbal* pleading standard to affirmative defenses under Rule 8(b) or 8(c)).[1]

When this Court was faced with an argument by a plaintiff that *Twombly* and *Iqbal* applied to affirmative defenses, that argument was flatly rejected. *Baroness Small Estates,* 2011 WL 3438873, at *5-6 (Adopting the "fair notice" standard after finding that "[t]he Ninth Circuit, however, has not required a heightened pleading standard for affirmative defenses, and the Court declines to apply one here.").

As explained below, Smashburger has met its burden of pleading under the fair notice standard. But even if this Court were to apply the *Twombly/Iqbal* pleading standard, or even Rule 9(b), this motion still should be denied. "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting

[1] The *Rodeo Realty* court explained that *Twombly* and *Iqbal* apply to "Rule 8(a), which requires a pleading to contain 'a short and plain statement of the claim *showing that the pleader is entitled to relief*.'" 2012 WL 13012468, at *4 (emphasis in original) (quoting Fed. R. Civ. P. 8(a)). However, Rules 8(b) and 8(c) require "only that a party 'state in short and plain terms its defenses to each claim asserted against it'" and that "a party 'affirmatively state any avoidance or affirmative defense.'" *Id.* (quoting Fed. R. Civ. P. 8(b)-(c)). Neither Rule 8(b) nor 8(c) require a party to show entitlement to relief like Rule 8(a). *Id.*

fraud so that a defendant can prepare an adequate answer from the allegations." *CTF Dev., Inc. v. Penta Hosp., LLC*, No. C 09-02429 WHA, 2009 WL 3517617, at *2 (N.D. Cal. Oct. 26, 2009) (citation omitted); *see also Rodeo Realty,* 2012 WL 13012468, at *4 ("allegations of fraud must be specific enough to give [ ] notice of the particular misconduct which is alleged to constitute the fraud charged.") (citation omitted).

## III. ARGUMENT

### A. In-N-Out Was Given "Fair Notice" Of Smashburger's Defense.

In-N-Out informs this Court that "[f]or a pleading of an affirmative defense to be sufficient, it must give plaintiff fair notice of the defense." Motion, at 4:14-15 (citing *578539 B.C., Ltd. v. Kortz*, No. CV 14-04375-MMM (MANx), 2015 WL 12670488, at *17 (C.D. Cal. Apr. 10, 2015), and *CTF Dev., Inc.*, 2009 WL 3517617, at *8). Here, there can be no question that In-N-Out was given such notice. In-N-Out clearly understands the allegations in Smashburger's defense and is fully aware of the misconduct alleged to constitute the fraud on the USPTO. Indeed, In-N-Out even seeks judicial notice of the specific filings where it allegedly "falsely declared ongoing use" of its Abandoned Marks. *See* Dkt. No. 43-1, 8 ("The Eighth Affirmative Defense refers to three trademark renewals submitted by In-N-Out to the USPTO in 2009"); Dkt. No. 44-1 to 44-3 (attaching the renewal applications for the Abandoned Marks).

Because "fair notice" is the proper standard, and because In-N-Out was given fair notice of the defense, this motion should be denied.

### B. Smashburger Adequately Alleged Its Eighth Affirmative Defense Under *Twombly/Iqbal* and Rule 9.

To the extent this Court applies the *Twombly/Iqbal* standard, or even Rule 9, this motion should still be denied.

In the affirmative defense at issue, Smashburger alleges that:

> Plaintiff falsely declared ongoing use to the Patent and

> Trademark Office with respect to at least some of its trademarks. For instance and on information and belief, in 2009, Plaintiff claimed to the United States Patent and Trademark Office that it was using the TRIPLE TRIPLE, QUAD QUAD, and 2 X 2 marks, but provided as specimens of such use wrappers bearing dates from four years earlier.

Smashburger's First Amended Answer, Affirmative Defenses, and Counterclaims (Dkt. No. 36, 13). This allegation "identifies the circumstances constituting fraud" and "gives notice of the particular misconduct which is alleged to constitute the fraud" sufficient to meet the pleading requirements of Rules 8 and 9(b). *See CTF Dev., Inc.*, 2009 WL 3517617, at *3-6, *8 (finding allegations that applicant fraudulently filed a statement of use for goods and services that were not used with the mark to meet the pleading standards of Rules 8 and 9(b) for purposes of defendant's affirmative defense of fraud on the USPTO and counterclaim for cancellation due to fraud); *Rodeo Realty,* 2012 WL 13012468, at *4 (finding that allegations that an applicant knew of the existence of and prior use of a mark, yet failed to disclose those uses to the USPTO were sufficient to meet the requirements of Rule 9(b) in order to defeat a motion to strike an affirmative defense of fraud on the USPTO).

Indeed, Smashburger's affirmative defense identifies the *precise* false representations at issue—the declarations of ongoing use in 2009. The defense also makes clear the who, what, when, where, why, and how of the fraud (who – the declarant for In-N-Out; what – the claim of use, when such marks were not being used; when – in 2009; why – to obtain renewals of the registrations; and how – in the 2009 renewal declarations). This is all that is necessary at this early stage of the case. *See Top Producer Sys., Inc. v. Software Scis. Sciences Ltd.*, No. 97-0415-MA, 1997 WL 723049, at *3 (D. Or. July 21, 1997) ("Defendant … sufficiently plead [counterclaim of] fraud by identifying a specific document, the date it was filed with the Patent and Trademark Office, and the alleged misrepresentations, namely that the plaintiff failed to disclose that the term 'producer' had become

generic.").

Moreover, the materiality of such a false declaration of use is presumed for purposes of surviving a Rule 12 motion. *Southco, Inc. v. Penn Eng'g & Mfg. Corp.*, 768 F. Supp. 2d 715, 724, 726 (D. Del. 2011) (borrowing this presumption from patent cases and denying motion to dismiss and strike counterclaim for cancellation of registration due to fraud on the USPTO). And it is of no consequence that Smashburger made its allegations on information and belief. *Adams v. Grand Slam Club/Ovis*, No. 12-CV-2938-WJM-BNB, 2014 WL 103782, at *5 (D. Colo. Jan. 10, 2014) ("Allegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the [pleading party's] belief.") (citation omitted).

In its motion, In-N-Out makes numerous arguments on the merits—claiming that "Defendants' fraud assertions have no factual basis." Motion, at 8:18-19. The issue of whether in fact In-N-Out's statements to the USPTO in those renewal applications were fraudulent, however, is not one that needs to be proven by Smashburger at the pleading stage. *See Top Producer Sys., Inc.,* 1997 WL 723049, at *3 (finding that a counterclaim of fraud was sufficiently plead under Rule 9(b) and the issue of whether the underlying representation was in fact false was not appropriate to decide on a motion to dismiss).

Accordingly, the cases cited by In-N-Out are inapposite. *Quoc Viet Foods, Inc. v. VV Foods, LLC,* No. SACV 12-02165-CJC(DFMx), 2014 WL 12588281, at *2 (C.D. Cal. Mar. 4, 2014) involved a party who asserted a counterclaim for fraud on the USPTO, but failed to specify why the trademark registrant's alleged misrepresentation regarding the translation of a mark was material to the USPTO and what about the statement was false. Such issues are not present here. In-N-Out's statements in question involve declarations of use for purposes of trademark renewals that are material and the alleged falsity—the claim that the marks were in

use when they were not in use—is apparent. *See Southco, Inc.*, 768 F. Supp. 2d 715 at 726 (stating "the submission of a false declaration [to the USPTO] is presumed to be material"); *see also Gen. Car & Truck Leasing Sys. Inc. v. Gen. Rent-A-Car Inc.*, No. 88-6500-CIV, 1990 WL 359368, at *3 (S.D. Fla. July 11, 1990) (knowingly false statements in application and maintenance applications that use extended to services involving aircraft and boats when the mark was never used with such services were material for purposes of cancellation due to fraud).

In-N-Out's reliance on *Asian & Western Classics B.V. v. Selkow,* 2009 WL 3678263 (T.T.A.B. Oct. 22, 2009) is similarly misplaced. In that case, the Trademark Trial and Appeal Board discussed the required element of intent and that the standard for fraudulent misrepresentations is no longer that the registrant "knew or should have known" his statement was false. *Asian & W. Classics B.V.,* 2009 WL 3678263, at *2. Here, Smashburger alleged the requisite intent by alleging that Plaintiff falsely declared ongoing use in its declaration for renewal and "[w]hen false facts are affirmatively written on a statement of use, it is difficult to conclude that it is not at least plausible, under the *Iqbal* standard, that such an act was done with the intent to deceive the USPTO into granting a trademark registration. Why else would such an act occur?" *Mophie, Inc. v. ABM Wireless, Inc.*, No. SACV 14-1422-JLS (RNBx), 2015 WL 12791374, at *4 (C.D. Cal. May 19, 2015) (citations omitted).

Finally, *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.,* No. EDCV 11-197 RSWL, 2011 WL 3809933 (C.D. Cal. Aug. 25, 2011) involved an affirmative defense of fraud that alleged merely that defendant was "informed and believes and thereon alleges that the claims found within the FAC are barred by Plaintiff's fraud," without any mention of supporting facts or what conduct constituted the fraud. *Id.* at *7. Smashburger's allegations here provide details sufficient to give In-N-Out the who, what, when, where, why and how of In-N-Out's misconduct at issue, providing more than sufficient notice under Rule 9(b).

*See Rodeo Realty,* 2012 WL 13012468, at *4.

**C. <u>In-N-Out's Copyright Date Argument Is A Red Herring.</u>**

In-N-Out's lengthy argument regarding copyright law is of no consequence. First, In-N-Out's argument is directed at the merits of Smashburger's defense, not the sufficiency of the pleading. As explained above, Smashburger need not prove the merits of its affirmative defense at this stage. *See, e.g., Top Producer Sys., Inc.,* 1997 WL 723049, at *3.

In addition, Smashburger's belief about In-N-Out's fraudulent conduct is not solely based on a copyright date. The copyright dates in 2005, however, do imply that there were no new wrappers bearing the Abandoned Marks created in 2009, which supports the inference that the Abandoned Marks were no longer being used on those wrappers. And new additional evidence further suggests Smashburger's defense could be successful. For instance, in its answer, In-N-Out admits that it changed is website in July 2017 to add TRIPLE TRIPLE and QUAD QUAD, which was done after Smashburger IP Holder filed counterclaims of abandonment of those marks in a separate TTAB proceeding. *See* Dkt. No. 45, at ¶¶ 28, 33. Such a change may indicate that In-N-Out was trying to manufacture new use last year, which would have been unnecessary if In-N-Out had been continually using those marks. While these issues will be explored in discovery, and cannot be resolved at the pleading stage, it is far from a certainty that there are no facts that could be proved to support Smashburger's affirmative defense. *See Areas USA SJC,* 2012 WL 1831576, at *5.

The fact that In-N-Out used earlier copyrighted specimens in connection with its other trademark applications and/or renewals is also irrelevant. For instance, that In-N-Out submitted a specimen in connection with its 3 X 3 mark that appears to be the same specimen as that submitted with the TRIPLE TRIPLE application does not alter the basis of Smashburger's defense with respect to TRIPLE TRIPLE. Smashburger believes that In-N-Out has used the 3 X 3 mark on its website

(although Smashburger does not concede that such use is enough to constitute use in interstate commerce for purposes of maintaining a registration). Just because Smashburger has not alleged fraud with respect to a renewal of the 3 X 3 mark has no bearing on its information and belief about In-N-Out's use of the TRIPLE TRIPLE mark.[2] Smashburger is informed and believes that the *TRIPLE TRIPLE mark* had not been used by In-N-Out for many years, until In-N-Out added the mark to its website on July 22, 2017 in response to Smashburger IP Holder LLC's filing of a cancellation action with the Trademark Trial and Appeal Board. *See* Counterclaims, Dkt. No. 36, at ¶¶ 24-28.

**D. Smashburger's Eighth Affirmative Defense Is Relevant And Not Unduly Prejudicial.**

There can be no doubt that Smashburger's allegations of fraud on the USPTO are relevant to the action. In-N-Out asserts, among other things, the infringement of federally registered trademarks. Dkt. No. 15, ¶¶50-58. Whether In-N-Out's registrations for the Abandoned Marks are valid is of critical importance in the action. Moreover, given Smashburger's affirmative defense of abandonment and its counterclaims for cancellation of federal and state registrations for the Abandoned Marks, the fraud defense will not require the parties to engage in any significant additional discovery or expend time or resources that would not affect the outcome of the case.

Furthermore, Smashburger's defense is not a pretext for the discovery of unknown wrongs. Smashburger's preliminary investigation has revealed that In-N-Out is asserting marks in this action that appear to have been abandoned and that In-N-Out has falsely certified to the USPTO that the Abandoned Marks were in use when they were not.

It is ironic that In-N-Out claims harm and prejudice by an affirmative

[2] In-N-Out claims that Smashburger does not dispute In-N-Out's continuing use of the 3 X 3 mark. Motion, at 8:26-9:1. Smashburger made no such admission.

defense. Indeed, it is Smashburger who is being harmed by the assertion of Abandoned Marks in this action. Smashburger has every right to assert affirmative defenses to In-N-Out's claims.

**E. <u>To The Extent This Court Finds The Pleading Insufficient, Leave To Amend Should Be Granted.</u>**

To the extent this Court finds that Smashburger's Eighth Affirmative Defense should be stricken, Smashburger respectfully requests leave to amend its defense. "Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Roe*, 289 FRD at 608. *See Desert European Motorcars, Ltd.*, 2011 WL 3809933, at *7 (granting leave to amend a stricken affirmative defense of fraud); *see also 578539 B.C., Ltd. v. Kortz*, No. CV 14-04375-MMM (MANx), 2014 WL 12572679, at *12 (C.D. Cal. Oct. 16, 2014) (granting leave to amend stricken affirmative defense of fraud on the USPTO).

## IV. <u>CONCLUSION</u>

Smashburger has provided In-N-Out more than fair notice of the conduct that is alleged to constitute the fraud on the USPTO in Smashburger's Eighth Affirmative Defense. Furthermore, the defense is relevant and will not result in unwarranted discovery since the underlying facts overlap with those relevant to the affirmative defense of abandonment and the counterclaims for cancellation of In-N-Out's federal and state registrations of the Abandoned Marks. Thus, In-N-Out is not prejudiced by Smashburger's Eighth Affirmative Defense. Accordingly, this Court should deny In-N-Out's motion.

In the alternative, leave to amend should be granted.

Dated: February 28, 2018

JONES DAY

By: ______________________________
Mark A. Finkelstein
Attorneys for Defendants and Counterclaimants SMASHBURGER IP HOLDER LLC, AND SMASHBURGER FRANCHISING LLC