CAROLYN S. TOTO (SBN 233825)
carolyn.toto@pillsburylaw.com
JEFFREY D. WEXLER (SBN 132256)
jeffrey.wexler@pillsburylaw.com
SARKIS A. KHACHATRYAN (SBN 293991)
sarkis.khachatryan@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile No.: (213) 629-1033

Attorneys for Plaintiff and Counterdefendant
IN-N-OUT BURGERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN-N-OUT BURGERS, a California corporation,<br><br>        Plaintiff,<br><br>   vs.<br><br>SMASHBURGER IP HOLDER LLC, a Delaware limited liability company; and SMASHBURGER FRANCHISING LLC, a Delaware limited liability company,<br><br>        Defendants. | Case No. 8:17-cv-1474-JLS-DFM<br><br>**PLAINTIFF AND COUNTERDEFENDANT IN-N-OUT BURGERS' REPLY IN SUPPORT OF MOTION TO STRIKE EIGHTH AFFIRMATIVE DEFENSE OF DEFENDANTS AND COUNTERCLAIMANTS SMASHBURGER IP HOLDER LLC AND SMASHBURGER FRANCHISING LLC** |
| SMASHBURGER IP HOLDER LLC, and SMASHBURGER FRANCHISING LLC,<br><br>        Counterclaimants,<br><br>   vs.<br><br>IN-N-OUT BURGERS,<br><br>        Counterdefendant. | Date:     March 23, 2018<br>Time:    2:30 p.m.<br>Courtroom: 10A<br><br>Judge: Hon. Josephine L. Staton |

## I. INTRODUCTION

Defendants and counterclaimants Smashburger IP Holder LLC and Smashburger Franchising LLC ("Defendants") overreached in their Eighth Affirmative Defense. Not content with asserting a defense of abandonment based upon the alleged discontinued use of three marks by plaintiff and counterdefendant In-N-Out Burgers ("In-N-Out"), Defendants decided to assert a defense that In-N-Out committed fraud on the United States Patent & Trademark Office (the "USPTO") by allegedly falsely representing in renewal declarations submitted to the USPTO in 2009 that it was currently using those marks in commerce. In making this serious allegation, Defendants relied solely upon the fact that In-N-Out's 2009 renewal declarations included specimens of wrappers bearing a copyright notice date of 2005.

In its motion to strike [Dkt. 43], In-N-Out showed that the Eighth Affirmative Defense alleged no factual basis for inferring fraud on the USPTO because: (1) the copyright laws *required* In-N-Out to continue to use copyright notices with the date of first publication on the wrappers; and (2) in the same time frame, In-N-Out submitted as specimens wrappers bearing copyright dates of 2000 and 2005 for marks as to which Defendants have not alleged abandonment. Unable to provide a substantive response to In-N-Out's showing, Defendants label it a "red herring" and ask the Court to deny In-N-Out's motion to strike because they might conceivably be able to prove facts – not pled in the Eighth Affirmative Defense – that could support a claim for fraud on the USPTO. The meager facts identified by Defendants – a claim that In-N-Out in 2017 modified its website to use the allegedly abandoned marks – could not, even if pled, plausibly support an inference of fraud on the USPTO in 2009.

Because Defendants have not pled any facts that could plausibly state a claim for fraud on the USPTO, the Court should strike the Eighth Affirmative Defense for failure to plead facts sufficient to support such a defense as required by *Twombly/Iqbal* and Fed. R. Civ. P. 9(b). Because Defendants have shown no basis for believing that they could amend the Eighth Affirmative Defense to allege such facts,

-1-

consistent with their obligations under Fed. R. Civ. P. 11, the Court should not give Defendants leave to amend.

## II.     ARGUMENT

### A.     Both Rule 8 and Rule 9(b) Apply to Defendants' Eighth Affirmative Defense of Fraud on the USPTO.

Defendants understate the circumstances in which a motion to strike should be granted. *See* Dkt. 46 at 2:2-21. A motion to strike is appropriate to expedite a case by removing spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (the purpose of a Rule 12(f) motion is to avoid spending unnecessary time and money litigating spurious issues). As such, while a motion to strike may be generally disfavored, such a motion is especially fitting for the present situation. *See*, *e.g., Monster Cable Prod., Inc. v. Avalanche Corp.,* No. C-08-4792 MMC, 2009 WL 650369, at *1 (N.D. Cal. Mar. 11, 2009) ("'[D]efenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy.'") (quoting *Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d Cir. 1996)); *see also Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd.*, No. LA CV 14-00609 DDP (SSx), 2014 WL 4187979, at *2 (C.D. Cal. Aug. 22, 2014) ("Thus, courts have found motions to strike to be proper even when their only purpose is to make the issues less complicated.").

Defendants do not dispute that their affirmative defense of fraud on the USPTO is subject to the heightened pleading requirements of Rule 9(b). *See AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 951 n.3 (N.D. Cal. Mar. 23, 2015); *see also Gibson Brands,* 2014 WL 4187979, at *6 (agreeing that an affirmative defense based on fraud on the USPTO during prosecution must meet the heightened fraud pleading standard of Rule 9(b)). Defendants note that there is a split in authority as to whether *Twombly/Iqbal* applies to affirmative defenses. *See* Dkt. 46 at 2:28 – 3:19 & 3 n.1 (citing *Roe v. City of San Diego*, 289 F.R.D. 604, 608-09 (S.D. Cal. 2013), *Rodeo*

-2-

1  *Realty, Inc. v. Santangelo*, No. CV 11-08372 RGK (AGRx), 2012 WL 13012468, at
2  *4 (C.D. Cal. Mar. 16, 2012), and *Baroness Small Estates, Inc. v. BJ's Rests., Inc.*,
3  No. SACV 11-00468-JST (Ex), 2011 WL 3438873, at *5-6 (C.D. Cal. Aug. 5, 2011)).
4  However, this Court has recently recognized that the weight of authority holds that the
5  *Twombly/Iqbal* standards do apply to affirmative defenses. *See*, *e.g.*, *Gencarelli v.*
6  *Twentieth Century Fox Film Corp.*, No. LA CV 17-2818 ODW (AJWx), 2018 WL
7  376664, at *2 (C.D. Cal. Jan. 11, 2018) ("While district courts have split on this issue,
8  most have found that the heightened pleading standard does apply to affirmative
9  defenses."); *Nestle USA, Inc. v. Crest Foods, Inc.*, No. LA CV-16-07519 JAK
10 (AFMx), 2017 WL 3267665, at *22 (C.D. Cal. July 28, 2017) ("Many district courts
11 have considered an issue that the Ninth Circuit has not yet addressed: Whether the
12 pleading of an affirmative defense is subject to the heightened pleading requirements
13 established by *Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662.  Most of these courts
14 have decided that these standards apply.").  In any event, because an affirmative
15 defense of fraud on the USPTO is indisputably subject to the heightened pleading
16 requirements of Rule 9(b), the Eighth Affirmative Defense must necessarily satisfy the
17 less stringent pleading requirements of *Twombly/Iqbal*, regardless of whether
18 *Twombly/Iqbal* is generally applicable to affirmative defenses.

19
20  **B.   Defendants' Eighth Affirmative Defense Must Plausibly Plead Fraud Under the Standards Required by *Twombly/Iqbal* and Rule 9(b).**

21 Defendants argue that "In-N-Out admits that an affirmative defense is sufficient
22 if it gives plaintiff 'fair notice of the defense,'" and go on to claim that their Eighth
23 Affirmative Defense sufficiently put In-N-Out on notice of their defense of fraud on
24 the USPTO.  *See* Dkt. 46 at 1:13-15, 4:8-22 (quoting Dkt. 43-1 at 4:14-15).
25 Defendants misstate In-N-Out's argument.  In-N-Out argued that an affirmative
26 defense must not only give fair notice of the defense, but must also satisfy the
27 *Twombly/Iqbal* standard and, for claims of fraud like that asserted here, Rule 9(b).
28 *See* Dkt. 43-1 at 4:2 – 6:7.  For the reasons discussed above, Defendants are wrong in

-3-

asserting that *Twombly/Iqbal* does not apply to affirmative defenses. Moreover, Defendants cannot and do not dispute that an affirmative defense of fraud on the USPTO must not only provide fair notice but must also satisfy the pleading requirements of Rule 9(b).

**C. Defendants' Eighth Affirmative Defense Must be Stricken for Failure to Plausibly Plead Fraud Under the Standards Required by *Twombly/Iqbal* and Rule 9(b), as Evidenced by the Fact that Copyright Law Requires Rejection of Their Sole Alleged Factual Basis for Alleging Fraud on the USPTO.**

In arguing that their Eighth Affirmative Defense pleads fraud with the particularity required by *Twombly/Iqbal* and Rule 9(b), *see* Dkt. 46 at 4:4:23 – 8:1, Defendants attempt to distract the Court from the key issue – the fact that their sole alleged basis for claiming fraud on the USPTO is based upon a fundamental misunderstanding of the significance of a copyright notice date. Significantly, instead of disputing the substance of In-N-Out's argument about the legal requirements governing copyright notice dates, *see* Dkt. 43-1 at 6:27 – 8:17, Defendants assert that the issue is a "red herring" because Defendants "need not prove the merits of [their] affirmative defense at this stage." Dkt. 46 at 8:2-7. This outright dismissal of basic copyright law speaks volumes as to the validity of Defendants' fraud allegation.

Defendants claim only that "[t]he copyright dates in 2005 . . . do imply that there were no new wrappers bearing the Abandoned Marks created in 2009, which supports the inference that the Abandoned Marks were no longer being used on those wrappers." *Id.* at 8:9-12. No such inference is appropriate, given that there is no USPTO rule that requires a party renewing a trademark registration to create new specimens. In fact, Defendants' proffered inference would – improperly and without any legal support – place USPTO filing requirements squarely in contradiction with copyright law. Defendants have presented no other basis for arguing that In-N-Out's submission in 2009 of wrapper specimens with a copyright date of 2005 could somehow support an inference of fraud on the USPTO.

-4-

1     Thus, Defendants have not plausibly pled a claim for fraud on the USPTO
pursuant to *Twombly/Iqbal* – let alone pled such a claim in the manner required by
Rule 9(b) – because the sole fact identified in the Eighth Affirmative Defense as
supporting such a claim cannot, as a matter of law, support an inference of fraud.
None of the cases cited by Defendants, *see id.* at 5:6 – 7:7,[1] holds or suggests that a
pleading adequately alleges fraud when the sole factual basis alleged for the claim of
fraud is demonstrably insufficient to support a plausible inference of falsity, especially
when the asserted factual basis is conduct that is required by statute.[2]

---

[1] Addressing the cases in the order they are cited by Defendants: (1) *CTF Dev., Inc. v. Penta Hosp., LLC*, No. C 09-02429 WHA, 2009 WL 3517617, at *3 (N.D. Cal. Oct. 26, 2009) (defendant alleged that (a) CTF's statement of use falsely represented use with all listed services, including provision of facilities for meetings, conferences, etc., (b) CTF's hotel did not have conference or meeting facilities, which were services identified in the registration, and (c) CTF's website did not use the mark or include any reference to provision of facilities for meetings, conferences, etc.); (2) *Rodeo Realty, Inc. v. Santangelo*, No. CV11-08372 RGK (AGRx), 2012 WL 13012468, at *4 (C.D. Cal. Mar. 16, 2012) (defendant pled that plaintiff's statements were false based on its knowledge of existence and prior use of defendant's marks); (3) *Top Producer Sys. Inc. v. Software Scis. Ltd.*, No. 97-0415-MA, 1997 WL 723049, at *3 (D. Or. July 21, 1997) (defendant pled that plaintiff committed fraud on USPTO by omitting a fact that, if true, plaintiff should have known and disclosed); (4) *Southco, Inc. v. Penn Eng'g & Mfg. Corp.*, 768 F. Supp. 2d 715, 725 (D. Del. 2011) (defendant pled that plaintiff made arguments that it knew to be false given its pre-existing knowledge of defendant's products); (5) *Adams v. Grand Slam Club/Ovis*, No. 12-CV-2938-WJM-BNB, 2014 WL 103782, at *6 (D. Colo. Jan. 10, 2014) (plaintiff did not dispute that its representations were false and contested only intent); and (6) *Gen. Car & Truck Leasing Sys. Inc. v. Gen. Rent-A-Car Inc.*, No. 88-6500-CIV, 1990 WL 359368, at *3 (S.D. Fla. July 11, 1990) (noting TTAB finding that plaintiff made false statements).

[2] Defendants' attempt to distinguish the cases relied upon by In-N-Out, *see* Dkt. 46 at 6:21 -8:1, falls short. In *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. EDCV 11-197 RSWL, 2011 WL 3809933, at *7 (C.D. Cal. Aug. 25, 2011), the court held that defendant's allegation that plaintiff's claims are "barred by Plaintiff's fraud" failed to meet the heightened pleading requirement under Rule 9(b) since it was only a legal conclusion without the support of facts. While Defendants claim to have provided the "who, what, when, where, why and how of In-N-Out's misconduct," Dkt. 46 at 7:26-28, what they have actually done is plead facts demonstrating that the facts underlying their defense do not evidence "misconduct," *i.e.*, the "how" is not alleged. Likewise, *Quoc Viet Foods, Inc. v. VV Foods, LLC*, No. SACV 12-02165-CJC (DFMx), 2014 WL 12588281, at *2 (C.D. Cal. Mar. 4, 2014), and *Asian & Western Classics B.V. v. Selkow*, 2009 WL 3678263 (TTAB Oct. 22, 2009), stand for the general proposition that any claim or defense of fraud must be supported by specific facts and that a claim or defense that fails to allege such facts may be stricken as deficient.

-5-

IN-N-OUT BURGERS' REPLY IN SUPPORT OF MOTION TO
STRIKE EIGHTH AFFIRMATIVE DEFENSE
Case No. 8:17-cv-1474-JLS-DFM
4843-6829-4750

Finally, Defendants do not dispute that, as shown in In-N-Out's request for judicial notice: (1) In-N-Out in 2008 and 2009 submitted other trademark renewal declarations with wrapper specimens displaying copyright notice dates of 2000 and 2005, respectively (eight years and four years prior to the renewal filing dates for these applications); (2) Defendants have not alleged these marks to be abandoned; and (3) Defendants do not contend that In-N-Out has ever abandoned the DOUBLE-DOUBLE mark as to which it in 2008 submitted a wrapper specimen with a copyright notice date of 2000.³ *See* Dkt. 46 at 8:23 – 9:9. Nor do Defendants dispute that In-N-Out's submission to the USPTO in 2008 of a wrapper specimen bearing a copyright date of 2000 renders less plausible still Defendants' allegation that the copyright notice dates on the specimens for the three allegedly abandoned marks support an inference that In-N-Out committed fraud on the USPTO.

### D. Defendants' Unalleged Basis for their Eighth Affirmative Defense Cannot Salvage That Defense.

Defendants try to salvage their Eighth Affirmative Defense by arguing that In-N-Out in July 2017 changed its website to use the allegedly abandoned marks, and that "[s]uch a change may indicate that In-N-Out was trying to manufacture new use last year, which would have been unnecessary if In-N-Out had been continually using those marks." Dkt. 46 at 8:8-19.

As an initial matter, attorney argument does not substitute for pleading requirements, and this argument cannot support the Eighth Affirmative Defense. *See O'Toole v. Gencor Nutrients, Inc.*, No. CV 14-3754-R, 2017 WL 6514682, at *2 (C.D. Cal. Aug. 17, 2017) ("More importantly, Plaintiffs may not supplement their FAC with constructive interpretation of facts in an Opposition."); *Sarkis' Cafe, Inc. v.*

---

³ In responding to In-N-Out's contention that Defendants do not dispute use of the DOUBLE-DOUBLE and 3 X 3 marks, see Dkt. 43-1 at 8:26 – 9:1, Defendants claim that they "made no such admission" only as to In-N-Out's continuing use of the 3 X 3 mark," Dkt. 46 at 9 n.2.

-6-

*Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1040 (N.D. Ill. 2014) ("Defendant fails to specify which facts apply to which particular defenses, and its efforts to do so in its response to Plaintiff's motion to strike cannot serve as its lifeboat."). The motion to strike should be granted because the theory that Defendants now assert is missing from the Eighth Affirmative Defense, as pled in the First Amended Answer.

In any event, even if the Eighth Affirmative Defense had pled such facts, it would not state a plausible basis for a claim of fraud on the USPTO. The fact that In-N-Out updated its website in July *2017* to use the allegedly abandoned marks – something that it had every right to do in this digital age – does not support an inference that it intentionally submitted false declarations to the USPTO regarding these marks in *2009*.

### E. Defendants do Not Dispute that the Eighth Affirmative Defense is Prejudicial to In-N-Out.

Defendants do not dispute that Rule 9(b) is intended to protect parties "from the harm that comes from being charged with the commission of fraudulent acts," *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985), let alone that the allegations of fraud on the USPTO asserted by Defendants are highly prejudicial to In-N-Out. Instead, Defendants assert that "[i]t is ironic that In-N-Out claims harm and prejudice by an affirmative defense" because "it is Smashburger who is being harmed by the assertion of the Abandoned Marks in this action." Dkt. 46 at 9:26 – 10:2.

Defendants cite no authority in support of this contention and merely throw out this general statement, which could be asserted in any case by any party. Rule 9(b) is designed to protect against a more specific, higher level of harm that arises from the inflammatory nature of asserting fraud without a sufficient factual basis for doing so. Defendants have charged In-N-Out with fraudulent conduct based on their fundamental misunderstanding of the meaning of a copyright notice date. Such an unsupportable allegation of fraud is severely damaging to In-N-Out and any involved

individuals. The Eighth Affirmative Defense should be stricken to ameliorate this harm.

### F. Defendants' Eighth Affirmative Defense Should be Stricken Without Leave to Amend.

Defendants ask the Court for leave to amend if the motion to strike is granted. *See* Dkt. 46 at 10:4-13. As discussed above, the only ground suggested in the Opposition as possibly supporting an amendment – the fact that In-N-Out modified its website in 2017 to use certain marks – cannot support a plausible inference that In-N-Out committed fraud on the USPTO in 2009. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041, 1043 (9th Cir. 2011) (leave to amend not proper where proposed amendments are futile and cannot state a plausible basis for relief). Accordingly, leave to amend is inappropriate and should be denied.

### III. CONCLUSION

For the foregoing reasons, the Eighth Affirmative Defense should be stricken without leave to amend.

Dated: March 9, 2018

                            CAROLYN S. TOTO
                            JEFFREY D. WEXLER
                            SARKIS A. KHACHATRYAN
                            PILLSBURY WINTHROP SHAW PITTMAN LLP

                            By:      /s/ Carolyn S. Toto
                                  Carolyn S. Toto
                            Attorneys for Plaintiff and Counterdefendant
                            IN-N-OUT BURGERS