Mark A. Finkelstein (State Bar No. 173851)
mfinkelstein@umbergzipser.com
Brent S. Colasurdo (State Bar No. 281863)
bcolasurdo@umbergzipser.com
Leah A. Hamlin (State Bar No. 317957)
lhamlin@umbergzipser.com
UMBERG ZIPSER LLP
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: 949.679.0052
Facsimile:  949.679.0461

Attorneys for Defendants and Counterclaimants
SMASHBURGER IP HOLDER LLC and
SMASHBURGER FRANCHISING LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN-N-OUT BURGERS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SMASHBURGER IP HOLDER LLC, a Delaware limited liability company; and SMASHBURGER FRANCHISING LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 8:17-cv-01474-JVS-DFM<br><br>**DEFENDANTS AND COUNTER-CLAIMANTS SMASHBURGER IP HOLDER LLC AND SMASHBURGER FRANCHISING LLC'S OPPOSITION TO MOTION TO STRIKE PORTIONS OF SIXTH AFFIRMATIVE DEFENSE OF UNCLEAN HANDS BY PLAINTIFF AND COUNTER-DEFENDANT IN-N-OUT BURGERS** |
| SMASHBURGER IP HOLDER LLC, and SMASHBURGER FRANCHISING LLC,<br><br>Counter-Claimants,<br><br>v.<br><br>IN-N-OUT BURGERS,<br><br>Counter-Defendant. | Date:       December 17, 2018<br>Time:       1:30 p.m.<br>Courtroom:  10C<br><br>Judge:  Hon. James V. Selna |

# TABLE OF CONTENTS

I.    INTRODUCTION ...........................................................................................1

II.   LEGAL STANDARD...................................................................................2

III.  ARGUMENT ...............................................................................................2

A.   Smashburger Adequately Alleged Its Sixth Affirmative Defense...............2

B.   Smashburger Adequately Alleged Its Sixth Affirmative Defense
     Under *Twombly/Iqbal* and Rule 9. .............................................................5

     1.   Whether In-N-Out's Claim That Its Meat is Free From
          "Additives, Fillers, or Preservatives" is False and Misleading
          Cannot be Resolved on the Pleadings. ..............................................6

     2.   Whether In-N-Out's "Freshness" Claims are Deceptive is not
          Properly Addressed on the Pleadings.................................................8

C.   Smashburger's Sixth Affirmative Defense Is Closely Related To
     The Right In Suit. .......................................................................................10

D.   In-N-Out's Misconduct is Sufficiently Inequitable To Sustain An
     Unclean Hands Defense. .............................................................................12

E.   Smashburger's Sixth Affirmative Defense Is Not Unduly
     Prejudicial...................................................................................................13

F.   To The Extent This Court Finds The Pleading Insufficient, Leave
     To Amend Should Be Granted. ...................................................................14

IV.  CONCLUSION ...........................................................................................14

# TABLE OF AUTHORITIES

## Cases

*Alfasigma USA, Inc. v. Nivagen Pharm., Inc.*,
No. 2:17-CV-01974-MCE (GGH),
2018 WL 4409350 (E.D. Cal. Sept. 17, 2018) ........................................................8

*Ang v. Bimbo Bakeries USA, Inc.*,
No. 13-CV-01196-WHO, 2013 WL 5407039 (N.D. Cal. Sept. 25, 2013) .........8, 9

*Areas USA SJC, LLC v. Mission San Jose Airport, LLC*,
No. C11-04487 HRL,
2012 WL 1831576 (N.D. Cal. May 18, 2012) ........................................................2

*Arisma Grp., LLC v. Trout & Zimmer, Inc.*,
No. 3:08-CV-1268-L,
2009 WL 10704702 (N.D. Tex. Oct. 23, 2009) ...................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................passim

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................passim

*Bobbleheads.com, LLC v. Wright Bros., Inc.*,
259 F. Supp. 3d 1087 (S.D. Cal. 2017) ...............................................................4

*Brady v. Bayer Corp.*,
26 Cal. App. 5th 1156 (Ct. App. 2018) .................................................................9

*Brenner v. Procter & Gamble Co.*,
No. SACV-16-1093-JLS (JCG),
2016 WL 8192946 (C.D. Cal. Oct. 20, 2016) ....................................................4, 5

*Cf. Marina Vape, LLC v. Nashick*,
No. LACV-16-01028-JAK (JEMx),
2017 WL 3579874 (C.D. Cal. July 7, 2017) .......................................................11

*CTF Dev., Inc. v. Penta Hosp., LLC*,
No. C 09-02429 WHA,
2009 WL 3517617 (N.D. Cal. Oct. 26, 2009) .......................................................5

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*,
890 F.2d 165 (9th Cir. 1989) ................................................................................10

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*,
826 F.2d 837 (9th Cir. 1987) ................................................................................11

*GCCFC 2005-GG5 Hegenberger Retail Ltd. P'ship v. Arce*,
No. 17-CV-03854-SI,
2018 WL 2357703 (N.D. Cal. May 24, 2018) ....................................................14

*In Re Zicam Cold Remedy Mktg.*,
    No. MDL 09-2096-PHX-FJM,
    2010 WL 3155258 (D. Ariz. Aug. 6, 2010) ............................................................. 13

*Instant Checkmate, Inc. v. Background Alert, Inc.*,
    No. 3:14-CV-01182-MMA-DHB,
    2014 WL 12526275 (S.D. Cal. Dec. 5, 2014) ..................................................... 6, 7

*Jones v. ConAgra Foods, Inc.*,
    912 F. Supp. 2d 889 (N.D. Cal. 2012) ................................................................ 8, 9

*Newcal Indus., Inc. v. Ikon Office Sol.*,
    513 F.3d 1038, 1053 (9th Cir. 2008) .................................................................... 6, 8

*POM Wonderful LLC v. Coca-Cola Co.*,
    166 F. Supp. 3d 1085 (C.D. Cal. 2016) ................................................. 4, 10, 11, 12

*Pom Wonderful LLC v. Welch Foods, Inc.*,
    737 F. Supp. 2d 1105 (C.D. Cal. 2010) ............................................................ 10, 12

*Procter & Gamble Co. v. Ultreo, Inc.*,
    574 F.Supp.2d 339 (S.D.N.Y. 2008) ......................................................................... 12

*Red v. Kraft Foods*,
    No. CV 10-1028-GW AGRX,
    2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) ..................................................... 8, 9

*Rodeo Realty, Inc. v. Santangelo*,
    No. CV-11-08372 RGK (AGRx),
    2012 WL 13012468 (C.D. Cal. Mar. 16, 2012) .............................................. 3, 4, 5

*Roe v. City of San Diego*,
    289 F.R.D. 604 (S.D. Cal. 2013) ........................................................................ 3, 14

*Rosales v. FitFlop USA, LLC*,
    882 F. Supp. 2d 1168 (S.D. Cal. 2012) ...................................................................... 2

*Salazar v. Honest Tea, Inc.*,
    No. 2:13-CV-02318-KJM (EFB),
    2015 WL 7017050 (E.D. Cal. Nov. 12, 2015) ................................................... 9, 10

*Schutte & Koerting, Inc. v. Swett & Crawford*,
    298 F. Appx 613 (9th Cir. 2008) ................................................................................ 3

*Simmons v. Navajo Cty., Ariz.*,
    609 F.3d 1011 (9th Cir. 2010) ............................................................................... 3, 5

*Stokely-Van Camp, Inc. v. Coca-Cola Co.*,
    646 F. Supp. 2d 510 (S.D.N.Y. 2009) ...................................................................... 11

*Vogel v. Linden Optometry APC*,
    No. CV 13–00295 GAF (SHx),
    2013 WL 1831686 (C.D. Cal. Apr. 30, 2013) ........................................................... 3

**Statutes**

Fed. R. Civ. P. 8 ................................................................................................. passim

Fed. R. Civ. P. 9(b) ...................................................................................... 5, 6, 7

Fed. R. Civ. P. 26(b)(1) ......................................................................................... 17

**Other Authorities**

https://www.fsis.usda.gov/wps/wcm/connect/22dd2ec9-2e85-46f8-8d81-
32456616fbbf/QandA2018.pdf?MOD=AJPERES ................................................. 7

# I.     **INTRODUCTION**

In the Second Amended Complaint ("SAC"), In-N-Out alleges that Smashburger engages in false advertising by misrepresenting the amount of beef in its TRIPLE DOUBLE burger.  SAC ¶¶ 79–87.  As the Sixth Affirmative Defense of its Amended Answer, Smashburger asserts, in part, that In-N-Out's false advertising claim is barred by unclean hands because In-N-Out engages in false advertising in connection with its burger products.  Amended Answer ¶ 6.  Specifically, In-N-Out (1) claims that its meat has "no additives, fillers, or preservatives" when, in fact, In-N-Out's meat contains antibiotics; and (2) makes various representations about the "freshness" of its products, misleadingly implying that In-N-Out's food is healthy or a healthier alternative to other fast food.  *Id.*  In-N-Out asks the Court to strike the false advertising allegations.[1]

This is the second time in this case that In-N-Out has moved to strike one of Smashburger's affirmative defenses.  On March 21, 2018, the Honorable Josephine L. Staton denied In-N-Out's first motion to strike Smashburger's Eighth Affirmative Defense for Fraud on the U.S. Patent and Trademark Office.  Dkt. No. 49 (Mar. 21, 2018).  The case was then reassigned to this Court on August 1, 2018.  As with its first attempt to strike an affirmative defense, In-N-Out again does not identify any legally cognizable basis to justify striking.

First, Smashburger has specifically identified In-N-Out's advertising claims and alleges that these claims are false and/or misleading to consumers.  Thus, In-N-Out has been given fair notice of the defense.  Any arguments regarding whether these claims are literally false or whether consumers are actually misled are premature at this stage.

Second, the Sixth Affirmative Defense alleges misconduct by In-N-Out that is closely related to the conduct In-N-Out alleges against Smashburger; specifically,

---

[1] The Sixth Affirmative Defense also asserts an unclean hands defense as to In-N-Out's fraud on the U.S. Patent and Trademark Office.  In-N-Out does not ask the Court to strike this portion of the defense.

{173274.3}

Case No. 8:17-cv-01474-JLS-DFM
OPPOSITION TO MOTION TO STRIKE

1   each party alleges that the other makes false claims to consumers about the nature

2   and quality of its burgers and other food products.  Thus, because the false

3   advertising allegations in the Sixth Affirmative Defense pertain to the right at issue

4   in this case, they are a valid basis for an unclean hands defense.

5         Third, In-N-Out's misconduct in engaging in false and deceptive advertising

6   is sufficiently inequitable to support Smashburger's unclean hands defense, and the

7   actual harm caused by the deception is not a matter that can be resolved on the

8   pleadings.

9         Finally, requiring In-N-Out to participate in discovery related to the Sixth

10   Affirmative Defense cannot be unfairly prejudicial given the relevance of the

11   defense to this litigation.

12         Accordingly, the Motion to Strike should be denied in its entirety.

13  **II.**    **LEGAL STANDARD**

14         Motions to strike are disfavored "because of the limited importance of

15   pleading in federal practice, and because they are often used as a delaying tactic."

16   *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1178–79 (S.D. Cal. 2012)

17   (citation omitted).  "[A] motion to strike which alleges the legal insufficiency of an

18   affirmative defense will not be granted unless it appears to a certainty that plaintiffs

19   would succeed despite any state of the facts which could be proved in support of the

20   defense."  *Areas USA SJC, LLC v. Mission San Jose Airport, LLC, No*. C11-04487

21   HRL, 2012 WL 1831576, at *5 (N.D. Cal. May 18, 2012) (internal quotation marks

22   and citations omitted).

23  **III.**   **ARGUMENT**

24      **A.**    **Smashburger Adequately Alleged Its Sixth Affirmative Defense.**

25         Rule 8(c) provides that "[i]n responding to a pleading, a party must

26   affirmatively state any avoidance or affirmative defense."  Fed. R. Civ. P. 8(c)(1).

27   As In-N-Out concedes in its Motion, an affirmative defense is sufficient under Rule

28   8 if it "give[s] the plaintiff fair notice of the defense."  Motion, at 5:8–9.  *See*

*Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) ("[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); *Rodeo Realty, Inc. v. Santangelo*, No. CV-11-08372 RGK (AGRx), 2012 WL 13012468, at *4 (C.D. Cal. Mar. 16, 2012).  The fair notice standard "generally requires that the defendant state the nature and grounds for the affirmative defense" and does not require a detailed statement of facts.  *Vogel v. Linden Optometry APC*, No. CV 13–00295 GAF (SHx), 2013 WL 1831686, at *3 (C.D. Cal. Apr. 30, 2013).

In-N-Out does not, and cannot, dispute that fair notice is satisfied.  The Sixth Affirmative Defense identifies specific advertising claims made by In-N-Out and alleges the false and misleading nature of those claims.  Indeed, the Motion itself is evidence that In-N-Out is able to substantively respond to the nature of the allegations.

In its Motion, In-N-Out also cites the *Twombly/Iqbal* pleading standard, which requires that a plaintiff plead "enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  However, as many courts in the Ninth Circuit have recognized, *Twombly* and *Iqbal* address only Rule 8(a), which applies to claims seeking affirmative relief, and thus do not apply to the pleading of affirmative defenses under Rule 8(c).  *See Roe v. City of San Diego*, 289 F.R.D. 604, 608-09 (S.D. Cal. 2013) (noting the split in authority and that a responding party need only "affirmatively state" its defenses under Rule 8(c), and declining to invoke the *Twombly* and *Iqbal* pleading standards to an affirmative defense).  Indeed, Judge Staton already declined to apply the *Twombly/Iqbal* standard in this case when she denied In-N-Out's first motion to strike another of Smashburger's affirmative defenses.  Dkt. No. 49, at p. 3–4; *accord Schutte & Koerting, Inc. v. Swett & Crawford*, 298 F. Appx. 613, 615 (9th Cir. 2008); *Rodeo Realty*, 2012 WL 13012468, at *4 (collecting cases and refusing to apply the *Twombly /Iqbal*

1    pleading standard to affirmative defenses under Rule 8(b) or 8(c)).

2          The *Rodeo Realty* court explained that *Twombly* and *Iqbal* apply to "Rule

3    8(a), which requires a pleading to contain 'a short and plain statement of the claim

4    *showing that the pleader is entitled to relief*.'" 2012 WL 13012468, at *4

5    (emphasis in original) (quoting Fed. R. Civ. P. 8(a)).  However, Rules 8(b) and 8(c)

6    require "only that a party 'state in short and plain terms its defenses to each claim

7    asserted against it'" and that "a party 'affirmatively state any avoidance or

8    affirmative defense.'" *Id.* (quoting Fed. R. Civ. P. 8(b)-(c)).  Neither Rule 8(b) nor

9    8(c) require a party to show entitlement to relief like Rule 8(a).  *Id.*

10         As Judge Staton previously ruled in this case, "[b]ecause the Ninth Circuit

11   has not required a heightened pleading standard for affirmative defenses, the Court

12   declines to require one here.  Accordingly, the Court applies the fair notice

13   standard."  Dkt. No. 49, at pp. 2–3.  This Court should follow the law as already

14   applied once in this case, and as applied by many other courts in this district, and

15   decline to apply *Twombly/Iqbal* to the pleading of affirmative defenses.

16         Further, In-N-Out asserts that Smashburger's Sixth Affirmative Defense

17   must satisfy Rule 9(b)'s heightened pleading standard, which requires that fraud be

18   pleaded with "particularity."  Fed. R. Civ. P. 9(b).  Although some district courts

19   apply Rule 9(b) to claims for false advertising arising under the Lanham Act, *see*

20   *Bobbleheads.com, LLC v. Wright Bros., Inc.*, 259 F. Supp. 3d 1087, 1095 (S.D. Cal.

21   2017), Rule 9(b) does not apply to false advertising claims that do not sound in

22   fraud, *Brenner v. Procter & Gamble Co.*, No. SACV-16-1093-JLS (JCG), 2016

23   WL 8192946, at *4 (C.D. Cal. Oct. 20, 2016).  Moreover, "no reverse Lanham Act

24   Claim [is] required in order to make out an unclean hands defense" that is based on

25   false advertising.  *POM Wonderful LLC v. Coca-Cola Co.*, 166 F. Supp. 3d 1085,

26   1099 (C.D. Cal. 2016).

27         Here, the false advertising allegations in the Sixth Affirmative Defense do

28   not sound in fraud, so Rule 9(b) is inapplicable.  Smashburger makes no allegations

{173274.3}

Case No. 8:17-cv-01474-JLS-DFM
OPPOSITION TO MOTION TO STRIKE

1  regarding In-N-Out's knowledge of the falsity of its claims or its intent to defraud;
2  it simply alleges that In-N-Out has engaged in conduct that is likely to mislead
3  consumers.  *See Brenner*, 2016 WL 8192946, at *5 (finding that false advertising
4  claims did not sound in fraud where the plaintiff made no allegation that the claims
5  were made "with the *intent to defraud*").  Thus, the allegations in the Sixth
6  Affirmative Defense need not satisfy Rule 9(b)'s particularity standard.

7      In sum, because neither *Twombly/Iqbal* nor Rule 9(b) applies, all that is
8  required of Smashburger is to give In-N-Out "fair notice" of the nature of its
9  unclean hands defense, which it has done.  *Simmons*, 609 F.3d at 1023.

10     **B.     Smashburger Adequately Alleged Its Sixth Affirmative Defense**
11          **Under *Twombly/Iqbal* and Rule 9.**

12     Even if, however, the Court were to apply *Twombly/Iqbal* or Rule 9(b), the
13 allegations in the Sixth Affirmative Defense are more than adequate to satisfy these
14 standards as well.  Smashburger has identified with particularity the factual matter
15 on which its defense is based, *i.e.* the advertising claims at issue, and has alleged
16 with specificity the "basis for why [it] believes [In-N-Out's claims] [are] false or
17 misleading."  *Brenner*, 2016 WL 8192946, at *5 n.5 (noting that Rule 9(b) is
18 satisfied for false advertising claims where the plaintiff identifies the nature of the
19 advertisement and provides a "basis for why she believes the [representation] is
20 false or misleading").  This is sufficient to allow In-N-Out to "prepare an adequate
21 answer from the allegations."  *CTF Dev., Inc. v. Penta Hosp., LLC*, No. C 09-02429
22 WHA, 2009 WL 3517617, at *2 (N.D. Cal. Oct. 26, 2009) (citation omitted) ("A
23 pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting
24 fraud so that a defendant can prepare an adequate answer from the allegations."  );
25 *see also Rodeo Realty*, 2012 WL 13012468, at *4 ("allegations of fraud must be
26 specific enough to give [ ] notice of the particular misconduct which is alleged to
27 constitute the fraud charged.") (citation omitted).

28

1    Accordingly, In-N-Out's challenges to the sufficiency of the allegations in

2  the Sixth Affirmative Defense—regardless of the applicable pleading standard—

3  must fail.

4        **1.    Whether In-N-Out's Claim That Its Meat is Free From**

5            **"Additives, Fillers, or Preservatives" is False and Misleading**

6            **Cannot be Resolved on the Pleadings.**

7        "[T]he Ninth Circuit has unequivocally held [that] the question of whether a

8  particular statement is false and misleading is a question of fact that is inappropriate

9  for adjudication" on the pleadings.  *Instant Checkmate, Inc. v. Background Alert,*

10  *Inc.*, No. 3:14-CV-01182-MMA-DHB, 2014 WL 12526275, at *5 (S.D. Cal. Dec.

11  5, 2014) (*citing Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1053 (9th

12  Cir. 2008)).  Nevertheless, In-N-Out argues that antibiotics do not constitute

13  "additives, fillers, or preservatives under the common understanding of these

14  terms."  Motion, at 8:13–15.  Specifically, In-N-Out contends that antibiotics are

15  not "additives, fillers, or preservatives" because they are administered while the

16  meat is being raised, rather than while it is being processed.  *Id.* at 8:1–13.  In-N-

17  Out's sole legal support for this argument is a 1987 version of Webster's

18  Dictionary, which, of course, provides no guidance as to the particular stage of

19  meat production that "additives, fillers, and preservatives" must be dispensed to fall

20  within the definition of those terms.

21        At this stage of the litigation, the Court need not resolve how "additives,

22  fillers, and preservatives" should properly be defined in the context of meat

23  production, or whether antibiotics fall within those definitions once resolved.  This

24  is because, even if In-N-Out could establish that its advertising claim is literally

25  true based on its cherry-picked 1987 definition of "additives, fillers, or

26  preservatives," it cannot show as a matter of law that the statement is not

27  misleading to consumers.  That is, In-N-Out has provided no evidence that

28  consumers make any sort of distinction about what stage of production "additives,

1  fillers, and preservatives" are added to food, and even if In-N-Out could proffer

2  such evidence, it could not be considered at this stage of the litigation.

3      The case *Instant Checkmate*, 2014 WL 12526275, at *5 is instructive.  In that

4  case, the defendant advertised that its website had been "featured by" various media

5  organizations, even though some of the feature stories cast the defendant in a

6  negative light.  *Id.* at *4.  In moving to dismiss the plaintiff's false advertising

7  claim, the defendant argued that the definition of "featured" encompassed any news

8  story giving "special attention" to a product, whether positive or negative, and

9  therefore the statement was literally true.  *Id.*  The district court denied the motion

10 to dismiss, finding that even if the statement were literally true under the proffered

11 definition of "featured," it could nonetheless mislead consumers who might treat

12 the phrase "'featured by' [as] synonymous with approval or endorsement."  *Id.*

13     The same logic applies here: the claim that In-N-Out's meat is free from

14 "additives, fillers, or preservatives" could be treated by consumers as synonymous

15 with a claim that the meat is free from any added substances or byproducts of those

16 substances, including antibiotics that are added during the raising of the animals

17 and that remain in the meat upon sale to the consumer.

18     In-N-Out also argues that allegations that its meat contains antibiotics are

19 implausible in light of FDA regulations that prohibit the slaughtering of cattle for

20 food within 25-days of their treatment with antibiotics.  Motion, at 8:21–22 (*citing*

21 21 C.F.R. § 522.88).  There are at least two problems with this argument.  First, as

22 quoted in In-N-Out's Motion, the FDA's website states that "[w]ithdrawal times

23 reflect the amount of time necessary for animal tissue to process a drug so that *the*

24 *amount remaining in the tissues* has decreased to a safe level."  Motion, at 9 (*citing*

25 https://www.fsis.usda.gov/wps/wcm/connect/22dd2ec9-2e85-46f8-8d81-

26 32456616fbbf/QandA2018.pdf?MOD=AJPERES) (emphasis added).  Thus, this

27 language actually supports not just the deceptiveness of In-N-Out's claim that its

28 meat is free of "additives, fillers, and preservatives," but also its *literal falsity*: the

FDA admits that the withdrawal period does not, in fact, eliminate the presence of antibiotic additives at the time of slaughter.[2]

Second, this argument is a red herring. The FDA regulation has no bearing on whether consumers are misled about the presence of antibiotics in In-N-Out's meat by its claim of "no additives, fillers, or preservatives." That question is, at bottom, a factual one that cannot be resolved on the pleadings. *Newcal Indus.*, 513 F.3d at 1053–54 (reversing district court's grant of a motion to dismiss where the advertisement "could be proved false, or the statement could be proved true but misleading."); *Alfasigma USA, Inc. v. Nivagen Pharm., Inc.*, No. 2:17-CV-01974-MCE (GGH), 2018 WL 4409350, at *5 (E.D. Cal. Sept. 17, 2018) (finding that arguments about whether certain statements are actually deceptive "go to the merits of Plaintiffs' claims, not the sufficiency of their pleadings …").

### 2.    Whether In-N-Out's "Freshness" Claims are Deceptive is not Properly Addressed on the Pleadings.

For the same reasons, In-N-Out's argument that consumers are not misled by its "freshness" claims because "freshness do[es] not equate to healthfulness …" is not amenable to resolution at this stage. *See* Motion, at 10:20–21.

As an initial matter, consistent with the general proposition that the falsity of a claim should not be determined on the pleadings, courts have found that "[w]hether a reasonable customer would in fact find [freshness claims] deceptive is a question not properly addressed" on the pleadings. *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-WHO, 2013 WL 5407039, at *8 (N.D. Cal. Sept. 25, 2013); *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 900 (N.D. Cal. 2012).

*Red v. Kraft Foods, Inc.*, which In-N-Out cites in its Motion, is both factually distinguishable and does not counsel a different result. No. CV 10-1028-GW AGRX, 2012 WL 5504011, at *4 (C.D. Cal. Oct. 25, 2012). In that case, the

---

[2] Moreover, the Court may not take judicial notice of the truth of the screenshots, and Smashburger has objected to In-N-Out's request for judicial notice.

1    plaintiffs alleged that crackers labeled as "made with real vegetables" would

2    deceive a reasonable consumer into believing that the crackers contained a

3    significant amount of vegetables. *Id.* at *3. The district court found that there was

4    no likelihood of consumer confusion because "a reasonable consumer will be

5    familiar with the fact of life that a cracker is not composed of primarily fresh

6    vegetables." *Id.* at *4. Thus, the key to the *Red* court's analysis is whether, in the

7    context of the particular product, the advertising claim is meaningful to consumers.

8    *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1166 (Ct. App. 2018) (discussing *Red*

9    and noting that the claim "made with real veggies" means nothing "in [the] context"

10   of crackers). Because of the necessarily factual nature of this inquiry, it is only in

11   "rare situation[s] [that] it is appropriate to decide as a matter of law whether a

12   reasonable consumer would likely be deceived." *Salazar v. Honest Tea, Inc.*, No.

13   2:13-CV-02318-KJM (EFB), 2015 WL 7017050, at *10 (E.D. Cal. Nov. 12, 2015).

14       Here, the context in which In-N-Out's makes its claims about the "freshness"

15   of its products is markedly different than the claim made about the crackers in *Red*.

16   In-N-Out has a wide array of fast-food products on its menu, so the "freshness"

17   label applies broadly and ambiguously, and thus it is far more susceptible to

18   consumer misinterpretation about both the healthfulness of In-N-Out's food in

19   absolute terms and the healthfulness or taste of its food relative to other fast-food

20   restaurants. The likelihood of this misinterpretation is compounded when the

21   "freshness" claims are read in conjunction with In-N-Out's other misleading claims

22   about the purity of its products, such as "no additives, fillers, or preservatives." *See*

23   *Jones*, 912 F. Supp. 2d at 893 (finding "freshness" claims could be plausibly

24   misleading where the defendant falsely represented that its foods were also "free of

25   artificial ingredients and preservatives"); *Ang*, 2013 WL 5407039, at *8 (finding

26   allegations that the use of the term "fresh" in conjunction with "baked daily"

27   sufficient to state a claim for deceptive advertising). Given the context in which In-

28   N-Out makes its "freshness" claims, "[t]he facts of this case do not amount to the

1    rare situation in which it is appropriate to decide as a matter of law whether a

2    reasonable consumer would likely be deceived." *Salazar*, 2015 WL 7017050, at

3    *10. Rather, the parties should be allowed to proceed to discovery regarding

4    whether consumers are, in fact, misled by In-N-Out's "freshness" advertising.

5        Next, In-N-Out cites FDA regulations for the proposition that use of the term

6    "fresh" does not trigger labeling requirements related to the product's healthfulness.

7    Motion, at 11. Again, however, these regulations say nothing about how a

8    consumer is likely to interpret In-N-Out's "freshness" claims in the context of both

9    its menu items and its other claims about the quality and characteristics of its food.

10   Thus, these regulations do not provide a basis for deciding whether In-N-Out's

11   claims are misleading as a matter of law.

12       In sum, In-N-Out's arguments concerning the false and misleading nature of

13   its advertising claims are premature.

14   **C.    Smashburger's Sixth Affirmative Defense Is Closely Related To**

15   **The Right In Suit.**

16       In-N-Out also argues that the false advertising allegations should be stricken

17   because they concern conduct that "differs" from the conduct underlying In-N-

18   Out's false advertising claim against Smashburger.

19       "The doctrine of unclean hands 'bars relief to a plaintiff who has violated

20   conscience, good faith or other equitable principles in his prior conduct, as well as

21   to a plaintiff who has dirtied his hands in acquiring the right presently asserted.'"

22   *Coca-Cola Co.*, 166 F. Supp. 3d at 1091–92 (*citing Dollar Sys., Inc. v. Avcar*

23   *Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989). To be a valid basis for a

24   defense, the alleged misconduct "must be 'relative to the matter in which [the

25   plaintiff] seeks relief… [a]lthough 'precise similarity' is not required." *Id.* at 1095.

26       In-N-Out primarily bases its relatedness argument on *Pom Wonderful LLC v.*

27   *Welch Foods, Inc.*, 737 F. Supp. 2d 1105, 1110 (C.D. Cal. 2010). In *Pom*

28   *Wonderful*, the district court stated, "[M]isconduct that forms the basis for the

{173274.3}

Case No. 8:17-cv-01474-JLS-DFM
OPPOSITION TO MOTION TO STRIKE

unclean hands defense [must be] directly related to plaintiff's use or acquisition of the right in suit." However, as explained in later cases, "'direct relation' … is not the standard applied in the Ninth Circuit." *Coca-Cola*, 166 F. Supp. 3d at 1095. Rather, a defendant need only demonstrate that the plaintiff acted with fraud or deceit "*as to the controversy at issue*." *Id.* (*citing Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987) (emphasis in original)).

The conduct alleged in Smashburger's Sixth Affirmative Defense sufficiently relates to the controversy at issue to sustain its unclean hands defense. In-N-Out's false advertising claim is premised on allegations that Smashburger misrepresents the nutritional characteristics of one of the burgers on its menu, *i.e.* the amount of beef provided. SAC ¶ 81. Accordingly, Smashburger's unclean hands defense is premised on allegations that In-N-Out misrepresents the nutritional characteristics of its burgers, *i.e.* the purity and quality of its meat. Thus, allegations in the Sixth Affirmative Defense pertain to the very same type of conduct (false advertising in order to gain a competitive advantage), and the parties' very same competing products (their burgers). This relationship is more than sufficient to "bring[] the clean hands doctrine into operation … ." *Coca-Cola*, 166 F. Supp. 3d at 1096 ("[M]isconduct which brings the clean hands doctrine into operation relate[s] directly to the transaction concerning which the complaint is made, *i.e.*, pertain[s] to the very subject matter involved and affect[s] the equitable relations between the litigants."); *Stokely-Van Camp, Inc. v. Coca-Cola Co.*, 646 F. Supp. 2d 510, 533 (S.D.N.Y. 2009) (noting the applicability of the unclean hands doctrine where "a plaintiff's misconduct relates to the subject matter of its claims, [*i.e.*] the plaintiff has engaged in the same kind of behavior that it challenges"). *Cf. Marina Vape, LLC v. Nashick*, No. LACV-16-01028-JAK (JEMx), 2017 WL 3579874, at *5 (C.D. Cal. July 7, 2017) (no relationship between claims for copyright infringement and allegations that the plaintiff falsified unrelated records).

**D.**   **In-N-Out's Misconduct is Sufficiently Inequitable To Sustain An Unclean Hands Defense.**

Separately, In-N-Out argues that Smashburger has failed to allege "egregious conduct by In-N-Out" sufficient to support its Sixth Affirmative Defense.  Motion, at p. 15.  As a threshold matter, In-N-Out's argument misstates the law because there is no requirement that conduct be "egregious" to sustain an unclean hands defense.  However, even if the Court were to require a showing of "egregiousness," the argument is premature at this stage.

Neither Supreme Court nor Ninth Circuit precedent "requires that defendants prove that a plaintiff's conduct was 'egregious'" in order to succeed on an unclean hands defense." *Coca-Cola*, 166 F. Supp. 3d at 1097.  "Rather, a defendant must merely prove that the plaintiff engaged in 'inequitable' conduct that is sufficiently related to the subject matter of the plaintiff's claims." *Id.* at 1099.  This Court should decline to impose any additional pleading requirements here.

Second, even if the court were to apply the "egregiousness" standard invented by the district court in *Pom Wonderful*, 737 F. Supp. 2d at 113–14, false advertising has been repeatedly held to be sufficiently inequitable to provide a basis for the invocation of unclean hands.  *Procter & Gamble Co. v. Ultreo, Inc.*, 574 F.Supp.2d 339, 354–56 (S.D.N.Y. 2008) (applying unclean hands doctrine where plaintiff had engaged in the same type of false advertising as the defendant); *Coca-Cola*, 166 F. Supp. 3d at 1098–99 (same).  Smashburger has adequately pleaded that In-N-Out has engaged in misleading advertising, and thus it has alleged sufficiently harmful, inequitable conduct to support an unclean hands defense at this stage.

Third, any evaluation of "egregiousness" is not proper for resolution on the pleadings.  All of In-N-Out's arguments on this point rely on evidentiary considerations regarding how consumers are "likely" to interpret its advertising claims and the extent of the harm to the public interest.  Motion, at 16: 24–26.

1  Indeed, *Pom Wonderful*—the sole case that requires "egregiousness" and the sole

2  case that In-N-Out relies on for this proposition—was decided at the summary

3  judgment stage. 737 F. Supp. 2d at 113–14. The court ultimately determined, after

4  reviewing reams of deposition transcripts and exhibits produced by the parties in

5  discovery, that there was not sufficient evidence to show that the conduct was

6  sufficiently harmful to the public, *i.e.* sufficiently "egregious," to sustain the

7  unclean hands defense. *Id.*

8        Thus, In-N-Out cannot defeat the unclean hands defense on the pleading by

9  making factual arguments regarding what it believes is "egregious."

10       **E.    Smashburger's Sixth Affirmative Defense Is Not Unduly**

11            **Prejudicial.**

12       In-N-Out's final, last-ditch argument is that the Sixth Affirmative Defense

13  should be stricken because it would require discovery as to "irrelevant issues that

14  would not affect the outcome of this case." Motion, at 17:5–6. Essentially, In-N-

15  Out argues that it should not have to produce discovery because it does not believe

16  that Smashburger will prevail on the Sixth Affirmative Defense.

17       This is, of course, not a basis for striking the defense. "Parties may obtain

18  discovery regarding any nonprivileged matter that is relevant to any party's claim

19  or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

20       Accordingly, because Smashburger has adequately pleaded its Sixth

21  Affirmative Defense, and this defense pertains directly to Smashburger's ability to

22  maintain a defense against In-N-Out's false advertising claim, In-N-Out is not

23  unfairly prejudiced by discovery obligations related to the Sixth Affirmative

24  Defense. *In Re Zicam Cold Remedy Mktg.*, No. MDL 09-2096-PHX-FJM, 2010

25  WL 3155258, at *2 (D. Ariz. Aug. 6, 2010) (finding no prejudice arising from

26  discovery obligations related to defendant's misuse defense where plaintiffs failed

27  to show that "under no set of circumstances could the defense succeed").

28

1    It is ironic that In-N-Out is complaining about having to produce discovery in

2    response to a single affirmative defense.  Indeed, in its motion for leave to add an

3    entire new false advertising claim at the eleventh hour, In-N-Out argued that

4    "Smashburger cites no authority that a party suffers prejudice because an

5    amendment adds new legal claims or makes new facts relevant."  Dkt. No. 103, at

6    9:21-23.  In-N-Out's argument should be rejected out of hand.

7    **F.    To The Extent This Court Finds The Pleading Insufficient, Leave**

8    **To Amend Should Be Granted.**

9    To the extent this Court finds that Smashburger's Sixth Affirmative Defense

10   should be stricken, Smashburger respectfully requests leave to amend its defense.

11   "Unless it would prejudice the opposing party, courts freely grant leave to amend

12   stricken pleadings."  *Roe*, 289 F.R.D. at 608.  *See GCCFC 2005-GG5 Hegenberger*

13   *Retail Ltd. P'ship v. Arce*, No. 17-CV-03854-SI, 2018 WL 2357703, at *3 (N.D.

14   Cal. May 24, 2018) (granting leave to amend stricken affirmative defense of

15   unclean hands); *Arisma Grp., LLC v. Trout & Zimmer, Inc.*, No. 3:08-CV-1268-L,

16   2009 WL 10704702, at *1 (N.D. Tex. Oct. 23, 2009) (same).

17   **IV.    CONCLUSION**

18   Smashburger has adequately pleaded its Sixth Affirmative Defense as it

19   relates to In-N-Out's false advertising.  Further, the misconduct that Smashburger

20   alleges against In-N-Out is closely related to the misconduct that In-N-Out alleges

21   against Smashburger.  Because the Sixth Affirmative Defense is relevant and

22   critical to Smashburger's defense against In-N-Out's false advertising claim,

23   discovery of related materials is not unduly burdensome or prejudicial.

24   Accordingly, this Court should deny In-N-Out's motion.

25   In the alternative, leave to amend should be granted.

26

27

28

{173274.3}

14

1    Dated: November 26, 2018                    UMBERG ZIPSER

2

3                                                By: _____

4                                                     Mark A. Finkelstein

5                                                Attorneys for Defendants
                                                 SMASHBURGER IP HOLDER LLC,
6                                                AND SMASHBURGER
                                                 FRANCHISING LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE BY E-MAIL**

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1920 Main Street, Suite 750, Irvine, California 92614.

On November 26, 2018, I served a copy of the within document(s):

**DEFENDANTS AND COUNTER-CLAIMANTS SMASHBURGER IP HOLDER LLC AND SMASHBURGER FRANCHISING LLC'S OPPOSITION TO MOTION TO STRIKE PORTIONS OF SIXTH AFFIRMATIVE DEFENSE OF UNCLEAN HANDS BY PLAINTIFF AND COUNTER-DEFENDANT IN-N-OUT BURGERS**

By e-mailing a copy thereof to the following individual(s) at the following e-mail addresses:

> CAROLYN S. TOTO (SBN 233825)
> carolyn.toto@pillsburylaw.com
> JEFFREY D. WEXLER (SBN 132256)
> jeffrey.wexler@pillsburylaw.com
> SARKIS A. KHACHATRYAN (SBN 293991)
> sarkis.khachatryan@pillsburylaw.com
> PILLSBURY WINTHROP SHAW PITTMAN LLP
> 725 South Figueroa Street, Suite 2800
> Los Angeles, CA 90017-5406
> Telephone: (213) 488-7100
> Facsimile No.: (213) 629-1033

I declare under penalty of perjury that the above is true and correct.

Executed on November 26, 2018, at Irvine, California.

_____
Shawn Beem

Case No. 8:17-cv-01474-JVS-DFM
OPPOSITION TO MOTION TO STRIKE