1    CAROLYN S. TOTO (SBN 233825)
     carolyn.toto@pillsburylaw.com
2    JEFFREY D. WEXLER (SBN 132256)
     jeffrey.wexler@pillsburylaw.com
3    SARKIS A. KHACHATRYAN (SBN 293991)
     sarkis.khachatryan@pillsburylaw.com
4    PILLSBURY WINTHROP SHAW PITTMAN LLP
     725 South Figueroa Street, Suite 2800
5    Los Angeles, CA  90017-5406
     Telephone: (213) 488-7100
6    Facsimile No.: (213) 629-1033

7    Attorneys for Plaintiff and Counterdefendant
     In-N-Out Burgers

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                        SOUTHERN DIVISION
11

12   IN-N-OUT BURGERS, a California          Case No. 8:17-cv-1474-JVS-DFM
     corporation,
13                                           **PLAINTIFF AND
                       Plaintiff,            COUNTERDEFENDANT IN-N-
14                                           OUT BURGERS' REPLY
            vs.                              MEMORANDUM OF POINTS AND
15                                           AUTHORITIES IN SUPPORT OF
     SMASHBURGER IP HOLDER LLC, a            MOTION TO STRIKE PORTIONS
16   Delaware limited liability company; and OF SIXTH AFFIRMATIVE
     SMASHBURGER FRANCHISING LLC,            DEFENSE OF UNCLEAN HANDS
17   a Delaware limited liability company,   OF DEFENDANTS AND
                                             COUNTERCLAIMANTS
18                     Defendants.           SMASHBURGER IP HOLDER LLC
                                             AND SMASHBURGER
19   ──────────────────────────             FRANCHISING LLC**

20   SMASHBURGER IP HOLDER LLC,
21   and SMASHBURGER FRANCHISING            Date:      December 17, 2018
     LLC,                                   Time:      1:30 p.m.
22                                          Courtroom: 10C
                       Counterclaimants,
23                                          Judge:  Hon. James V. Selna
            vs.
24
     IN-N-OUT BURGERS,
25
                       Counterdefendant.
26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ..................................................................................... 1

LEGAL STANDARD ............................................................................... 2

ARGUMENT ............................................................................................ 5

I.   DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE MUST BE STRICKEN FOR FAILURE TO PLAUSIBLY PLEAD FRAUD UNDER RULE 8 OR RULE 9(b). ................................................................... 5

    A.   Defendants' Sixth Affirmative Defense Fails to Plausibly Plead In-N-Out's "No Additives, Fillers or Preservatives" Statement is False or Misleading. .................................................................. 6

    B.   Defendants' Sixth Affirmative Defense Fails to Plausibly Plead In-N-Out's "Freshness" Statement is False or Misleading. ........... 8

II.  DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE IS NEITHER CLOSELY RELATED TO IN-N-OUT'S FALSE ADVERTISING CLAIM NOR SUFFICIENTLY EGREGIOUS TO SUSTAIN AN UNCLEAN HANDS DEFENSE. ................................................. 10

    A.   In-N-Out's Alleged Advertising is Not the Same as Defendants' Advertising. ................................................................................ 10

    B.   In-N-Out's Alleged False Advertising is Not Sufficiently Egregious to Support Unclean Hands. ....................................... 13

III. DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE WILL ALLOW UNFOUNDED DISCOVERY. ...................................................... 14

IV.  DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE SHOULD BE STRICKEN WITHOUT LEAVE TO AMEND. ............................ 15

CONCLUSION ....................................................................................... 15

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Alfasigma USA, Inc. v. Nivagen Pharm., Inc.*,
No. 2:17-CV-01974-MCE (GGH),
2018 WL 4409350 (E.D. Cal. Sept. 17, 2018) ...................................................8

*Amarel v. Connell*,
102 F.3d 1494 (9th Cir. 1996) ...........................................................................3

*American Italian Pasta Co. v. New World Pasta Co.*,
371 F.3d 387 (8th Cir. 2004) ..............................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .........................................................................2, 3, 4, 14

*Ang v. Bimbo Bakeries USA, Inc.*,
No. 13-CV-01196-WHO,
2013 WL 5407039 (N.D. Cal. Sept. 25, 2013) ..............................................8, 9

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................ 2, 3, 4, 14

*Brenner v. Procter & Gamble Co.*,
No. SACV-16-1093-JLS (JCG),
2016 WL 8192946 (C.D. Cal. Oct. 20, 2016) ....................................................4

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011) ...........................................................................4

*Certified Neutraceuticals, Inc. v. Avicenna Neutraceutial, LLC*,
No. 3:16-cv-02810-BEN-BGS,
2018 WL 3618243 (S.D. Cal. July 30, 2018) .................................................. 10

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F.3d 1034 (9th Cir. 2011) .........................................................................15

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016) ...................................................................5, 6, 15

*Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*,
No. C 14-0437 CW, 2016 WL 304764 (N.D. Cal. Jan. 26, 2016)....................4

*Insurance Co. of the State of Pa. v. Citizens of Humanity, LLC*,
No. SACV 13-01564 JVS (DFMx),
2014 WL 12689271 (C.D. Cal. Feb. 24, 2014) ..................................................3

*Instant Checkmate, Inc. v. Background Alert, Inc.*,
No. 3:14-CV-01182-MMA-DHB,
2014 WL 12526275, at *5 (S.D. Cal. Dec. 5, 2014) .....................................5, 7

1

# TABLE OF AUTHORITIES
## (cont'd)

2

Page(s)

3

*Jones v. ConAgra Foods, Inc.*,
   912 F. Supp. 2d 889 (N.D. Cal. 2012) ............................................. 9

4

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ....................................................... 4

5

6

*Lokai Holdings LLC v. Twin Tiger USA LLC*,
   306 F. Supp. 3d 629 (S.D.N.Y. 2018) ........................................... 12

7

*Mead-Johnson & Co. v. Abbott Labs.*,
   201 F.3d 883 (7th Cir.), *opinion amended on
   denial of reh'g*, 209 F.3d 1032 (7th Cir. 2000) ............................. 7

8

9

*Naimi v. Starbucks Corp.*,
   No. CV 17-6484-VAP (GJSx),
   2018 U.S. Dist. LEXIS 110398 (C.D. Cal. June 27, 2018) ......... 5, 6

10

11

*Nestle USA, Inc. v. Crest Foods, Inc.*,
   No. LACV 16-07519-JAK-AFMx,
   2017 WL 3267665 (C.D. Cal. July 28, 2017) ................................. 3

12

13

*Newcal Indus., Inc. v. Ikon Office Solutions*,
   513 F.3d 1038 (9th Cir. 2008) ....................................................... 5

14

*Northbay Wellness Grp., Inc. v. Beyries*,
   789 F.3d 956 (9th Cir. 2015) ....................................................... 14

15

16

*Pfizer, Inc. v. Int'l Rectifier Corp.*,
   685 F.2d 367 (9th Cir. 1982) ....................................................... 13

17

*Pom Wonderful LLC v. Coca Cola Co.*,
   166 F. Supp. 3d 1085 (C.D. Cal. 2016) ........................ 10, 11, 13, 14

18

19

*Pom Wonderful LLC v. Welch Foods, Inc.*,
   737 F. Supp. 2d 1105 (C.D. Cal. 2010) ........................ 10, 11, 12, 13

20

*Procter & Gamble Co. v. Ultreo, Inc.*,
   574 F. Supp. 2d 339 (S.D.N.Y. 2008) ...................................... 13, 14

21

22

*Red v. Kraft Foods, Inc.*,
   No. CV 10-1028-GW (AGRx),
   2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) ................................. 9

23

24

*Rembrandt Diagnostics, LP v. Innovacon, Inc.*,
   No. 3:16-cv-0698 CAB (NLS),
   2018 WL 1001097 (S.D. Cal. Feb. 21, 2018) ............................... 11

25

26

*Salazar v. Honest Tea, Inc.*,
   No. 2:13-CV-02318-KJM (EFB),
   2015 WL 7017050 (E.D. Cal. Nov. 12, 2015) ................................. 9

27

28

-iii-

PLAINTIFF IN-N-OUT BURGERS' REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE
Case No 8:17-cv-1474-JVS-DFM

4843-2981-9265

**<u>TABLE OF AUTHORITIES</u>**
**(cont'd)**

**Page(s)**

*Schutte & Koerting, Inc. v. Swett & Crawford,*
   298 F. Appx. 613 (9th Cir. 2008) ........................................................................ 3

*Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.,*
   621 F.3d 981 (9th Cir. 2010) .............................................................................. 11

*Spann v. J.C. Penney Corp.,*
   No. SACV-12-0215-FMO-RNBx,
   2015 WL 11072165 (C.D. Cal. July 16, 2015) ................................................. 14

*Stokely-Van Camp, Inc. v. Coca Cola Co.,*
   646 F. Supp. 2d 510 (S.D.N.Y. 2009) .............................................................. 11

*U-Haul Int'l, Inc. v. Jartran, Inc.,*
   522 F. Supp. 1238 (D. Ariz. 1981),
   *aff'd*, 681 F.2d 1159 (9th Cir. 1982) ................................................................ 11

*Videtto v. Kellogg USA,*
   No. 2:08-cv-01324-MCE-DAD,
   2009 WL 1439086 (E.D. Cal. May 21, 2009) .................................................... 9

*Vogel v. Linden Optometry APC*, No. CV 13–00295 GAF (SHx),
   2013 WL 1831686 (C.D. Cal. Apr. 30, 2013) .................................................... 2

**<u>RULES</u>**

Federal Rules of Civil Procedure
   Rule 8 ......................................................................................................... 2, 3, 4
   Rule 8(c) ............................................................................................................ 2
   Rule 9(b) ............................................................................................................ 4
   Rule 11 ............................................................................................................... 9
   Rule 12 .......................................................................................................... 5, 7

-iv-

PLAINTIFF IN-N-OUT BURGERS' REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE
Case No 8:17-cv-1474-JVS-DFM

4843-2981-9265

## **INTRODUCTION**

In its motion to strike [Dkt. 131-1], Plaintiff and Counterdefendant In-N-Out Burgers ("In-N-Out") raised three independent grounds for striking the Sixth Affirmative Defense of unclean hands asserted by Defendants and Counterclaimants Smashburger IP Holder LLC and Smashburger Franchising LLC (collectively, "Defendants"): (1) Defendants are improperly characterizing In-N-Out's statements of "No Additives, Fillers or Preservatives" in its ground beef as representations on the issue whether living cattle were fed antibiotics, and its statements as to "fresh" food as representations that In-N-Out's food is healthy, while neither of these statements make the representations that Defendants suggest; (2) In-N-Out's false advertising claim that Defendants mislead consumers as to the ***amount*** of beef in their Triple Double products has no connection whatsoever to Defendants' attack on In-N-Out's advertising for "No Additives, Fillers or Preservatives" or "fresh," making Defendants' defense of unclean hands inapplicable as a matter of law; and (3) In-N-Out's alleged advertising is not sufficiently egregious to support the application of unclean hands as a matter of law.

Defendants respond by first asserting that their affirmative defense satisfies pleading requirements as long as it puts In-N-Out on notice of the basis for the defense, and that the Court cannot now determine whether In-N-Out's alleged advertising is false or misleading. However, there is no authority, from Defendants or otherwise, showing that Defendants can satisfy pleading requirements with merely an unsupported allegation that consumers might somehow interpret a statement as meaning something that it does not. Defendants next argue that any advertising concerning competing products is sufficiently related to support a defense of unclean hands; this is not the law. Finally, Defendants contend that any sort of false advertising is inequitable enough to support a finding of unclean hands; however, even if there was any merit to Defendants' arguments that consumers could somehow be misled by In-N-Out's advertising – and there is not – this pales in

-1-

4843-2981-9265

PLAINTIFF IN-N-OUT BURGERS' REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE
Case No 8:17-cv-1474-JVS-DFM

comparison to Defendants' flatly false representations as to "Double the Beef," and cannot as a matter of law support their unclean hands defense.

Defendants' Sixth Affirmative Defense of unclean hands is a meritless attempt to distract from their own false advertising, to create a path for intrusive discovery, and to blur the basic issues of this case.  In-N-Out has presented a clear basis for liability: Defendants' use of "Triple Double" infringes In-N-Out's "Double-Double" and related family of marks; and Defendants' "Double the Beef" statement deceives customers who are receiving the same amount of beef in their Triple Double burgers as in their single burgers.  Because Defendants know this simplicity hurts their credibility and defenses, they seek to use diversion tactics to confuse the basis of liability and to create a side show that has no real bearing on their conduct at issue. The Court should strike the Sixth Affirmative Defense (except for the last sentence) to eliminate Defendants' extraneous and factually unsupportable claims.

## LEGAL STANDARD

**Rule 8.**  In arguing that an affirmative defense is sufficient under Fed. R. Civ. P. 8 as long as it gives the plaintiff fair notice of the defense, *see* Dkt. 135 at 2:27 – 3:13, Defendants disregard the fact that, as shown by the case they cite for the "fair notice" standard, "courts strike affirmative defenses that are insufficient as either a matter of pleading or a matter of law." *Vogel v. Linden Optometry APC*, No. CV 13–00295 GAF (SHx), 2013 WL 1831686, at *3 (C.D. Cal. Apr. 30, 2013).  An affirmative defense that gives "fair notice" of the nature and grounds of the defense is sufficient as a matter of pleading, but such defense may be insufficient as a matter of law.  In-N-Out's motion is based upon insufficiency as a matter of law.

Acknowledging that there is a split in authority as to whether *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 667-68 (2009), apply to the pleading of affirmative defenses, Defendants rely on

cases from 2013 and earlier in asking the Court to decline to apply those standards.[1]
*See* Dkt. 135 at 3:14 – 4:15.  However, more recent authority confirms that most
district courts in the Ninth Circuit have applied the heightened pleading
requirements to affirmative defenses.  *See*, *e.g.*, *Nestle USA, Inc. v. Crest Foods,
Inc.,* No. LACV 16-07519-JAK-AFMx, 2017 WL 3267665, at *22 (C.D. Cal. July
28, 2017) (most of the district courts to have considered the issue "[w]hether the
pleading of an affirmative defense is subject to the heightened pleading requirements
established by" *Twombly* and *Iqbal* "have decided that these standards apply").

In her Order declining to apply the *Twombly/Iqbal* standard in this case, Judge
Staton recognized the split in authority as to whether Rule 8 applies to affirmative
defenses, noted that the Ninth Circuit had not yet ruled on the issue, and opted to
follow her practice of not "apply[ing] the *Twombly/Iqbal* standard to affirmative
defenses."  Dkt. 49 at 3-4 (citing cases from 2011 and 2013).  By contrast, this Court
has previously found that *Twombly/Iqbal* applies to affirmative defenses, rejecting
the argument that the pre-*Twombly/Iqbal* standard remains applicable to affirmative
defenses.  *See Insurance Co. of the State of Pa. v. Citizens of Humanity, LLC*, No.
SACV 13-01564 JVS (DFMx), 2014 WL 12689271, at *3 & n.1 (C.D. Cal. Feb. 24,
2014).  Especially in light of the growing district court consensus as to the
applicability of *Twombly/Iqbal* to affirmative defenses, the Court is not bound to
follow Judge Staton's practice as to this pure issue of law rather than making its own
determination.  Indeed, even where a prior judge has rendered a substantive decision,
a successor judge has "no imperative duty to follow the earlier ruling" and remains
free to modify such decision at any time prior to final judgment.  *Amarel v. Connell*,
102 F.3d 1494, 1515 (9th Cir. 1996).

---

[1] *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 F. Appx. 613, 615 (9th Cir.
2008), found that an affirmative defense was subject to Fed. R. Civ. P. 8(c), without
addressing the potential applicability of *Twombly/Iqbal*.  *Cf. Nestle USA, Inc.*, 2017
WL 3267665, at *22 ("the Ninth Circuit has not yet addressed" the issue whether
*Twombly/Iqbal* applies to affirmative defenses).

**Rule 9(b).**  Defendants do not dispute the authority applying Fed. R. Civ. P.
9(b) to claims for false advertising, but they argue that Rule 9(b) is inapplicable
because "the false advertising allegations in the Sixth Affirmative Defense do not
sound in fraud" as they make no "allegations regarding In-N-Out's knowledge of the
falsity of its claims or its intent to defraud."  Dkt. 135 at 4:16 – 5:6.  However, the
Sixth Affirmative Defense alleges not only that In-N-Out's alleged false advertising
is "false and/or misleading" but that In-N-Out "knows this."  Dkt. 130 at 14:27 –
15:2.  Knowledge of falsity necessarily implies an intent to deceive.  Furthermore, as
Defendants implicitly acknowledge by arguing that a defendant claiming unclean
hands must have acted with fraud or deceit, *see* Dkt. 135 at 20:26 – 11:6, fraudulent
intent is an element of a claim of unclean hands in this case.[2]  The fact that
Defendants do not use the word "fraud" does not render Rule 9(b) inapplicable.  *See
Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*, No. C 14-0437 CW,
2016 WL 304764, at *3 (N.D. Cal. Jan. 26, 2016) (Rule 9(b) applied even though
defendant "may not use the word 'fraud'" because "it has alleged 'a unified course of
fraudulent conduct and relies entirely on that course of conduct as the basis of its
claims") (quoting *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009)).

In her Order declining to apply Rule 9(b) to In-N-Out's prior motion to strike,
Judge Staton relied on *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc*, 637 F.3d
1047, 1055 (9th Cir. 2011), as holding that "only *claims* are subject to both the
*Twombly/Iqbal* standard and Rule 9(b)'s particularity requirement."  Dkt. 49 at 4.
Because *Cafasso* did not address the issue whether Rule 9(b) applies to affirmative
defenses, In-N-Out respectfully submits that Judge Staton's Order is in error in
interpreting that case as resolving such issue.

---

[2] By contrast, Rule 9(b) did not apply to the state law statutory claims asserted in
*Brenner v. Procter & Gamble Co.*, No. SACV-16-1093-JLS (JCG), 2016 WL
8192946, at *4 (C.D. Cal. Oct. 20, 2016), because those claims did not require an
intent to defraud.

4843-2981-9265

1

## ARGUMENT

2

### I.   DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE MUST BE STRICKEN FOR FAILURE TO PLAUSIBLY PLEAD FRAUD UNDER RULE 8 OR RULE 9(b).

3

4

Defendants argue that the Sixth Affirmative Defense satisfies *Twombly/Iqbal*

5

and Rule 9(b) because it gives In-N-Out sufficient notice of the basis of Defendants'

6

claims to allow them to respond.  *See* Dkt. 135 at 5:12-27.  As discussed above,

7

Defendants' argument ignores the fact that a pleading can be insufficient as a matter

8

of law.

9

Defendants claim that "'[t]he Ninth Circuit has unequivocally held [that] the

10

question of whether a particular statement is false and misleading is a question of

11

fact that is inappropriate for adjudication' on the pleadings."  *Id.* at 6:7-12 (quoting

12

*Instant Checkmate, Inc. v. Background Alert, Inc.*, No. 3:14-CV-01182-MMA-DHB,

13

2014 WL 12526275, at *5 (S.D. Cal. Dec. 5, 2014)).  However, both *Instant*

14

*Checkmate* and the Ninth Circuit case upon which it relied found that the pleading

15

presented factual issues requiring denial of a Rule 12 motion.  *See Newcal Indus.,*

16

*Inc. v. Ikon Office Solutions*, 513 F.3d 1038, 1053-54 (9th Cir. 2008) (dismissal

17

improper because "there remain[ed] a factual question of whether the statement was

18

intentionally *misleading* at the time it was made"); *Instant Checkmate, Inc.*, 2014

19

WL 12526275, at *5 (statements might be misleading).

20

In any event, the Ninth Circuit subsequently in *Ebner v. Fresh, Inc.*, 838 F.3d

21

958 (9th Cir. 2016), made it clear that claims of false advertising, like other claims,

22

may be dismissed pursuant to Rule 12 if they are implausible.  In that case, the Ninth

23

Circuit affirmed the Court's grant of a Rule 12 motion against a false advertising

24

claim on the ground that the plaintiff "cannot plausibly allege that the omission of

25

supplemental disclosures about product weight rendered Sugar's label 'false or

26

misleading' to the reasonable consumer."  *Id.* at 961-62, 965.  *See Naimi v. Starbucks*

27

*Corp.*, No. CV 17-6484-VAP (GJSx), 2018 U.S. Dist. LEXIS 110398, at *22-24, 34

28

(C.D. Cal. June 27, 2018) (dismissing California false advertising law claims because plaintiff "does not allege plausible facts sufficient to support a determination that a reasonable consumer could be deceived by Defendants' practices or advertising").

Defendants cannot save their claim by arguing that some consumers might conceivably interpret In-N-Out's statements as saying something about antibiotics or healthfulness. A false advertising claim "requires more than a mere possibility that [the advertising] might conceivably be understood by some few consumers viewing it in an unreasonable manner." *Ebner*, 838 F.3d at 964. Thus, the Court may properly strike Defendants' allegations of unclean hands based upon alleged false advertising because such allegations do not plausibly allege that consumers could interpret In-N-Out's statements in the manner alleged by Defendants.

A. **Defendants' Sixth Affirmative Defense Fails to Plausibly Plead In-N-Out's "No Additives, Fillers or Preservatives" Statement is False or Misleading.**

In arguing that the Court should not strike their contention that the statement "No Additives, Fillers or Preservatives" supports a defense of unclean hands, Defendants assert that "the claim that In-N-Out's meat is free from 'additives, fillers, or preservatives' could be treated by consumers as synonymous with a claim that the meat is free from any added substances or byproducts of those substances, including antibiotics that are added during the raising of the animals and that remain in the meat upon sale to the consumer." Dkt. 135 at 6:12 – 7:17. However, Defendants cannot and do not provide any reasonable basis as to how In-N-Out's statement of "No Additives, Fillers or Preservatives" in its ground beef could plausibly be interpreted as representing that the living ranch cattle eventually used for In-N-Out's beef supply were not treated with antibiotics.

Defendants attack In-N-Out's citation to Webster's Dictionary definitions of "additive," "filling," and "preservative" as "cherry-pick[ing]," *id.* at 6:23-27, but they provide no evidence that such terms have definitions other than those offered by

-6-

In-N-Out.[3]  Instead, Defendants essentially argue that dictionary definitions are irrelevant because consumers might conceivably interpret such terms in a manner that differs from their dictionary definitions, suggesting that In-N-Out has the burden of introducing evidence that consumers will not apply their own definitions to such terms.  *See id.* at 6:21 – 7:17.  However, the courts have rejected attempts to base false advertising claims under the Lanham Act on survey evidence showing that some consumers interpret terms in a manner differing from the dictionary definition of such terms.  *See American Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 393-94 (8th Cir. 2004) (rejecting use of consumer survey to "subject[] the advertiser or manufacturer to unintended liability for a wholly unanticipated claim the advertisement's plain language would not support"); *Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 885-87 (7th Cir.) ("never before has survey research been used to determine the meaning of words, or to set the standard to which objectively verifiable claims must be held"; "[a] 'misunderstood' statement is not the same as one designed to mislead"), *opinion amended on denial of reh'g*, 209 F.3d 1032 (7th Cir. 2000).  Thus, Defendants' unexplained contention that consumers might misunderstand the statement "No Additives, Fillers or Preservatives" as a reference to antibiotics cannot avoid a Rule 12 motion.  In-N-Out has not "added" antibiotics to its ground beef; In-N-Out is not "filling" its ground beef with antibiotics; and In-N-Out is not "preserving" its ground beef with antibiotics.  There is no reasonable basis for Defendants to make a connection between antibiotics and these terms here.

In *Instant Checkmate, Inc.,* 2014 WL 12526275, at *4-5, relied upon by Defendants, the statements at issue were susceptible on their face to the

---

[3] In-N-Out notes that the 1987 dictionary is the one that has been in its attorney's office since he started practicing law in 1988.  On Merriam-Webster's website (https://www.merriam-webster.com/), the same definitions appear for "filler" and "preservative."  The definition of "additive" is slightly shorter: "a substance added to another in relatively small amounts to effect a desired change in properties."

4843-2981-9265

interpretations urged by the plaintiff. *See id.* at *5 (the phrase "featured by" could be deemed to be "synonymous with approval or endorsement," and the phrase "driving records" could be deemed to include records maintained by the DMV). That court was not asked to make an untenable leap like that urged here by Defendants, who claim that the statement "No Additives, Fillers or Preservatives" can plausibly be interpreted to mean "antibiotic-free." *Alfasigma USA, Inc. v. Nivagen Pharm., Inc.*, No. 2:17-CV-01974-MCE (GGH), 2018 WL 4409350, at *5 (E.D. Cal. Sept. 17, 2018), also cited by Defendants, dismissed one of the plaintiff's false advertising claims based on the failure to allege a factual basis for the claim that the designation was false or otherwise improper. *See id.* Here, too, Defendants have failed to allege a factual basis for their claim of falsity.

In arguing that the FDA's website indicates that withdrawal times may allow some residual of antibiotics in slaughtered meat, *see* Dkt. 135 at 7:18 – 8:12, Defendants ignore the facts that the FDA regulations confirm that antibiotics are used only during the life of the cattle, that the regulations are in place to prevent residual antibiotics in the beef, and that the beef would not be materially affected even if in some instances residual antibiotics might remain in the beef. Thus, if antibiotics administered to cattle could somehow be deemed to constitute an "additive, filler, or preservative" – and Defendants have failed to make any argument to that effect – the alleged representation would not even be material.

**B.    Defendants' Sixth Affirmative Defense Fails to Plausibly Plead In-N-Out's "Freshness" Statement is False or Misleading.**

In asking the Court to deny In-N-Out's motion to strike with regard to statements concerning freshness, Defendants cite no authority suggesting consumers could plausibly construe In-N-Out's "freshness" statements as representations as to healthfulness. *See* Dkt. 135 at 8:15 – 10:13. The two cases cited by Defendants addressed claims that products advertised as fresh were not in fact fresh, without saying anything about whether freshness implies healthfulness. *See Ang v. Bimbo*

-8-

4843-2981-9265

PLAINTIFF IN-N-OUT BURGERS' REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE
Case No 8:17-cv-1474-JVS-DFM

*Bakeries USA, Inc.*, No. 13-CV-01196-WHO, 2013 WL 5407039, at *8 (N.D. Cal. Sept. 25, 2013) (claim that the defendant's use of the terms "fresh" and "baked daily" was false or misleading where the defendant used preservatives in its baked goods, which had a long shelf-life); *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 893, 900 (N.D. Cal. 2012) (claim that the defendant "falsely represent[ed] foods to be fresh or have a 'fresh taste'").[4]

Defendants argue that "the key to the" analysis of *Red v. Kraft Foods, Inc.*, No. CV 10-1028-GW AGRx, 2012 WL 5504011, at *3-4 (C.D. Cal. Oct. 25, 2012), "is whether, in the context of the particular product, the advertising claim is meaningful to consumers." Dkt. 135 at 8:24 – 9:10.  This attempted distinction does not help Defendants.  Defendants make no plausible attempt to explain how, in the context of a quick-service restaurant that serves burgers, fries, shakes, and drinks, consumers are likely to believe that the products are healthful simply because they are fresh.  *Salazar v. Honest Tea, Inc.*, No. 2:13-CV-02318-KJM (EFB), 2015 WL 7017050, at *10 (E.D. Cal. Nov. 12, 2015), cited by Defendants, cites *Red* for the proposition that "courts have dismissed claims when allegations of deception were implausible on their face and went against 'well-known facts of life.'"  *Id.  See Videtto v. Kellogg USA*, No. 2:08-cv-01324-MCE-DAD, 2009 WL 1439086, at *3 (E.D. Cal. May 21, 2009) (dismissing claims because it was unlikely members of the public would believe that Froot Loops cereal contains real, nutritious fruit).

Defendants argue that "In-N-Out has a wide array of fast-food products on its menu, so the 'freshness' label applies broadly and ambiguously." Dkt. 135 at 9:14-2. However, Defendants have not alleged that In-N-Out has a wide array of fast-food products on its menu, and they cannot do so consistent with Fed. R. Civ. P. 11, given

---

[4] Defendants characterize *Jones*, 912 F. Supp. 2d at 893, as "finding 'freshness' claims could be plausibly misleading where the defendant falsely represented that its foods were also 'free of artificial ingredients and preservatives.'" Dkt. 135 at 9:22-25.  *Jones* indicated both representations were made, but did not link its holding on freshness to the other representation.  *See Jones*, 912 F. Supp. 2d at 893, 900.

4843-2981-9265

that In-N-Out is famous for having a very limited menu of only burgers/ cheeseburgers, fries, shakes, and drinks.  Moreover, it is a "well-known fact of life" that consumers do not eat food at In-N-Out or other quick-service burger establishments based on a reasonable belief that such food is healthful, regardless of whether it is characterized as "fresh."

Finally, Defendants do not dispute that under FDA regulations the term "fresh" is not a health claim, but they assert that consumers could nonetheless interpret "fresh" as implying healthfulness.  *See* Dkt. 135 at 10:5-11.  Because the FDA regulations confirm the common understanding that "fresh" is not the equivalent of "healthful," Defendants cannot defeat the motion to strike by arguing that some consumers might misunderstand the term as referring to healthfulness.

## II. DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE IS NEITHER CLOSELY RELATED TO IN-N-OUT'S FALSE ADVERTISING CLAIM NOR SUFFICIENTLY EGREGIOUS TO SUSTAIN AN UNCLEAN HANDS DEFENSE.

### A. In-N-Out's Alleged Advertising is Not the Same as Defendants' Advertising.

In response to In-N-Out's argument that Defendants' unclean hands defense fails because their false advertising as to the amount of beef in their product is different in kind from In-N-Out's alleged representations as to antibiotics and healthfulness, Defendants argue that the standard is different than that urged by In-N-Out and that any type of false advertising concerning the same products is sufficiently related to support a defense of unclean hands.  *See* Dkt. 135 at 10:23 – 11:27.  Defendants are wrong on both fronts.

Defendants claim, *see id.* at 10:26 – 11:6, that the statement in *POM Wonderful LLC v. Welch Foods, Inc.* ("*Welch Foods*"), 737 F. Supp. 2d 1105, 1110 (C.D. Cal. 2010), that the alleged misconduct must be "directly related to plaintiff's use or acquisition of the right in suit," *id.*, was contradicted by the statement in *POM Wonderful LLC v. Coca-Cola Co.* ("*Coca-Cola*"), 166 F. Supp. 3d 1085, 1095 (C.D.

-10-

PLAINTIFF IN-N-OUT BURGERS' REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE
Case No 8:17-cv-1474-JVS-DFM

4843-2981-9265

1    Cal. 2016), that the Ninth Circuit does not require a "direct relation" for purposes of

2    unclean hands," *see id.*  However, more recent cases continue to apply the "direct

3    relation" standard set forth in *Welch Foods*.  *See*, *e.g.*, *Rembrandt Diagnostics, LP v.*

4    *Innovacon, Inc.* No. 3:16-cv-0698 CAB (NLS), 2018 WL 1001097, at *4 (S.D. Cal.

5    Feb. 21, 2018) (citing *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate*

6    *Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010)).

7            In any event, *Coca Cola* recognized that "although 'precise similarity'

8    between the plaintiff's inequitable conduct and the plaintiff's claims is not required,

9    the misconduct 'must be "relative to the matter in which [the plaintiff] seeks

10   relief,"'" or "stated more clearly, the defense should only be applied where some

11   unconscionable act of one coming for relief has ***immediate and necessary*** relation to

12   the equity that he seeks in respect of the matter in litigation." *Coca-Cola*, 166 F.

13   Supp. 3d at 1092 (quoting *Welch Foods*, 737 F. Supp. 2d at 1110, and *U-Haul Int'l,*

14   *Inc. v. Jartran, Inc.*, 522 F. Supp. 1238, 1254 (D. Ariz. 1981), *aff'd*, 681 F.2d 1159

15   (9th Cir. 1982)) (emphasis added).  *See Certified Nutraceuticals, Inc. v. Avicenna*

16   *Nutraceutical, LLC*, No. 3:16-cv-02810-BEN-BGS, 2018 WL 3618243, at *4 (S.D.

17   Cal. July 30, 2018); *Rembrandt Diagnostics,* 2018 WL 1001097, at *4 (requiring

18   immediate and necessary relation).

19           Defendants cite no authority in support of the proposition that the unclean

20   hands doctrine applies simply because a defense pertains "to the very same type of

21   conduct (false advertising in order to gain a competitive advantage), and the parties'

22   very same competing products (their burgers)." Dkt. 135 at 11:7-27.  In *Coca-Cola*,

23   166 F. Supp. 3d at 1094-96, both the plaintiff and the defendant made advertising

24   claims as to the health benefits of pomegranate juice. *See id.*  In *Stokely-Van Camp,*

25   *Inc. v. Coca Cola Co.*, 646 F. Supp. 2d 510, 533-34 (S.D.N.Y. 2009), both parties

26   advertised the presence of calcium and magnesium in their sports drinks. *See id.*

27           Defendants do not address three of the cases cited by In-N-Out, *see* Dkt. 131-1

28   at 13:19 – 14:7, as having rejected an unclean hands defense where the conduct

-11-

underlying the defense differed from the conduct underlying the affirmative claim for false advertising.  Nor do they dispute In-N-Out's showing, *see id.* at 14:8-24, that *Welch Foods*, 737 F. Supp. 2d at 1110, held that three of Pom's advertising claims claimed by Welch to constitute unclean hands were not sufficiently related to Welch's advertising claims challenged by Pom to support an unclean hands defense. Because *Welch Foods* involved "the very same type of conduct (false advertising in order to gain a competitive advantage), and the parties' very same competing products (their [juices])," Dkt. 135 at 11:13-16, it is apparent that Defendants' formulation of the law is inconsistent with the law as set forth by the Central District in *Welch Foods*.

In *Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 646-47 (S.D.N.Y. 2018), the court explicitly rejected the argument that "with respect to claims for false advertising and unfair competition, a plaintiff who is guilty of any alleged false advertising or deceptive trade practices cannot obtain equitable relief." *Id.*  The court recognized that factually similar misconduct alone is not sufficient to create the "nexus between the doctrine and the subject matter of the litigation"; to the contrary, "[b]ecause misconduct requires an immediate and necessary relation to the equity that plaintiff seeks in respect of the matter in litigation, unclean hands requires that a plaintiff must have engaged in the same behavior it accuses the defendant of conducting." *Id.* (internal quotes omitted).  In that case, even though defendant's unclean hands defense and plaintiff's false advertising claim could be broadly described as relating to the water in the parties' bracelets (the plaintiff challenged the defendants' claim that the water in its bracelets came from the mountains, and the defendant challenged the plaintiff's failure to disclose that the water in its bracelets evaporated over time), the court found the subject matters of the defense and the claim to be insufficiently related and granted defendants' motion to strike.  *See id.*

Here, there is no immediate and necessary relation between the Sixth Affirmative Defense and In-N-Out's false advertising claim.  In-N-Out's false

-12-

advertising claim based on Defendants' misrepresentation of the amount of beef in their product has nothing to do with whether consumers would be misled about antibiotics or freshness. The Court should decline Smashburger's invitation to write the relatedness requirement out of the law.

### B.    In-N-Out's Alleged False Advertising is Not Sufficiently Egregious to Support Unclean Hands.

Defendants miss the point in arguing that "egregiousness" is not a required element for invoking unclean hands even though that term was used in *Welch Foods*. *See* Dkt. 135 at 12:3 – 13:9. *Coca-Cola*, the primary case relied upon by Defendants, stated that unclean hands may be found based only on "'wrongfulness, willfulness, bad faith, or gross negligence.'" *Coca-Cola*, 166 F. Supp. 3d at 1092 (quoting *Pfizer, Inc. v. Int'l Rectifier Corp.*, 685 F.2d 357, 359 (9th Cir. 1982)). This is the type of conduct that *Welch Foods* properly characterized as egregious.

Defendants also miss the point in asserting that "false advertising has been repeatedly held to be sufficiently inequitable to provide a basis for the invocation of unclean hands." Dkt. 135 at 12:15-24. The court in *Procter & Gamble Co. v. Ultreo, Inc.*, 574 F. Supp. 2d 339, 354-56 (S.D.N.Y. 2008), cited the unclean hands doctrine and stated that the plaintiffs could not demonstrate irreparable harm supporting a preliminary injunction against the same type of advertising in which they had engaged. *See id.* Far from holding that every claim of false advertising is sufficient to support an unclean hands defense, the *Coca-Cola* court engaged in extensive analysis of whether the plaintiff's alleged false advertising was sufficiently egregious to support a finding of false advertising. *See Coca-Cola*, 166 F. Supp. 3d at 1097-1101.

Finally, Defendants are wrong in claiming that the issue of egregiousness requires factual determinations that cannot be made on a motion to strike. *See* Dkt. 135 at 12:25 – 13:7. The Court may properly determine, based upon the face of the Sixth Affirmative Defense and the language of the advertising at issue, that In-N-

-13-

Out's statements are not literally false or misleading, and that Defendants' argument is, at best, that some consumers might incorrectly interpret the statements as saying something about antibiotics or healthfulness.  The Court may also properly determine that even if In-N-Out's advertising is misleading – which it is not – any alleged wrongdoing by In-N-Out is far less than Defendants' wrongdoing with regard to their literally false advertising, rendering unclean hands inappropriate.  *See Coca-Cola*, 166 F. Supp. 3d at 1092 ("'determining whether the doctrine of unclean hands precludes relief requires balancing the alleged wrongdoing of the plaintiff against that of the defendant, and "'weigh[ing] the substance of the right asserted by [the] plaintiff against the transgression which, it is contended, serves to foreclose that right"'") (quoting *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 960 (9th Cir. 2015)).  In addition, the Court may properly conclude that Defendants cannot, as a matter of law, base a defense of unclean hands on advertising of "freshness" because, as shown by the Second Amended and Supplemental Complaint, Defendants themselves make the same claims of "freshness."  *See Procter & Gamble Co.*, 574 F. Supp. 2d at 354-56.

## III.    DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE WILL ALLOW UNFOUNDED DISCOVERY.

In arguing that they are entitled to conduct discovery on claims that are in the case, *see* Dkt. 135 at 13:12 – 14:6, Defendants demonstrate why In-N-Out would be prejudiced if Defendants were permitted to continue to pursue a defense that is flawed on its face.  Indeed, one rationale for applying the *Twombly/Iqbal* standard to affirmative defenses is to ensure that parties are not given "'free license to engage in unfounded fishing expeditions on matters for which they bear the burden of proof at trial.'"  *Spann v. J.C. Penney Corp.*, No. SACV-12-0215-FMO-RNBx, 2015 WL 11072165, at *3 (C.D. Cal. July 16, 2015).

4843-2981-9265

**IV.  DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE SHOULD BE STRICKEN WITHOUT LEAVE TO AMEND.**

Defendants ask the Court for leave to amend if the motion to strike is granted. *See* Dkt. 135 at 14:9-16.  However, the Sixth Affirmative Defense on its face cannot support a plausible inference that In-N-Out has engaged in any advertising that is either literally false or misleading, much less that is related to Defendants' false advertising or is sufficiently egregious to support a defense of unclean hands. Defendants have made no attempt to explain what facts they would allege if granted leave to amend.  *See Ebner*, 838 F.3d at 965-67 (leave to amend properly denied where court's analysis showed that amendment would be futile because the plaintiff could not plausibly allege that reasonable consumers would be misled by defendant's label); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041, 1043 (9th Cir. 2011) (leave to amend not proper where proposed amendments are futile and cannot state a plausible basis for relief).  Accordingly, leave to amend is inappropriate and should be denied.

## CONCLUSION

For the foregoing reasons, the Sixth Affirmative Defense (except for its last sentence) should be stricken without leave to amend.

Dated:  December 3, 2018          Respectfully submitted,

CAROLYN S. TOTO
JEFFREY D. WEXLER
SARKIS A. KHACHATRYAN
PILLSBURY WINTHROP SHAW PITTMAN LLP


By:_____/s/ Carolyn S. Toto_____
          Carolyn S. Toto
Attorneys for Plaintiff and Counterdefendant In-N-Out Burgers

-15-

4843-2981-9265