UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | December 21, 2018 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

Present: The Honorable **James V. Selna**

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:   (IN CHAMBERS)   Order Granting in Part and Denying in Part Plaintiff's Motion to Strike**

      Plaintiff and Counter-Defendant In-N-Out Burgers ("In-N-Out") filed a motion to strike Defendants and Counter-Claimants Smashburger IP Holder LLC and Smashburger Franchising LLC's (together, "Smashburger") Sixth Affirmative Defense of unclean hands asserted in Smashburger's Amended Answer to the Second Amended and Supplemental Complaint ("Amended Answer") pursuant to Federal Rule of Civil Procedure 12(f).  Mot., Docket No. 131.  Smashburger filed an opposition.  Opp'n, Docket No. 135.  In-N-Out replied.  Reply, Docket No. 139.[1]

---

[1] In support of its motion, In-N-Out filed a Request for Judicial Notice ("RJN") of four website screenshots.  RJN, Docket No. 132 at 2.  The screenshots are from (1) the USDA's website; (2) the USPTO's website; and (3) two third-party burger restaurant websites.  Id., Exs. A–D.  Smashburger filed an objection.  RJN Obj., Docket No. 136.  A court may take judicial notice of undisputed matters of public record.  See Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001); Fed. R. Evid. 201(b).  Judicial notice of information posted on government websites is proper so long as neither party disputes the authenticity of the website or the accuracy of the information therein.  See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998–99 (9th Cir. 2010).  Nevertheless, a court may not judicially notice disputed facts in public records.  See Pinterest Inc. v. Pintrips Inc., No. CV 13-04608 RS, 2014 WL 598625 (N.D. Cal. Feb. 14, 2014) ("[W]hile 'undisputed matters of public record' are judicially noticeable, a court may not take notice of disputed facts in public records.").

      Here, the screenshots contain statements which In-N-Out argues show that (1) its meat does not contain antibiotics; and (2) its alleged false advertising is unlikely to confuse consumers.  See RJN, Exs. A–D; Mot., Docket No. 131-1 at 9, 12, 16.  Because these facts are in dispute, the Court takes judicial notice of the screenshots for the limited purpose of establishing that the statements in the screenshots were made, but not for the truth of the information therein or as evidence related to the merits of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-1474 JVS(DFMx)     Date  December 21, 2018

Title  In-N-Out Burgers v. Smashburger IP Holder LLC, et al.

For the following reasons, the Court **grants in part** and **denies in part** In-N-Out's motion to strike.

## I. Background

In-N-Out alleges in part that Smashburger is falsely advertising its Triple Double hamburger as containing "Double the Beef" because the burger's two patties together contain the same amount of beef as the single patty in Smashburger's regular burgers. SAC, Docket No. 117 ¶¶ 1, 51–63, 79–87.  Smashburger's Amended Answer asserts in part that In-N-Out's false advertising claim is barred by unclean hands because In-N-Out has itself engaged in false advertising.  Amended Answer, Docket No. 130 at 14–15.  In-N-Out now moves to strike that portion of Smashburger's unclean hands affirmative defense.[2]  Mot., Docket No. 131.

In-N-Out filed its original Complaint on August 28, 2017, its First Amended Complaint ("FAC") on October 20, 2017, and its Second Amended and Supplemental Complaint ("SAC") on September 21, 2018.  Docket Nos. 1, 15, 117.  In-N-Out alleged that it owns a family of marks comprised of the marks DOUBLE DOUBLE, TRIPLE TRIPLE, QUAD QUAD, 2 X 2, 3 X 3, and 4 X 4, each of which is registered federally and with the state of California.  See FAC, Docket No. 15 ¶¶ 11–16.  Based on its ownership of these marks, In-N-Out alleged that Smashburger has committed trademark infringement, unfair competition, and trademark dilution under federal and California law by using TRIPLE DOUBLE marks in connection with their hamburgers.  See id. ¶¶ 50–94.

On September 20, 2018, the Court granted In-N-Out's motion for leave to file the SAC.  Docket No. 115.  The SAC added allegations, and a false advertising claim under the Lanham Act, based on Smashburger's use of "Double the Beef" taglines (e.g., "Triple the Cheese, Double the Beef in Every Bite," "Triple the Cheese, Double the Beef, Triple the Options," and "Classic Smash Beef Build with triple the cheese and double the beef

---

claims at issue.  See Pinterest Inc. v. Pintrips Inc., 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014).

[2] In-N-Out does not move to strike the last sentence of Smashburger's unclean hands affirmative defense, which states: "Finally, Plaintiff's fraud on the USPTO constitutes unclean hands."  Mot., Docket No. 131 at 3 n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | December 21, 2018 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

in every bite"). SAC, Docket No. 117 ¶¶ 1, 51–63, 79–87. The SAC alleges that these "Double the Beef" taglines are false and misleading because Smashburger's Triple Double burgers contain the same amount of beef as their regular-sized burgers, not twice the quantity of beef. See id.

On October 4, 2018, Smashburger filed its initial Answer to the SAC, in which the Sixth Affirmative Defense alleged unclean hands based upon certain slogans In-N-Out uses in its advertising which Smashburger claimed constitutes false advertising. See Answer, Docket No. 124 at 14–15. After the parties met and conferred regarding In-N-Out's intent to move to strike the unclean hands affirmative defense, Smashburger filed the Amended Answer on November 2, 2018. Amended Answer, Docket No. 130. The Amended Answer revised the Sixth Affirmative Defense for unclean hands to allege:

> [In-N-Out's] claims for relief are barred in whole or in part due to [In-N-Out's] own unclean hands. In particular, [In-N-Out] claims that its meat has "No Additives, Fillers or Preservatives." Further touting the control [In-N-Out] has over the entire meat process, [In-N-Out] claims that the cattle it uses is "selected especially for In-N-Out Burger." On information and belief, however, In-N-Out's claim that its meat has no additives, fillers or preservatives is false and/or misleading since its meat contains antibiotics. And [In-N-Out] knows this, given the control it claims to exercise over its cattle. In addition to making claims regarding its meat, [In-N-Out] also makes numerous claims regarding the "freshness" of its products. [In-N-Out's] claims regarding its meat, as well as its claims regarding "freshness," suggest to prospective customers that [In-N-Out's] food is healthy, or at least a healthier alternative to other fast food restaurants. On information and belief, however, that is false as [In-N-Out's] food is not healthy. Finally, [In-N-Out's] fraud on the USPTO constitutes unclean hands.

Id. at 14–15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-1474 JVS(DFMx)                              Date  December 21, 2018

Title  In-N-Out Burgers v. Smashburger IP Holder LLC, et al.

## II. LEGAL STANDARD

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). A motion to strike is appropriate when a defense is insufficient as a matter of law. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). "As a general proposition, motions to strike are regarded with disfavor because [they] are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Sands, 902 F. Supp. at 1165-66 (alteration in original) (internal quotation marks omitted).

Therefore, courts frequently require the moving party to demonstrate prejudice "before granting the requested relief, and 'ultimately whether to grant a motion to strike falls on the sound discretion of the district court.'" Greenwich Ins. Co. v. Rodgers, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010) (quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

## III. DISCUSSION

### A. Pleading Standard

The first issue for the Court to resolve is the proper pleading standard for affirmative defenses. In-N-Out argues that the Court should apply the heightened standard set forth in Twombly and Iqbal. Mot., Docket No. 131-1 at 4–6. Smashburger argues that the Court should apply the Ninth Circuit's "fair notice" standard from Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010). Opp'n at 2–3. This fair notice standard originates from the Ninth Circuit's pre-Twombly decision in Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | December 21, 2018 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim"; under Twombly and Iqbal this requires showing "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. Pro. 8(a)(2); Twombly, 550 U.S. at 570. When pleading affirmative defenses, Rule 8(c) only requires that a defendant "affirmatively state any . . . affirmative defense." Fed. R. Civ. Pro. 8(c). The U.S. Supreme Court discussion of the plausibility standard only concerned Rule 8(a) and complaints; and no Circuit Courts of Appeals has extended this plausibility pleading standard to affirmative defenses. Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 566 (S.D. Cal. 2012). Therefore, in the Ninth Circuit, it is unclear whether the Twombly/Iqbal standard applies to affirmative defenses. Spann v. J.C. Penney Corp., No. SACV 12-0215 FMO (RNBx), 2015 WL 11072165, at *2 (C.D. Cal. July 16, 2015).

District courts nationwide differ on this issue: some courts have extended the Twombly/Iqbal standard to affirmative defenses, while others have rejected this approach and applied Wyshak's fair notice standard. Kohler, 280 F.R.D. at 565–66 (noting the split of opinion). Courts that have applied the Twombly/Iqbal standard argue that Wyshak applied the Supreme Court's older pleading standard from Conley v. Gibson, 355 U.S. 41, 47–48 (1957). See, e.g., Spann, 2015 WL 11072165, at *2. They also note the rules' similar language. Compare Fed. R. Civ. P. 8(a) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"), with Fed. R. Civ. P. 8(b) (requiring a defendant to state in "short and plain terms its defenses to each claim asserted against it"). Therefore, these courts argue that the newer Twombly/Iqbal standard for pleading claims should also apply to the pleading of affirmative defenses because Rule 8 governs both standards. Spann, 2015 WL 11072165, at *3.

But good reasons exist to use a distinct standard for pleading affirmative defenses. First, different subsections govern claims for relief and affirmative defenses; Rule 8(a) governs the former while Rule 8(c) applies to the latter. Fed. R. Civ. Pro. 8; Kohler, 280 F.R.D. at 566. Twombly and Iqbal specifically focused on Rule 8(a); the Court never suggested that this standard should also govern affirmative defenses. Rule 8(a) requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Kohler, 280 F.R.D. at 566 (quoting F.R.C.P. 8(a)(2)). In contrast, Rule 8(c) only requires that a defendant "'affirmatively state' its affirmative defenses." Id. (quoting Fed. R. Civ. Pro. 8(c)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 17-1474 JVS(DFMx)                         Date   December 21, 2018

Title   In-N-Out Burgers v. Smashburger IP Holder LLC, et al.

Therefore, factual plausibility is necessary to state a claim because the pleader must "show" entitlement to relief. Id. In contrast, a party pleading an affirmative defense only needs to "state" — not show entitlement to — its defense. Id. Therefore, courts should follow the Supreme Court's warning that "legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading standards." Id. (quoting Twombly, 550 U.S. at 569 n.14).

Furthermore, strong policy reasons exist for a different standard. A plaintiff has unlimited time to compose a complaint, but a defendant only has 21 days to respond and assert affirmative defenses. Id. (citing Holdbrook v. SAIA Motor Freight Line, LLC, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010)). Finally, although the Ninth Circuit has not explicitly ruled on this issue, it has applied the Wyshak standard to determine the sufficiency of pleadings post-Twombly/Iqbal. Simmons, 609 F.3d at 1023.

For these reasons and in the absence of further direction from the U.S. Supreme Court or the Ninth Circuit, this Court will not apply the Twombly/Iqbal plausibility standard to affirmative defenses. See, e.g., Schwarz, 2016 WL 4011716, at *4 (listing cases and concluding that "[w]ithin this district, the majority of courts to address the issue have applied the fair notice standard."); but see Nestle USA, Inc. v. Crest Foods, Inc., No. CV 16-07519 JAK (AFMx), 2017 WL 3267665, at *22 (C.D. Cal. July 28, 2017) (listing cases that have applied the Twombly/Iqbal plausibility standard to affirmative defenses). Rather, the Court will evaluate each affirmative defense under the "fair notice" pleading standard that is clearly established and has been recently applied by the Ninth Circuit Court of Appeals. Wyshak, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); Simmons, 609 F.3d at 1023.

In sum, the court will apply the fair notice standard.

**B.   Smashburger's Unclean Hands Affirmative Defense Is Partially Sufficiently Pled and Partially Deficiently Pled**

In its unclean hands affirmative defense, Smashburger identifies specific claims made by In-N-Out in its advertising which are allegedly false and/or misleading to consumers, e.g., that its products contain "no additives, preservatives, or fillers" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-1474 JVS(DFMx) | Date | December 21, 2018 |
|---|---|---|---|

| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. |
|---|---|

statements regarding the "freshness" of In-N-Out's products. Amended Answer, Docket No. 130 at 14–15. Smashburger alleges that "In-N-Out's claim that its meat contains no additives, fillers, or preservatives is false and/or misleading since its meat contains antibiotics." Id. at 14–15. Smashburger also alleges that In-N-Out's claims as to the "freshness" of its products "suggest[s] to prospective consumers that [In-N-Out's] food is healthy, or at least a healthier alternative to other fast food restaurants," even though In-N-Out's food is "not healthy." Id. at 15.

    1.    "No Additives, Fillers, or Preservatives"

In-N-Out argues that Smashburger fails to allege falsity because advertising that beef has "no additives, fillers, or preservatives" cannot reasonably be interpreted as a representation that In-N-Out's beef comes from cattle that have never been given antibiotics. Mot., Docket No. 131-1 at 7–10. Rather, In-N-Out argues, antibiotics are administered while meat is being raised, while additives, preservatives, and fillers are administered while meat is being processed. Id. at 8. For support, In-N-Out points to the dictionary definitions for the words "additives," "fillers," and "preservatives," as well as FDA regulations designed to ensure that antibiotics are out of the system of cattle before they are slaughtered. Id. at 8–9.

The Court finds that Smashburger adequately alleges false advertising as it pertains to In-N-Out's statements that its products do not contain "additives, fillers, or preservatives." Even if it is literally true that In-N-Out's meat is free from "additives, fillers, or preservatives," such a claim could be misleading to consumers who treat is as a claim that the meat is free from any added substances (such as antibiotics) or byproducts of those substances. See Instant Checkmate, Inc. v. Background Alert, Inc., No. 3:14-CV-01182-MMA-DHB, 2014 WL 12526275, at *4–5 (S.D. Cal. Dec. 5, 2014) (advertising that website had been "featured by" media organizations where features cast website in a negative light, even if literally true, could mislead consumers who may equate "featured by" as "approval or endorsement"). Furthermore, the regulations on antibiotics do not show as a matter of law that consumers could not possibly interpret a lack of "additives, fillers, or preservatives" to equate to a lack of the use of antibiotics on cattle. In-N-Out's arguments about the deceptiveness of In-N-Out's claims regarding the lack of "additives, fillers, or preservatives" in its meat go to the merits of Smashburger's unclean hands defense, rather than whether it is sufficiently pled. In sum, In-N-Out is on fair notice of the basis for Smashburger's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | December 21, 2018 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

unclean hands affirmative defense to the extent it alleges false advertising for In-N-Out's claims that its meat contains "no additives, fillers, or preservatives."

In-N-Out also argues that Smashburger's unclean hands affirmative defense fails to allege false advertising sufficient to satisfy the heightened pleading requirements of Rule 9(b). Mot., Docket No. 131-1 at 9–10. The Court disagrees. Under Rule 9(b), a fraud claim must be accompanied by "the who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Because defenses based on false or deceptive advertising sound in fraud, they must also be pled with the particularity required by Rule 9(b). See Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC, No. C 14-0437 CW, 2016 WL 304764, at *11 (N.D. Cal. Jan. 26, 2016). "Allegations of fraud must be specific enough to give 'defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc., No. EDCV 11-197 RSWL, 2011 WL 3809933, at *7 (C.D. Cal. Aug. 25, 2011) (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Here, Smashburger alleges that In-N-Out makes certain specific statements in its advertising which are false and misleading for specific reasons. These allegations sufficiently allege the circumstances of the fraudulent conduct charged. Therefore, the Court finds that Smashburger's allegations of fraud are sufficiently specific to put In-N-Out on notice so that it can defend against the charge. Indeed, In-N-Out's briefing on the instant motion demonstrates its ability to defend itself by attacking the factual basis of the fraudulent advertising alleged by Smashburger.

Accordingly, the Court denies the motion to strike Smashburger's unclean hands affirmative defense to the extent it alleges false advertising based on In-N-Out's claims that its meat has "no additives, fillers, or preservatives."

  2.  "Freshness"

Unlike the statements regarding "additives, fillers, or preservatives," Smashburger's unclean hands allegations based on In-N-Out's statements regarding "freshness" are deficiently pled. In-N-Out argues that Smashburger fails to allege

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-1474 JVS(DFMx) | Date | December 21, 2018 |
|---|---|---|---|

| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. |
|---|---|

falsity based on In-N-Out's claims regarding the "freshness" of its products because consumers could not possibly equate "freshness" with "healthfulness." Mot., Docket No. 131-1 at 10–12. The Court agrees. "[C]ourts have dismissed claims when allegations of deception were implausible on their face and went against 'well-known facts of life.'" Salazar v. Honest Tea, Inc., No. 2:13-CV-02318-KJM (EFB), 2015 WL 7017050, at *10 (E.D. Cal. Nov. 12, 2015) (citing Red v. Kraft Foods, Inc., No. CV 10-1028-GW AGRx, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012)). Here, Smashburger does not plausibly allege how, in the context of a quick-service restaurant serving burgers and fries, consumers are likely to believe that the products are healthy simply because they are fresh.

Accordingly, the Court strikes Smashburger's affirmative defense for unclean hands to the extent it makes allegations concerning "freshness" or health.

**C.     Smashburger's Unclean Hands Affirmative Defense Is Sufficiently Related to In-N-Out's False Advertising Claim and the Conduct Alleged is Sufficiently Inequitable**

To prevail on a defense of unclean hands, a party must demonstrate by clear and convincing evidence (1) "that the [non-asserting party's] conduct is inequitable;" and (2) "that the conduct relates to the subject matter of [the non-asserting party's] claims." POM Wonderful LLC v. Coca Cola Co., 166 F. Supp. 3d 1085, 1092 (C.D. Cal. 2016) (quoting Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 826 F.2d 837, 847 (9th Cir. 1987)) (citation omitted).

   1.     Relatedness

"[P]recise similarity" between the plaintiff's inequitable conduct and the subject matter of plaintiff's claims is not required to satisfy the relatedness requirement; however, the misconduct "must be 'relative to the matter in which [plaintiff] seeks relief.'" POM Wonderful LLC v. Welch Foods, Inc., 737 F. Supp. 2d 1105, 1110 (C.D. Cal. 2010) (citation omitted). In other words, the unclean hands defense only applies if plaintiff's unconscionable act has "immediate and necessary relation to the equity that he seeks in respect of the matter in litigation." Coca Cola, 166 F. Supp. 3d at 1092 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-1474 JVS(DFMx) | Date | December 21, 2018 |
|---|---|---|---|

| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. |
|---|---|

In-N-Out argues that the false advertising allegations should be stricken because they concern conduct outside the scope of In-N-Out's false advertising claim. Mot., Docket No. 131-1 at 13–15. Specifically, In-N-Out contends that its false advertising claim based on Smashburger's "Double the Beef" slogan is directed at the quantity of beef in Smashburger's products, while Smashburger's affirmative defense for unclean hands alleging false advertising by In-N-Out is directed at the quality and freshness of In-N-Out's products. Id. at 13.

Smashburger argues that the conduct alleged in its unclean hands affirmative defense sufficiently relates to the controversy at issue to sustain the defense. Opp'n, Docket No. 135 at 10–11. The Court agrees. Smashburger's unclean hands defense is premised on allegations that In-N-Out misrepresents the nutritional characteristics and composition of its burgers, while In-N-Out's false advertising claim is premised on allegations that Smashburger misrepresents the quantity of beef in its burgers. Therefore, the unclean hands defense pertains to the same conduct, false advertising, as related to the same competing products, the parties' burgers. Both parties' false advertising allegations concern the composition of the meat in the other party's burgers in relation to claims about the burgers made in advertisements. This relationship is sufficiently close for the proper application of the unclean hands doctrine. See Coca-Cola Co., 166 F. Supp. 3d at 1099 ("[M]isconduct which brings the clean hands doctrine into operation . . . relate[s] directly to the transaction concerning which the complaint is made, i.e., it . . . pertain[s] to the very subject matter involved and affect[s] the equitable relations between the litigants.") (alterations in original) (citation omitted).

### 2. Inequity of Conduct

A "showing of wrongfulness, willfulness, bad faith, or gross negligence, proved by clear and convincing evidence, will establish sufficient culpability for the invocation of the doctrine of unclean hands." Coca-Cola, 166 F. Supp. 3d at 1092 (quoting Pfizer, Inc. v. Int'l Rectifier Corp., 685 F.2d 357, 359 (9th Cir. 1982)).

In-N-Out argues that Smashburger fails to allege "egregious" conduct by In-N-Out sufficient to support its unclean hands affirmative defense. Mot., Docket No. 131-1 at 15. However, "[n]either Supreme Court nor Ninth Circuit precedent requires that defendants prove that a plaintiff's conduct was 'egregious,'" and "a defendant can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | December 21, 2018 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

succeed on an unclean hands defense if it proves that a plaintiff engaged in a 'willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct.'" Coca Cola, 166 F. Supp. 3d at 1097 (quoting Precision Instr. Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 815 (1945)).

The Court has already found that Smashburger sufficiently alleges that In-N-Out has engaged in false and/or misleading advertising for the purposes of an unclean hands affirmative defense. Therefore, Smashburger has made a showing of "wrongfulness" on the part of In-N-Out sufficient to support an unclean hands defense at the pleading stage. See Coca Cola, 166 F. Supp. 3d at 1098–99; Procter & Gamble Co. v. Ultreo, Inc., 574 F. Supp. 2d 339, 354–56 (S.D.N.Y. 2008) (applying unclean hands doctrine where plaintiff engaged in false advertising).

### D. Smashburger's Unclean Hands Affirmative Defense Is Not Unduly Prejudicial

In-N-Out argues that Smashburger's unclean hands affirmative defense should be stricken because it would require discovery as to "irrelevant issues that would not affect the outcome of this case." Mot., Docket No. 131-1 at 17. The Court disagrees. Because Smashburger adequately pleads unclean hands, In-N-Out is not unfairly prejudiced by the requirement that it comply with discovery obligations pertaining to that defense.

### IV. CONCLUSION

For the foregoing reasons, the Court **grants in part** and **denies in part** the motion. Smashburger's Sixth Affirmative Defense for unclean hands is stricken to the extent it makes allegations concerning In-N-Out's statements regarding the freshness or healthfulness its products. Otherwise, the motion to strike is denied.

**IT IS SO ORDERED.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |