CAROLYN S. TOTO (SBN 233825)
carolyn.toto@pillsburylaw.com
JEFFREY D. WEXLER (SBN 132256)
jeffrey.wexler@pillsburylaw.com
SARKIS A. KHACHATRYAN (SBN 293991)
sarkis.khachatryan@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile No.: (213) 629-1033

Attorneys for Plaintiff and Counterdefendant
IN-N-OUT BURGERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN-N-OUT BURGERS, a California corporation,<br><br>                    Plaintiff,<br><br>         vs.<br><br>SMASHBURGER IP HOLDER LLC, a Delaware limited liability company; and SMASHBURGER FRANCHISING LLC, a Delaware limited liability company,<br><br>                    Defendants. | Case No. 8:17-cv-1474-JVS-DFM<br><br>**PLAINTIFF AND COUNTERDEFENDANT IN-N-OUT BURGERS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE LIABILITY ON FALSE ADVERTISING CLAIM**<br><br>**[PUBLICLY FILED VERSION]**<br><br>Date:          February 4, 2019<br>Time:          1:30 p.m.<br>Courtroom: 10C |
| SMASHBURGER IP HOLDER LLC, and SMASHBURGER FRANCHISING LLC,<br><br>                    Counterclaimants,<br><br>         vs.<br><br>IN-N-OUT BURGERS,<br><br>                    Counterdefendant. | Judge:  Hon. James V. Selna<br><br>Fact Discovery Cut-Off: Apr. 19, 2019<br>Pre-Trial Conference: Sept. 9, 2019<br>Trial Date:          Sept. 24, 2019 |

Pursuant to Local Rule 56-1, Plaintiff and Counterdefendant In-N-Out Burgers ("In-N-Out") hereby submits this Statement of Uncontroverted Facts and Conclusions of Law to support its Motion for Partial Summary Judgment re Liability on False Advertising Claim against Defendants and Counterclaimants Smashburger IP Holder LLC and Smashburger Franchising LLC (collectively, "Smashburger").

# I.   STATEMENT OF UNCONTROVERTED FACTS

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| 1.     Smashburger issued a July 11, 2017 press release stating that it was adding the "Triple Double" burger to its national menu. | July 11, 2017 press release (Ex. A to Declaration of Jeffrey D. Wexler ("Wexler Decl.")); Wexler Decl., ¶ 2 (authenticating Ex. A). |
| 2.     The press release described the Triple Double burger as "the stuff burger dreams are made of . . . two layers of juicy beef, three layers of melted cheese, wrapped in an artisan bun. . . .  It's Smashburger's beefiest, cheesiest burger to date. . . ." | July 11, 2017 press release (Ex. A to Wexler Decl.); Wexler Decl., ¶ 2 (authenticating Ex. A). |
| 3.     As of September 19, 2017, Smashburger began offering its Bacon Triple Double burger, a Triple Double burger with bacon. | September 15, 2017 e-mail from David Martinelli of Smashburger to all corporate restaurants, Market Supervisors, and Ops Excellence (Ex. B to Wexler Decl.); Wexler Decl., ¶ 3 (authenticating Ex. B). |
| 4.     On or about May 8, 2018, Smashburger began offering its Pub Triple Double, a Triple Double | May 5, 2018 Smashburger Instagram post (Ex. C to Wexler Decl.); screenshot of Smashburger's |

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| burger on a pretzel bun. | Instagram post dated May 8, 2018 (Ex. T to Wexler Decl.); Wexler Decl., ¶¶ 4, 14 (authenticating Exs. B and T). |
| 5. According to Smashburger's recipe cards, the Triple Double burger and the Bacon Triple Double burger each have two patties that each weigh **2.5 ounces** prior to cooking. | Smashburger's January 30, 2018 recipe cards for Triple Double burger and Bacon Triple Double burger (Exs. D and E to Wexler Decl.); In-N-Out's Sixth Set of Requests for Admissions at 2 (defining "TRIPLE DOUBLE HAMBURGER" as referring collectively to the Triple Double hamburger, the Bacon Triple Double hamburger, and the Pub Triple Double hamburger), Request for Admission No. 159 (Ex. FF to Wexler Decl.); Smashburger's Response to Request for Admission No. 159 (Ex. GG to Wexler Decl.); Wexler Decl., ¶¶ 5, 25 (authenticating Exs. D, E, FF, and GG). |
| 6. The Pub Triple Double also contains two patties that each weigh **2.5 ounces** prior to cooking. | April 3, 2018 e-mail from Mr. Martinelli to domestic Franchise Owners/Operators (Ex. I to Wexler Decl.); In-N-Out's Sixth Set of Requests for Admissions at 2 (defining "TRIPLE DOUBLE |

-3-

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| | HAMBURGER" as referring collectively to the Triple Double hamburger, the Bacon Triple Double hamburger, and the Pub Triple Double hamburger), Request for Admission No. 159 (Ex. FF to Wexler Decl.); Smashburger's Response to Request for Admission No. 159 (Ex. GG to Wexler Decl.); Wexler Decl., ¶¶ 6, 25 (authenticating Exs. I, FF, and GG). |
| 7.     The recipe cards for the Triple Double burger and the Bacon Triple Double burger refer to the patties as "**P-BURGER PATTY KID/SMALL (2.5 OZ)**." | Smashburger's January 30, 2018 recipe cards for Triple Double burger and Bacon Triple Double burger (Exs. G and H to Wexler Decl.) (emphasis added); Wexler Decl., ¶ 5 (authenticating Exs. G and H). |
| 8.     Smashburger's Kid/Small burger is made with a single patty that weighs 2.5 ounces prior to cooking. | Smashburger's January 30, 2018 recipe cards for (1) Kid Burger with Cheese and Kids Fries and (2) Add Small Burger (Exs. G and H to Wexler Decl.); Wexler Decl., ¶ 5 (authenticating Exs. G and H). |
| 9.     Smashburger's Classic Smash burger is made with a single patty that weighs **5.0 ounces** prior to cooking. | Smashburger's January 30, 2018 recipe card for Classic Smash burger (Ex. F to Wexler Decl.) (emphasis added); Wexler Decl., ¶ 5 |

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| | (authenticating Ex. F). |
| 10.    The recipe card for the Classic Smash burger refers to the patty as "P-BURGER PATTY REGULAR (5.0 OZ)." | Smashburger's January 30, 2018 recipe card for Classic Smash burger (Ex. F to Wexler Decl.); Wexler Decl., ¶ 5 (authenticating Ex. F). |
| 11.    To verify the weight of Smashburger's burgers as served in its restaurants, counsel for In-N-Out on June 27, 2018 purchased a Triple Double burger and a Classic Smash burger (both without cheese) from a Smashburger restaurant in Culver City.  Counsel weighed the patties and determined that the Triple Double burger had two cooked patties weighing 1.5 ounces each while the Classic Smash burger had a single cooked patty weighing 2.8 ounces. | Wexler Decl., ¶ 7, Exs. J-L (photographs of scale showing weighing of patties). |
| 12.    In response to In-N-Out's Request for Admission No. 161 asking Smashburger to "[a]dmit that the TRIPLE DOUBLE HAMBURGERS do not have double the amount of beef, by weight, of the regular Classic Smash hamburger," Smashburger responded, "[a]s of the date of this response, to the extent this request's use of the term 'regular' refers | In-N-Out's Request for Admission No. 161 (Ex. FF to Wexler Decl.); Smashburger's Response to Request for Admission No. 161 (Ex. GG to Wexler Decl.) (emphasis added); Wexler Decl., ¶ 25 (authenticating Exs. FF and GG). |

-5-

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| to a Classic Smash with approximately 5.0 ounce pre-cooked patty, **Defendants admit that the Triple Double burger does not contain a total of 10 ounces of beef.**" | |
| 13.     Smashburger has advertised its Triple Double burgers with a number of slogans that include the phrase "Double the Beef" (including, but not limited to, the slogans "Double the Beef," "Triple the Cheese, Double the Beef," "Triple the Cheese, Double the Beef in Every Bite," "Triple the Cheese, Double the Beef, Triple the Options," and "Classic Smash™ Beef Build with triple the cheese & double the beef in every bite") or denote two times the beef (including, but not limited to, the slogan "2x Fresh Never-Frozen Beef"). | Wexler Decl., Ex. A (Smashburger's July 11, 2017 press release); *id.*, Ex. B (Smashburger menu board image as of September 19, 2017); *id.*, Ex. N (menu page on Smashburger's website as of December 19, 2018); *id.*, Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); *id.*, Ex. P (screenshot of main page of Smashburger's website as of August 28, 2017); *id.*, Ex. Q (screenshot of main page of Smashburger's website as of June 12, 2018); *id.*, Exs. R, S (photographs of display and menu board at Smashburger's restaurant at L.A. Live in downtown Los Angeles as of May 15, 2018); *id.*, Exs. T, U (screenshots of Smashburger's Instagram posts dated May 8, 2018 and June 5, 2018); *id.*, Ex. V |

-6-

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| | (screenshot from a Smashburger television advertisement for its Triple Double burger); *id.*, Ex. W (bus shelter advertisement for Triple Double burgers); Wexler Decl., ¶¶ 2, 3, 9-16 (authenticating Exs. A, B, and N-W). |
| 14.    Such slogans appear in, among other places, menus, displays, and advertisements at Smashburger restaurants and on the Smashburger website and social media accounts, television commercials, bus shelters, and press releases. | Wexler Decl., Ex. A (Smashburger's July 11, 2017 press release); *id.*, Ex. B (Smashburger menu board image as of September 19, 2017); *id.*, Ex. N (menu page on Smashburger's website as of December 19, 2018); *id.*, Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); *id.*, Ex. P (screenshot of main page of Smashburger's website as of August 28, 2017); *id.*, Ex. Q (screenshot of main page of Smashburger's website as of June 12, 2018); *id.*, Exs. R, S (photographs of display and menu board at Smashburger's restaurant at L.A. Live in downtown Los Angeles as of May 15, 2018); *id.*, Exs. T, U (screenshots of Smashburger's |

-7-

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Instagram posts dated May 8, 2018 and June 5, 2018); *id.*, Ex. V (screenshot from a Smashburger television advertisement for its Triple Double burger); *id.*, Ex. W (bus shelter advertisement for Triple Double burgers); Wexler Decl., ¶¶ 2, 3, 9-16 (authenticating Exs. A, B, and N-W). |
| 15.    The slogan "Classic Smash™ Beef Build with triple the cheese & double the beef in every bite" is used on Smashburger's menus with regard to the Triple Double burger. | Wexler Decl., Ex. N (menu page on Smashburger's website as of December 19, 2018); *id.*, Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); Wexler Decl., ¶¶ 9, 10 (authenticating Exs. N and O). |
| 16.    Beneath that statement on the menu is a reference to a burger described as the "Classic Smash™".  | Wexler Decl., Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); Wexler Decl., ¶ 10 (authenticating Ex. O). |

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| 17.     Under the "Craft Your Own" section, the menu refers to the option to "ADD A PATTY (+$ REG / +$ BIG)," without any reference to a small patty. | Wexler Decl., Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); Wexler Decl., ¶ 10 (authenticating Ex. O). |
| 18.     ███████████████████ ████████████████ █████████████████████ █████████████ | December 16, 2016 e-mail from Mr. Martinelli to Franchise Owners/Operators (Ex. M to Wexler Decl.); July 11, 2017 press release (Ex. A to Wexler Decl.); Wexler Decl., ¶¶ 2, 8 (authenticating Exs. A and M). |
| 19.     The menu includes a "KIDS MEALS" section, under which one of the options is a "KIDS SMASH." | Wexler Decl., Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); Wexler Decl., ¶ 10 (authenticating Ex. O). |
| 20.     The slogan "Triple the Cheese, Double the Beef in Every Bite" is used by Smashburger in various displays and advertisements, including on its menu, on its website, and on bus stop shelters. | Wexler Decl., Ex. A (Smashburger's July 11, 2017 press release); *id.*, Ex. B (Smashburger menu board image as of September 19, 2017); *id.*, Ex. N (menu page on Smashburger's website as of December 19, 2018); *id.*, Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); *id.*, Ex. P |

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| | (screenshot of main page of Smashburger's website as of August 28, 2017); *id.*, Ex. S (photograph of display and menu board at Smashburger's restaurant at L.A. Live in downtown Los Angeles as of May 15, 2018); *id.*, Ex. W (bus shelter advertisement for Triple Double burgers); Wexler Decl., ¶¶ 2, 3, 9-11, 13, 16 (authenticating Exs. A, B, N-P, S, and W). |
| 21.    The slogan "Triple the Cheese, Double the Beef," without the phrase "in Every Bite," is used in other Smashburger displays and advertisements. | Wexler Decl., Ex. A (Smashburger's July 11, 2017 press release); *id.*, Ex. Q (screenshot of main page of Smashburger's website as of June 12, 2018); *id.*, Ex. R (photograph of displays at Smashburger's restaurant at L.A. Live in downtown Los Angeles as of May 15, 2018); *id.*, Exs. T, U (screenshots of Smashburger's Instagram posts dated May 8, 2018 and June 5, 2018); Wexler Decl., ¶¶ 2, 12-14 (authenticating Exs. A, Q, R, T, and U). |
| 22.    For example: (1) Smashburger's July 11, 2017 press release quotes | Wexler Decl., Ex. A (Smashburger's July 11, 2017 press release); *id.*, Ex. Q |

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| Smashburger CEO Tom Ryan as stating the Triple Double burger contains "[d]ouble the juicy, caramelized beef"; (2) Smashburger has advertisements and social media posts using the slogan "Triple the Cheese, Double the Beef, Triple the Options"; and (3) Smashburger has restaurant displays and social media posts for the Pub Triple Double stating "Triple the Cheese and Double the Beef Topped with Garlic Grilled Onions & Gulden's® Mustard All on a Pretzel Bun." | (screenshot of main page of Smashburger's website as of June 12, 2018); *id.*, Ex. R (photograph of displays at Smashburger's restaurant at L.A. Live in downtown Los Angeles as of May 15, 2018); *id.*, Exs. T, U (screenshots of Smashburger's Instagram posts dated May 8, 2018 and June 5, 2018); Wexler Decl., ¶¶ 2, 12-14 (authenticating Exs. A, Q, R, T, and U). |
| 23.    Smashburger has used the slogan "2x Fresh Never-Frozen Beef" in at least one commercial. | Wexler Decl., Ex. V (screenshot from a Smashburger television advertisement for its Triple Double burger); Wexler Decl., ¶ 15 (authenticating Ex. V). |
| 24.    According to In-N-Out's website, In-N-Out has 343 restaurants, with 32 locations in Arizona, 243 locations in California, 19 locations in Nevada, two locations in Oregon, 37 locations in Texas, and 10 locations in Utah. | Wexler Decl., ¶ 17, Ex. X (screenshots from In-N-Out's website). |
| 25.    According to Smashburger's website, Smashburger has 323 restaurants in the United States, with 28 locations in | Wexler Decl., ¶ 18, Ex. Y (screenshots from Smashburger's website). |

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| Arizona, 31 locations in California, nine locations in Nevada, 34 locations in Texas, and six locations in Utah. | |
| 26.    A significant majority of Smashburger's restaurants in the states where In-N-Out has restaurants are located in close proximity to In-N-Out restaurants. | Wexler Decl., ¶¶ 19, 19.a, Ex. Z (screenshots using In-N-Out website's store locator to identify In-N-Out locations near towns where Smashburger restaurants are located). |
| 27.    There are In-N-Out restaurants in, or within five miles of, the towns of all but two of Smashburger's restaurants in Arizona (and one of those two Smashburger restaurants is located within 12.5 miles of four In-N-Out restaurants). | Wexler Decl., ¶¶ 19, 19.b, Ex. Z, at 1-7 (screenshots using In-N-Out website's store locator to identify In-N-Out locations near towns in Arizona where Smashburger restaurants are located). |
| 28.    There are In-N-Out restaurants in, or within six miles of, the towns of all but three of Smashburger's restaurants in California (and two of those three Smashburger restaurants are each located within nine miles of two In-N-Out restaurants). | Wexler Decl., ¶¶ 19, 19.c, Ex. Z, at 8-19 (screenshots using In-N-Out website's store locator to identify In-N-Out locations near towns in California where Smashburger restaurants are located). |
| 29.    There are In-N-Out restaurants in, or within 3.4 miles of, the towns of all but one of Smashburger's restaurants in Nevada and Utah (and that Smashburger restaurant is located within 12 miles of | Wexler Decl., ¶¶ 19, 19.d, Ex. Z, at 20, 29-31 (screenshots using In-N-Out website's store locator to identify In-N-Out locations near towns in Nevada and Utah where Smashburger |

-12-

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| four In-N-Out restaurants). | restaurants are located). |
| 30.   In Texas, there are In-N-Out restaurants in, or within 6.2 miles of, the towns of 12 Smashburger restaurants. | Wexler Decl., ¶¶ 19, 19.e, Ex. Z, at 21-29 (screenshots using In-N-Out website's store locator to identify In-N-Out locations near towns in Texas where Smashburger restaurants are located). |
| 31.   ███████████████ ████████████████ ██████████████ ████████████ ███████████████ ████████████████ ███████████████ ███████████████ ███████████████ ██████████████ ████████████████ ███████████████ ██████████████ █████████████ ██████████████ ████████ | December 2014 Smashburger Competitive Position Assessment prepared by Market Perceptions for Smashburger (Ex. AA to Wexler Decl.); Wexler Decl., ¶ 20 (authenticating Ex. AA). |
| 32.   ██████████████ █████████████ ████████████ ████████ | Smashburger's 2017 Marketing Update (Ex. BB to Wexler Decl.); Wexler Decl., ¶ 21 (authenticating Ex. BB). |

-13-

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| 33. ██████████████████████ ████████████████████████ ██████████████████████ ████████████████ | September 30, 2016 e-mail from Dennis Smythe to Tom Ryan (Ex. CC to Wexler Decl.); Wexler Decl., ¶ 22 (authenticating Ex. CC). |
| 34. ██████████████████████ ████████████████████████ ███████████████ ██████████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ██████████████████ ██████████ | September 30, 2016 e-mail from Dennis Smythe to Tom Ryan (Ex. CC to Wexler Decl.); Wexler Decl., ¶ 22 (authenticating Ex. CC). |
| 35. ██████████████████████ ████████████████████ ████████████████████ ████████████████ ██████████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ██████████████ | September 30, 2016 e-mail from Dennis Smythe to Tom Ryan (Ex. CC to Wexler Decl.); Wexler Decl., ¶ 22 (authenticating Ex. CC). |
| 36. ████████████████████████ ████████████████████ | September 30, 2016 e-mail from Dennis Smythe to Tom Ryan (Ex. CC |

-14-

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| ████████████████ | to Wexler Decl.); Wexler Decl., ¶ 22 (authenticating Ex. CC). |
| 37. ████████████████ | September 30, 2016 e-mail from Dennis Smythe to Tom Ryan (Ex. CC to Wexler Decl.); Wexler Decl., ¶ 22 (authenticating Ex. CC). |
| 38. ████████████████ | September 30, 2016 e-mail from Dennis Smythe to Tom Ryan (Ex. CC to Wexler Decl.); Wexler Decl., ¶ 22 (authenticating Ex. CC). |
| 39.   Smashburger recently posted an update on its website for its Colorado and Dallas locations to show a price of $4.59 for "Any Smashburger," and a price of | Wexler Decl., Ex. DD (screenshot from Smashburger's website of a web page titled "CO & Dallas Update," taken on December 24, 2018); Wexler |

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| $6.99 for what is described as "—NEW!—  Bigger, Beefier Triple Double Smashburger." | Decl., ¶ 23 (authenticating Ex. DD). |
| 40.    The page goes on to state:<br><br>TWO NEW SIZES.<br>TWO NEW PRICES.<br>SAME GREAT TASTE.<br><br>Hey, Colorado and Dallas Smash Fans!  You may have noticed some changes in our menu, and we're here to provide some information to help you navigate through these updates.<br><br>Now you can enjoy your favorite Smashburger for just **$4.59**!  Better yet, upgrade your go-to Smashburger with triple the cheese and double the beef in every bite for just **$6.99**. Welcome to the home of the Triple Double burger.<br><br>Although our sizes and prices changed, our mouthwatering recipes haven't. . . . | Wexler Decl., Ex. DD (screenshot from Smashburger's website of a web page titled "CO & Dallas Update," taken on December 24, 2018); Wexler Decl., ¶ 23 (authenticating Ex. DD). |
| 41.    Smashburger's new menu for a Texas restaurant includes prices of $4.59 for a "Smashburger" and $6.99 for a "Triple Double Smashburger." | Wexler Decl., Ex. EE (menu for Smashburger's Addison, Texas location, downloaded on December 24, 2018); Wexler Decl., ¶ 23 (authenticating Ex. EE). |
| 42.    The "Craft Your Own" section of the menu states that the Smashburger beef patty has 270 calories and the Triple | Wexler Decl., Ex. EE (menu for Smashburger's Addison, Texas location, downloaded on December |

-16-

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| Double Smashburger beef patty has 530 calories.  Farther down in that section, the menu indicates a single beef patty has 270 calories. | 24, 2018); Wexler Decl., ¶ 23 (authenticating Ex. EE). |
| 43.    In response to In-N-Out's interrogatory asking Smashburger IP to "[s]tate all facts supporting your contention that the DOUBLE THE BEEF SLOGANS are not false or misleading," Smashburger IP responded:<br><br>    Plaintiff has the burden of proving that Defendants' advertising or promotional material is false or misleading— Smashburger IP does not bear the burden of proving it is not false or misleading. Nevertheless, "double the beef" refers to the fact that the sandwich has <u>two layers</u> of beef, which is further clarified by the statement "in every bite."  That is, in every bite, a consumer gets the sensation of biting into two beef patties, rather than a single patty.  Further, <u>even if a consumer were to misunderstand "double the beef" as referring to the total volume of beef, the Triple Double hamburgers do in fact contain double the volume of beef compared to (1) the smallest patty size generally available at Smashburger restaurants, and (2) hamburgers offered by competing fast casual/quick service restaurants</u> among which | In-N-Out's Fourth Set of Interrogatories, Interrogatory No. 10 (Ex. HH to Wexler Decl.); Smashburger IP's Response to Interrogatory No. 10 (Ex. II to Wexler Decl.) (emphasis added); Wexler Decl., ¶ 26 (authenticating Exs. HH and II). |

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| consumer [*sic*] may select when making a purchasing decision. Smashburger IP expects that it will continue to develop facts regarding its contention as the case continues. | |

## II.   CONCLUSIONS OF LAW

1.   Under Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." *Id.*

2.   Summary judgment is required "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

3.   The non-movant must identify specific facts that show a genuine issue of material fact for trial, *i.e.*, that the facts could allow a reasonable jury to return a verdict for the non-movant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

4.   "The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of fact for trial." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

5.   If "a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

6.   "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Id.* (citing *Celotex Corp.*, 477 U.S. at 322).

7.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), has been construed by the courts as creating a federal false advertising claim having five elements:

> . . . (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. . . .

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003) (same).

8.     "To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Southland Sod Farms*, 108 F.3d at 1139 (citing *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 943, 946 (3d Cir. 1993)). *See PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 120 (4th Cir. 2011).

9.     To establish literal falsity, the plaintiff must show that consumers will "unavoidably" receive the allegedly false message. *See Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Pharm. Co.*, 290 F.3d 578, 587 (3d Cir. 2002).

10.    In evaluating whether an advertisement is literally false, a court "must analyze the message conveyed in full context." *Castrol Inc.*, 987 F.2d at 946. *See Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 253 (3d Cir. 2011) ("[w]e are obligated in this false advertising case under § 43(a)(1)(B) to look at the words 'Havana Club' in the context of the entire accused advertisement, the label of the rum").

11.    Where an advertiser takes an affirmative step to include a reference in its advertising that defines its claim, such reference constitutes an explicit claim to be considered by the court in determining what the claim means. *See Groupe SEB*

-19-

1  *USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 199-200 (3d Cir. 2014)

2  ("courts interpreting a term's meaning apply a specific definition if one is provided

3  by the author").

4      12.    "A 'literally false' message may be either explicit or 'conveyed by

5  necessary implication when, considering the advertisement in its entirety, the

6  audience would recognize the claim as readily as if it had been explicitly stated.'"

7  *Novartis Consumer Health, Inc.*, 290 F.3d at 586-87 (quoting *Clorox Co. Puerto*

8  *Rico v. Procter & Gamble Commercial Co.*, 228 F.3d 24, 35 (1st Cir. 2000)).  *See*

9  *PBM Prods., LLC*, 639 F.3d at 120; *Southland Sod Farms*, 108 F.3d at 1139

10  ("[w]hen evaluating whether an advertising claim is literally false, the claim must

11  always be analyzed in its full context"; "[t]hus courts have held that a claim can be

12  literally false 'by necessary implication'").

13      13.    Under the "'false by necessary implication' doctrine," "'only an

14  unambiguous message can be literally false,'" and "the advertisement cannot be

15  literally false" if its language "is susceptible to more than one reasonable

16  interpretation." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 158 (2d

17  Cir. 2007) (emphasis removed) (quoting *Novartis Consumer Health, Inc.*, 290 F.3d

18  at 586-87, and *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 274-75 (4th Cir.

19  2002)).

20      14.    A court may determine whether an advertisement is literally false

21  "based on its own common sense and logic in interpreting the message." *Edmiston*

22  *v. Jordan*, 98 Civ. 3298 (DLC), 1999 WL 1072492, *9 (S.D.N.Y. Nov. 24, 1999).

23      15.    Where literal falsity is claimed and the court finds the meaning of an

24  advertising claim to be "explicit and unambiguous," a consumer survey may not be

25  used to try to create an ambiguity.  *See Groupe SEB USA, Inc.*, 774 F.3d at 200-02

26  ("concluding that [defendant's] message was explicit and unambiguous, [the district

27  court] reasonably declined to substitute the uninformed first impressions of

28  consumers about the claim's meaning").  *Cf. Mead Johnson & Co. v. Abbott Labs.*,

-20-

201 F.3d 883, 885-87 (7th Cir.) ("never before has survey research been used to determine the meaning of words, or to set the standard to which objectively verifiable claims must be held"), *opinion amended on denial of reh'g*, 209 F.3d 1032 (7th Cir. 2000).

16.     Proposed alternative meanings that are "nonsensical" do not save the advertisement from falsity. *See Southland Sod*, 108 F.3d at 1144.

17.     Smashburger asserts that its advertisements are not false or misleading because "'double the beef' refers to the fact that the sandwich has two layers of beef, which is further clarified by the statement 'in every bite.' That is, in every bite, a consumer gets the sensation of biting into two beef patties, rather than a single patty."

18.     However, the dictionary defines "beef" as "the flesh of an adult domestic bovine (such as a steer or cow) used as food." https://www.merriam-webster.com/dictionary/beef.

19.     Smashburger's contention that the term "beef" means "patty" is contrary to the dictionary definition of "beef." Thus, in view of the dictionary definition, "Double the Beef" necessarily refers to twice the amount of flesh (*i.e.*, beef).

20.     The term "beef" is not a synonym for "patty," and reasonable consumers could not understand "Double the Beef" to mean "Double the Patties," but the same amount of beef.

21.     Smashburger gets no farther with its argument that its use of "in Every Bite" renders "Double the Beef" susceptible to the meaning that it urges.

22.     First, this argument cannot apply to Smashburger's "Double the Beef" advertisements that omit the statement "in Every Bite," so Smashburger's argument does not dispute the literal falsity of those advertisements.

23.     Moreover, the use of "in Every Bite," taken in the context of "Double the Beef," is a representation that each bite of a Triple Double burger will contain

-21-

twice the amount of beef as a bite of another Smashburger burger.  The inclusion of "in Every Bite" in the slogan "Triple the Cheese and Double the Beef in Every Bite" does not change the fact that the term "beef" does not mean "patty."

24. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26.     Smashburger asserts that its advertisements are not false or misleading because "even if a consumer were to misunderstand 'double the beef' as referring to the total volume of beef, the Triple Double hamburgers do in fact contain double the volume of beef compared to . . . the smallest patty size generally available at Smashburger restaurants."

27.     In making this assertion, Smashburger disregards the fact that its menu specifically makes the "Double the Beef" representation by reference to the Classic Smash, not the Kids Smash.

28.     As discussed above, because Smashburger chose to make its "Double the Beef" claim in the context of a reference to the "Classic Smash™ Beef build," the Court must interpret the "Double the Beef" claim in view of the amount of beef in the Classic Smash. *See Groupe SEB USA, Inc.*, 774 F.3d at 199-200 (finding the message conveyed by the claim explicit and unambiguous, especially when taken in context to a reference that defined a key term in the claim).

29.     The reference to "Classic Smash™ Beef build" appears in Smashburger's menu, and is what customers see immediately before purchasing a Triple Double burger.  As such, practically every Smashburger customer purchasing a Triple Double burger will have viewed a Triple Double burger in reference to a Classic Smash burger, with its 5.0-ounce patty.

30.     Smashburger's argument fails even for those advertisements that do not specifically refer to the Classic Smash in the context of the "Double the Beef" representation.

31.     "[T]he smallest patty size generally available at Smashburger restaurants," the 2.5-ounce patty, is listed under Kids Meals, but does not appear elsewhere on Smashburger's menu.

32.     ███████████████████████████████████████████████████████████████

33.     The "Craft Your Own" portion of Smashburger's menu identifies two patty sizes – "REG" and "BIG."

34.     There is no legitimate basis for Smashburger to contend that customers could reasonably believe that the "Double the Beef" representation refers to double the amount of beef of a patty that is on Smashburger's menu only as part of a children's meal.

35.     Thus, Smashburger's advertisements are literally false or false by necessary implication to the extent that the "Double the Beef" representation refers to double the amount of beef of a patty that is on Smashburger's menu only as part of a children's meal.

36.     Smashburger asserts that its advertisements are not false or misleading because "even if a consumer were to misunderstand 'double the beef' as referring to the total volume of beef, the Triple Double hamburgers do in fact contain double the volume of beef compared to . . . hamburgers offered by competing fast casual/quick

-23-

1  service restaurants among which consumer [*sic*] may select when making a

2  purchasing decision."

3      37.    Smashburger's advertisements make no reference to competing fast

4  casual/quick service restaurants, and consumers could not reasonably construe

5  "Double the Beef" as a comparison to other restaurants' burgers.

6      38.    Nor could consumers reasonably construe Smashburger's

7  advertisements as a representation that Smashburger's double burgers contain twice

8  as much beef as competitors' single burgers.

9      39.    ████████████████████████████████████

10  ████████████████████████████████████████

11  ████████████████████████████████████

12  ██████████████████████████████████████████

13  ██████████████████████████████████████████

14  ██████████████████████████████

15      40.    Smashburger's Triple Double burgers contain 5.0 ounces of beef, ███

16  ████████████████████████████████████████

17  ████████████████████████████████████████

18  █████████████

19      41.    Accordingly, partial summary judgment is granted on the element of

20  literal falsity.

21      42.    To prove a false advertising claim, the plaintiff must show that the

22  defendant's advertising actually deceived or had the tendency to deceive a

23  substantial segment of the defendant's audience.  *See*, *e.g.*, *PBM Prods., LLC*, 639

24  F.3d at 120; *Southland Sod Farms*, 108 F.3d at 1139.  *See also* 15 U.S.C. § 1125(a)

25  (authorizing "a civil action by any person who believes that he or she is or is ***likely***

26  ***to be damaged*** by" conduct violating the Lanham Act) (emphasis added).

27      43.    Literal falsity creates a presumption that statements actually misled

28  consumers.  *See*, *e.g.*, *Pernod Ricard USA, LLC*, 653 F.3d at 248 ("actual deception

or a tendency to deceive is presumed if a plaintiff proves that an advertisement is unambiguous and literally false") (citing *Novartis Consumer Health, Inc.*, 290 F.3d at 586); *Cashmere & Camel Mfrs. Inst. v. Saks Fifth Ave*., 284 F.3d 302, 314 (1st Cir. 2002) ("[w]hen a plaintiff demonstrates that a defendant has made a material misrepresentation that is literally false, there is no need to burden the plaintiff with the onerous task of demonstrating how consumers perceive the advertising"); *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000).

44.    "Where, as in this case, an advertisement is demonstrated to be literally false, the Court does not need to inquire into whether consumers were deceived or misled . . . as the court will assume that false statements actually mislead consumers." *POM Wonderful LLC v. Purely Juice, Inc*., No. CV-07-02633 CAS (JWJx), 2008 WL 4222045, *11 (C.D. Cal. July 17, 2008).

45.    As found above, Smashburger's "Double the Beef" advertisements are literally false.

46.    Furthermore, the advertisements are deceptive on their face because they suggest that customers purchasing Triple Double burgers will receive twice as much beef as they will actually receive.

47.    Accordingly, partial summary judgment is granted on the element of deceptiveness.

48.    The Lanham Act imposes liability for false advertising only where "the 'deception is material, in that it is likely to influence the purchasing decision. . . .'" *Rice*, 330 F.3d at 1181 (quoting *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 244 (9th Cir. 1990)).

49.    The materiality requirement is based on the premise that not all deceptions affect consumer decisions. *Johnson & Johnson Vision Care, Inc. v. 1–800 Contacts, Inc.*, 299 F.3d 1242, 1250 (11th Cir. 2002).

50.    A plaintiff may establish materiality by proving that "the defendants misrepresented an inherent quality or characteristic of the product." *Nat'l Basketball*

-25-

1   *Ass'n v. Motorola, Inc.*, 105 F.3d 841, 855 (2d Cir. 1997). *See POM Wonderful*,

2   2008 WL 4222045, *11 (materiality requirement can be established when defendant

3   misrepresented the inherent quality or characteristic of the product); *Sinai v. Bureau*

4   *of Automotive Repair*, No. C–92–0274–VRW, 1993 WL 341276, *2 (N.D. Cal. Sept.

5   1, 1993) (deception was material because the alleged misrepresentations "concern

6   the accuracy and usefulness of the information in [defendants'] manual and go to the

7   heart of the manual's appeal to consumers").

8        51.    Here, the amount of beef contained in Triple Double burgers is an

9   inherent characteristic of the burgers that is, on its face, material to the purchasing

10  decision.

11       52.    Consumers rely upon perceived value in deciding which products to

12  purchase.

13       53.    Thus, consumers are more likely to buy a product if they believe that

14  they are receiving more for their money as, where here, the consumers believe that

15  they are getting twice as much beef as they are actually getting.

16       54.    Here, Smashburger's new size offerings for its Colorado and Denver

17  locations demonstrate the materiality of the price difference between what customers

18  believed they were getting when they purchased the Triple Double burger and what

19  they actually got.

20       55.    At those locations, a regular burger costs $4.59, while an actual double

21  burger – one with two patties that are each the same size as the patty of a regular

22  burger – costs $6.99.

23       56.    The fact that Smashburger expects consumers to pay an additional

24  $2.40 to receive a second patty that is the same size as the patty on its regular burger

25  provides compelling confirmation that consumers would, in fact, find the "Double

26  the Beef" representation material to their purchasing decision.

27       57.    Accordingly, partial summary judgment is granted on the element of

28  materiality.

-26-

58.     By statute, "[t]he word 'commerce' means all commerce which may lawfully be regulated by Congress." 15 U.S.C. § 1127.

59.     "Use in commerce" is defined very broadly; for goods, for example, there is use in commerce when (1) a designation "is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale," and (2) "the goods are sold or transported in commerce." *Id.*

60.     Here, Smashburger has used its "Double the Beef" claims on displays (*i.e.*, menu boards at Smashburger restaurants) associated with its Triple Double burgers or their sale, and those burgers are sold in commerce.

61.     Furthermore, Smashburger has used its "Double the Beef" claims on documents associated with its Triple Double burgers or their sale, including advertisements and menus.

62.     Accordingly, partial summary judgment is granted on the element of interstate commerce.

63.     To establish the damages element of a false advertising claim, In-N-Out may show that it "is likely to be injured as a result of the false statement . . . by direct diversion of sales from itself to" Smashburger. *Southland Sod Farms*, 108 F.3d at 1139.

64.     Given the high degree of geographic overlap between In-N-Out restaurants and Smashburger restaurants, ██████████████████████████ ██████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████ it is likely that some customers who came to

PLAINTIFF' STATEMENT OF UNCONTROVERTED FACTS
AND CONCLUSIONS OF LAW, Case No 8:17-cv-1474-JVS-DFM

1  Smashburger as a result of "Double the Beef" claims would otherwise have gone to
2  In-N-Out.

3       65.    This likelihood of diverted sales is sufficient to demonstrate the lack of
4  a material issue of fact on the damages element of In-N-Out's false advertising
5  claim.

6       66.    Furthermore, the Ninth Circuit has "'generally presumed commercial
7  injury when defendant and plaintiff are direct competitors and defendant's
8  misrepresentation has a tendency to mislead consumers.'" *ThermoLife Int'l, LLC v.*
9  *Gaspari Nutrition Inc.*, 648 F. App'x 609, 615 (9th Cir. 2016) (quoting
10  *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 826 (9th Cir. 2011)).  *See Pipe*
11  *Restoration Techs., LLC v. Coast Building & Plumbing, Inc.*, No. 8:13-cv-00499-
12  JDE, 2018 WL 6012219, *4, 9 (C.D. Cal. 2018) ("[h]arm to Plaintiffs, competitors
13  of Defendants, is presumed").

14       67.    "This presumption is warranted even in false advertising cases because,
15  when competitors vie for the same customers, 'a misleading ad can upset their
16  relative competitive positions' and thereby cause injury." *ThermoLife Int'l, LLC*,
17  648 F. App'x at 615-16 (quoting *TrafficSchool.com, Inc.*, 653 F.3d at 827)
18  (confirming that the presumption applies to damages as well as to standing).

19       68.    Here, the evidence of direct competition and literal falsity create a
20  presumption that In-N-Out has suffered damages as a result of Smashburger's false
21  advertising. *See id.* at 616.

22       69.    Accordingly, partial summary judgment is granted on the element of
23  damages (but not on the amount of damages).

24

25

26

27

28

-28-

70.    Any conclusion of law deemed to be a finding of fact is hereby incorporated into the findings of fact.


Dated:  February __, 2019

_____
Honorable James V. Selna.
Judge, United States District Court


Dated:  January 2, 2019

Submitted by:

CAROLYN S. TOTO
JEFFREY D. WEXLER
SARKIS A. KHACHATRYAN
PILLSBURY WINTHROP SHAW PITTMAN LLP


By:   /s/ Carolyn S. Toto
          Carolyn S. Toto
    Attorneys for Plaintiff and
    Counterdefendant IN-N-OUT BURGERS