CAROLYN S. TOTO (SBN 233825)
carolyn.toto@pillsburylaw.com
JEFFREY D. WEXLER (SBN 132256)
jeffrey.wexler@pillsburylaw.com
SARKIS A. KHACHATRYAN (SBN 293991)
sarkis.khachatryan@pillsburylaw.com
PILLSBURY SHAW WINTHROP PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile No.: (213) 629-1033

Attorneys for Plaintiff and Counterdefendant
IN-N-OUT BURGERS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| IN-N-OUT BURGERS, a California corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SMASHBURGER IP HOLDER LLC, a Delaware limited liability company; and SMASHBURGER FRANCHISING LLC, a Delaware limited liability company,<br><br>                    Defendants. | Case No. 8:17-cv-1474-JVS-DFM<br><br>**PLAINTIFF AND COUNTERDEFENDANT IN-N-OUT BURGERS' REPLY STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE LIABILITY ON FALSE ADVERTISING CLAIM**<br><br>**[PUBLICLY FILED VERSION]** |
| SMASHBURGER IP HOLDER LLC, and SMASHBURGER FRANCHISING LLC,<br><br>                    Counterclaimants,<br><br>        vs.<br><br>IN-N-OUT BURGERS,<br><br>                    Counterdefendant. | Date:        February 4, 2019<br>Time:        1:30 p.m.<br>Courtroom: 10C<br><br>Judge:  Hon. James V. Selna<br><br>Fact Discovery Cut-Off: Apr. 19, 2019<br>Pre-Trial Conference: Sept. 9, 2019<br>Trial Date:        Sept. 24, 2019 |

Pursuant to Local Rule 56-1, Plaintiff and Counterdefendant In-N-Out Burgers ("In-N-Out") hereby submits this Reply Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Partial Summary Judgment re Liability on False Advertising Claim against Defendants and Counterclaimants Smashburger IP Holder LLC ("Smashburger IP") and Smashburger Franchising LLC ("Smashburger Franchising") (collectively, "Smashburger").

In-N-Out notes that Smashburger makes a substantial number of factual statements in its opposition memorandum without including those facts as additional facts in its Statement of Genuine Disputes, in violation of Local Rule 56-2's requirement that "[a]ny party who opposes the motion shall serve and file with the opposing papers a separate document containing a concise 'Statement of Genuine Disputes' setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." *Id.*

## I.  IN-N-OUT'S STATEMENT OF UNCONTROVERTED FACTS

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| 1.     Smashburger issued a July 11, 2017 press release stating that it was adding the "Triple Double" burger to its national menu. *Evidence:*  July 11, 2017 press release (Ex. A to Declaration of Jeffrey D. Wexler ("Wexler Decl.")); Wexler Decl., ¶ 2 (authenticating Ex. A). | Disputed that either of the named defendants issued the subject press release.  Declaration of Ty Lufman in Opposition to Motion for Leave to Amend, dkt. no. 82-2 ("Orig. Lufman Decl."), ¶¶ 2-4. |
| 1.     *In-N-Out's Response*:  Smashburger does not dispute that the press release was issued or that it so states.  In-N-Out seeks partial summary judgment as to the | |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* April 30, 2018 Smashburger Franchise Disclosure Document (the "Smashburger Franchise Disclosure") (Ex. A to Reply Declaration of Jeffrey Wexler in Support of Motion for Leave to Amend filed on September 6, 2018 [Dkt. 106-1] ("Wexler Motion to Amend Reply Decl.")). | |
| 2.      The press release described the Triple Double burger as "the stuff burger dreams are made of . . . two layers of juicy beef, three layers of melted cheese, wrapped in an artisan bun. . . .  It's Smashburger's beefiest, cheesiest burger to date. . . ." <br> *Evidence:*  July 11, 2017 press release (Ex. A to Wexler Decl.); Wexler Decl., ¶ 2 (authenticating Ex. A). | Disputed that either of the named defendants issued the subject press release.  Orig. Lufman Decl. ¶¶ 2-4. |
| 2.      *In-N-Out's Response*:  Smashburger does not dispute that the press release so states.  In-N-Out seeks partial summary judgment as to the elements of the false | |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| advertising claim, not as to the liability of the named defendants for false advertising. In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities. *See* Orig. Lufman Decl., ¶ 3. Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 3.    As of September 19, 2017, Smashburger began offering its Bacon Triple Double burger, a Triple Double burger with bacon. *Evidence*: September 15, 2017 e-mail from David Martinelli of Smashburger to all corporate restaurants, Market Supervisors, and Ops Excellence (Ex. B to Wexler Decl.); Wexler Decl., ¶ 3 (authenticating Ex. B). | Disputed that either of the named defendants own any restaurants. Orig. Lufman Decl. ¶¶ 2–4. |
| 3.    *In-N-Out's Response*: Smashburger does not dispute that Smashburger restaurants began offering the Bacon Triple Double burger as of September 19, 2017. In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising. In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the | |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities. *See* Orig. Lufman Decl., ¶ 3. Smashburger Franchising, which governs the franchise restaurants, *see id*., ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 4.      On or about May 8, 2018, Smashburger began offering its Pub Triple Double burger, a Triple Double burger on a pretzel bun.<br>*Evidence*:  May 5, 2018 Smashburger Instagram post (Ex. C to Wexler Decl.); screenshot of Smashburger's Instagram post dated May 8, 2018 (Ex. T to Wexler Decl.); Wexler Decl., ¶¶ 4, 14 (authenticating Exs. B and T). | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4. |
| 4.      *In-N-Out's Response*:  Smashburger does not dispute that Smashburger restaurants began offering the Pub Triple Double burger on or about May 8, 2018. In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it | |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| to other Smashburger entities. *See* Orig. Lufman Decl., ¶ 3. Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 5.      According to Smashburger's recipe cards, the Triple Double burger and the Bacon Triple Double burger each have two patties that each weigh **2.5 ounces** prior to cooking. *Evidence:* Smashburger's January 30, 2018 recipe cards for Triple Double burger and Bacon Triple Double burger (Exs. D and E to Wexler Decl.); In-N-Out's Sixth Set of Requests for Admissions at 2 (defining "TRIPLE DOUBLE HAMBURGER" as referring collectively to the Triple Double hamburger, the Bacon Triple Double hamburger, and the Pub Triple Double hamburger), Request for Admission No. 159 (Ex. FF to Wexler Decl.); Smashburger's Response to | Disputed that either of the named defendants own any restaurants. Orig. Lufman Decl. ¶¶ 2–4. Further disputed that all triple double burgers have such weight. Ex. FF to Wexler Decl.; Ex. DD to Wexler Decl. |

-6-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Request for Admission No. 159 (Ex. GG to Wexler Decl.); Wexler Decl., ¶¶ 5, 25 (authenticating Exs. D, E, FF, and GG). | |
| 5.      *In-N-Out's Response*:  Smashburger does not dispute that the recipe cards show that the Triple Double burger and the Bacon Triple Double burger each have two patties that each weigh 2.5 ounces prior to cooking.  In-N-Out's motion is not directed towards Smashburger's recently introduced double hamburger which contains larger patties, *see* Memo. at 1 n.2; the new double hamburger is called the Triple Double Smashburger, presumably to distinguish it from the Triple Double burger, *see* Wexler Decl., Ex. DD (screenshot from Smashburger's website of a web page titled "CO & Dallas Update," taken on December 24, 2018); *id.*, Ex. EE (Smashburger's Addison, Texas location, downloaded on December 24, 2018); Wexler Decl., ¶ 23 (authenticating Exs. DD and EE).  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 6.      The Pub Triple Double also contains two patties that each | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| weigh **2.5 ounces** prior to cooking. *Evidence:* April 3, 2018 e-mail from Mr. Martinelli to domestic Franchise Owners/Operators (Ex. I to Wexler Decl.); In-N-Out's Sixth Set of Requests for Admissions at 2 (defining "TRIPLE DOUBLE HAMBURGER" as referring collectively to the Triple Double hamburger, the Bacon Triple Double hamburger, and the Pub Triple Double hamburger), Request for Admission No. 159 (Ex. FF to Wexler Decl.); Smashburger's Response to Request for Admission No. 159 (Ex. GG to Wexler Decl.); Wexler Decl., ¶¶ 6, 25 (authenticating Exs. I, FF, and GG). | 2–4.  Further disputed that all triple double burgers have such weight.  Ex. FF to Wexler Decl.; Ex. DD to Wexler Decl. |

6.      *In-N-Out's Response*:  Smashburger does not dispute that the recipe cards show that the Pub Triple Double also contains two patties that each weigh 2.5 ounces prior to cooking.  In-N-Out's motion is not directed towards Smashburger's recently introduced double hamburger which contains larger patties, *see* Memo. at

-8-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|

1 n.2; the new double hamburger is called the Triple Double Smashburger, presumably to distinguish it from the Triple Double burger, *see* Wexler Decl., Ex. DD (screenshot from Smashburger's website of a web page titled "CO & Dallas Update," taken on December 24, 2018); *id.*, Ex. EE (Smashburger's Addison, Texas location, downloaded on December 24, 2018); Wexler Decl., ¶ 23 (authenticating Exs. DD and EE). In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising. In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities. *See* Orig. Lufman Decl., ¶ 3. Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).

| | |
|---|---|
| 7. The recipe cards for the Triple Double burger and the Bacon Triple Double burger refer to the patties as "**P-BURGER PATTY KID/SMALL (2.5 OZ)**." <br><br> *Evidence:* Smashburger's January 30, 2018 recipe cards for Triple Double burger and Bacon Triple Double burger (Exs. G and H to | Disputed that either of the named defendants own any restaurants. Orig. Lufman Decl. ¶¶ 2–4. Further disputed that all triple double burgers have such weight. Ex. FF to Wexler Decl.; Ex. DD to Wexler Decl. |

-9-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Wexler Decl.) (emphasis added); Wexler Decl., ¶ 5 (authenticating Exs. G and H). | |

7.     *In-N-Out's Response*:  Smashburger does not dispute that the recipe cards for the Triple Double burger and the Bacon Triple Double burger refer to the patties as "P-BURGER PATTY KID/SMALL (2.5 OZ)."  In-N-Out's motion is not directed towards Smashburger's recently introduced double hamburger which contains larger patties, *see* Memo. at 1 n.2; the new double hamburger is called the Triple Double Smashburger, presumably to distinguish it from the Triple Double burger, *see* Wexler Decl., Ex. DD (screenshot from Smashburger's website of a web page titled "CO & Dallas Update," taken on December 24, 2018); *id.*, Ex. EE (Smashburger's Addison, Texas location, downloaded on December 24, 2018); Wexler Decl., ¶ 23 (authenticating Exs. DD and EE).  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).

| 8.     Smashburger's Kid/Small burger is made with a single patty that weighs 2.5 ounces prior to | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4. |
|---|---|

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| cooking.<br><br>*Evidence:*  Smashburger's January 30, 2018 recipe cards for (1) Kid Burger with Cheese and Kids Fries and (2) Add Small Burger (Exs. G and H to Wexler Decl.); Wexler Decl., ¶ 5 (authenticating Exs. G and H). | |

8.      *In-N-Out's Response*:  Smashburger does not dispute that Smashburger's Kid/Small burger is made with a single patty that weighs 2.5 ounces prior to cooking.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).

| | |
|---|---|
| 9.      Smashburger's Classic Smash burger is made with a single patty that weighs **5.0 ounces** prior to cooking.<br><br>*Evidence:*  Smashburger's January 30, 2018 recipe card for Classic | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4.  Further disputed that the Classic Smash burger is only made with a single patty that weighs 5 ounces prior to cooking, as it is available in three different sizes at most |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Smash burger (Ex. F to Wexler Decl.) (emphasis added); Wexler Decl., ¶ 5 (authenticating Ex. F). | Smashburger locations.  Declaration of Ty Lufman, filed concurrently herewith ("Lufman Decl."), at ¶ 2.  Declaration of Mark A. Finkelstein, filed concurrently herewith ("Finkelstein Decl."), at ¶ 5, Ex. E. |

9.      *In-N-Out's Response*:  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). Smashburger's menu shows only one size of "CLASSIC SMASH™"; the small patty on the menu is identified as "KIDS SMASH™" (with no reference to "CLASSIC"), and the large patty on the menu is referenced only as "ADD A PATTY (+$ REG / +$ BIG)," with no reference to "CLASSIC" or "SMASH."  *See* Wexler Decl., Ex. O (Smashburger menu for Smashburger's Culver City location downloaded on December 19, 2018); *id.*, ¶ 9 (authenticating Ex. O). Smashburger's own evidence confirms that the 5.0-ounce burger is the "Classic Smash" and the 2.5-ounce burger is the "Classic **Small** Smash."  *See* Lufman Decl., ¶ 2; Finkelstein Decl., ¶¶ 5-6, Exs. E, F (receipts showing purchase of "Classic Small Smash" and "Classic Smash") (emphasis added).

| 10.      The recipe card for the | Disputed that either of the named defendants |
|---|---|

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Classic Smash burger refers to the patty as "P-BURGER PATTY REGULAR (5.0 OZ)." *Evidence:*  Smashburger's January 30, 2018 recipe card for Classic Smash burger (Ex. F to Wexler Decl.); Wexler Decl., ¶ 5 (authenticating Ex. F). | own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4. |

10.    *In-N-Out's Response*:  Smashburger does not dispute that the recipe card for the Classic Smash burger refers to the patty as "P-BURGER PATTY REGULAR (5.0 OZ)."  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).

| | |
|---|---|
| 11.    To verify the weight of Smashburger's burgers as served in its restaurants, counsel for In-N-Out on June 27, 2018 purchased a Triple Double burger and a Classic Smash burger (both | Disputed that either of the named defendants own any restaurants. Orig. Lufman Decl. ¶¶ 2–4.  Further, while Mr. Wexler's statements are not disputed at this time for the purposes of this motion, he does not indicate what size Classic Smash he ordered, and it is available |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| without cheese) from a Smashburger restaurant in Culver City.  Counsel weighed the patties and determined that the Triple Double burger had two cooked patties weighing 1.5 ounces each while the Classic Smash burger had a single cooked patty weighing 2.8 ounces. *Evidence:*  Wexler Decl., ¶ 7, Exs. J-L (photographs of scale showing weighing of patties). | in three different sizes at most Smashburger restaurants.  Lufman Decl. ¶ 2; Finkelstein Decl. ¶ 5, Ex. E. |

11.     *In-N-Out's Response*:  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id*., ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). Smashburger's assertion that In-N-Out's counsel "does not indicate what size Classic Smash he ordered" disregards the fact that the menu for the Culver City location at which he purchased the Classic Smash shows only one size of "CLASSIC SMASH™"; the small patty on the menu is identified as "KIDS

-14-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| SMASH™" (with no reference to "CLASSIC"), and the large patty on the menu is referenced only as "ADD A PATTY (+$ REG / +$ BIG)," with no reference to "CLASSIC" or "SMASH." *See* Wexler Decl., Ex. O (Smashburger menu for Smashburger's Culver City location downloaded on December 19, 2018); *id.*, ¶ 9 (authenticating Ex. O). Smashburger's own evidence confirms that the 5.0-ounce burger is the "Classic Smash" and the 2.5-ounce burger is the "Classic **Small** Smash." *See* Lufman Decl., ¶ 2; Finkelstein Decl., ¶¶ 5-6, Exs. E, F (receipts showing purchase of "Classic Small Smash" and "Classic Smash"). ||
| 12.    In response to In-N-Out's Request for Admission No. 161 asking Smashburger to "[a]dmit that the TRIPLE DOUBLE HAMBURGERS do not have double the amount of beef, by weight, of the regular Classic Smash hamburger," Smashburger responded, "[a]s of the date of this response, to the extent this request's use of the term 'regular' refers to a Classic Smash with approximately 5.0 ounce pre-cooked patty, **Defendants admit that the Triple Double burger does not contain a total of 10 ounces of beef.**" *Evidence*: In-N- | Undisputed. |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Out's Request for Admission No. 161 (Ex. FF to Wexler Decl.); Smashburger's Response to Request for Admission No. 161 (Ex. GG to Wexler Decl.) (emphasis added); Wexler Decl., ¶ 25 (authenticating Exs. FF and GG). | |
| 12.    *In-N-Out's Response*:  Undisputed by Smashburger. | |
| 13.    Smashburger has advertised its Triple Double burgers with a number of slogans that include the phrase "Double the Beef" (including, but not limited to, the slogans "Double the Beef," "Triple the Cheese, Double the Beef," "Triple the Cheese, Double the Beef in Every Bite," "Triple the Cheese, Double the Beef, Triple the Options," and "Classic Smash™ Beef Build with triple the cheese & double the beef in every bite") or denote two times the beef (including, but not limited to, the slogan "2x Fresh | Disputed that either of the named defendants purchase or run any advertisements.  Orig. Lufman Decl. ¶¶ 2–4. |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Never-Frozen Beef"). *Evidence:* Wexler Decl., Ex. A (Smashburger's July 11, 2017 press release); *id.*, Ex. B (Smashburger menu board image as of September 19, 2017); *id.*, Ex. N (menu page on Smashburger's website as of December 19, 2018); *id.*, Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); *id.*, Ex. P (screenshot of main page of Smashburger's website as of August 28, 2017); *id.*, Ex. Q (screenshot of main page of Smashburger's website as of June 12, 2018); *id.*, Exs. R, S (photographs of display and menu board at Smashburger's restaurant at L.A. Live in downtown Los Angeles as of May 15, 2018); *id.*, Exs. T, U (screenshots of Smashburger's Instagram posts dated May 8, 2018 and June 5, 2018); *id.*, Ex. V (screenshot from | |

-17-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| a Smashburger television advertisement for its Triple Double burger); *id.*, Ex. W (bus shelter advertisement for Triple Double burgers); Wexler Decl., ¶¶ 2, 3, 9-16 (authenticating Exs. A, B, and N-W). | |

13.    *In-N-Out's Response*:  Smashburger does not dispute that Smashburger has advertised its Triple Double burgers with a number of slogans that include the phrase "Double the Beef."  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).

| 14.    Such slogans appear in, among other places, menus, displays, and advertisements at Smashburger restaurants and on the Smashburger website and social media accounts, television | Disputed that either of the named defendants purchase or run any advertisements.  Orig. Lufman Decl. ¶¶ 2–4. |

-18-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| commercials, bus shelters, and press releases.<br><br>*Evidence:*  Wexler Decl., Ex. A (Smashburger's July 11, 2017 press release); *id.*, Ex. B (Smashburger menu board image as of September 19, 2017); *id.*, Ex. N (menu page on Smashburger's website as of December 19, 2018); *id.*, Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); *id.*, Ex. P (screenshot of main page of Smashburger's website as of August 28, 2017); *id.*, Ex. Q (screenshot of main page of Smashburger's website as of June 12, 2018); *id.*, Exs. R, S (photographs of display and menu board at Smashburger's restaurant at L.A. Live in downtown Los Angeles as of May 15, 2018); *id.*, Exs. T, U (screenshots of Smashburger's Instagram posts dated May 8, 2018 and June 5, | |

-19-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| 2018); *id.*, Ex. V (screenshot from a Smashburger television advertisement for its Triple Double burger); *id.*, Ex. W (bus shelter advertisement for Triple Double burgers); Wexler Decl., ¶¶ 2, 3, 9-16 (authenticating Exs. A, B, and N-W). | |
| 14.    *In-N-Out's Response*:  Smashburger does not dispute that the slogans appear in, among other places, menus, displays, and advertisements at Smashburger restaurants and on the Smashburger website and social media accounts, television commercials, bus shelters, and press releases.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 15.    The slogan "Classic Smash™ Beef Build with triple the cheese & double the beef in every bite" is used on | Disputed that either of the named defendants purchase or run any advertisements.  Orig. Lufman Decl. ¶¶ 2–4.  Further disputed that the reference to the Classic Smash Beef build |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Smashburger's menus with regard to the Triple Double burger. *Evidence:* Wexler Decl., Ex. N (menu page on Smashburger's website as of December 19, 2018); *id.*, Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); Wexler Decl., ¶¶ 9, 10 (authenticating Exs. N and O). | is to the size of the patties, rather than the "build" of the burger (lettuce, tomatoes, onions, pickles). Wexler Decl., Ex. O. Further disputed as to the capitalizations in the quote. *Id.* |

15.    *In-N-Out's Response*:  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).  The cited evidence does not support Smashburger's contention that the reference to "Classic Smash™ Beef build" refers to only "lettuce, tomatoes, onions, pickles," but not to "the size of the patties."  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* April 3, 2018 e-mail from David Martinelli to domestic Franchise Owners/Operators (Ex. I to Wexler Decl.); November 11, 2016 e-mail from Andrew Selvaggio to Tom Ryan

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| (Ex. KK to Supplemental Declaration of Jeffrey D. Wexler ("Supp. Wexler Decl."); March 27, 2017 e-mail from Andrew Selvaggio to Tom Ryan and Charlie Sayre (Ex. LL to Supp. Wexler Decl.); February 26, 2018 e-mail from Andrew Selvaggio to Tom Ryan (Ex. MM to Supp. Wexler Decl.); Wexler Decl., ¶ 6 (authenticating Ex. I); Supp. Wexler Decl., ¶¶ 3-5 (authenticating Exs. KK, LL, and MM).  (Smashburger is correct that "build" is not capitalized in the menu.) | |
| 16.    Beneath that statement on the menu is a reference to a burger described as the "Classic Smash™".  *Evidence*:  Wexler Decl., Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); Wexler Decl., ¶ 10 (authenticating Ex. O). | Disputed that either of the named defendants purchase or run any advertisements.  Orig. Lufman Decl. ¶¶ 2–4.  Further disputed that the reference to the Classic Smash Beef build is to the size of the patties, rather than the "build" of the burger (lettuce, tomatoes, onions, pickles).  Wexler Decl., Ex. O. |
| 16.    *In-N-Out's Response*:  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" | |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).  The cited evidence does not support Smashburger's contention that the reference to "Classic Smash™ Beef build" refers to only "lettuce, tomatoes, onions, pickles," but not to "the size of the patties." ███████████████████ ███████████████████████ *See* April 3, 2018 e-mail from David Martinelli to domestic Franchise Owners/Operators (Ex. I to Wexler Decl.); November 11, 2016 e-mail from Andrew Selvaggio to Tom Ryan (Ex. KK to Supp. Wexler Decl.; March 27, 2017 e-mail from Andrew Selvaggio to Tom Ryan and Charlie Sayre (Ex. LL to Supp. Wexler Decl.); February 26, 2018 e-mail from Andrew Selvaggio to Tom Ryan (Ex. MM to Supp. Wexler Decl.); Wexler Decl., ¶ 6 (authenticating Ex. I); Supp. Wexler Decl., ¶¶ 3-5 (authenticating Exs. KK, LL, and MM). | |
| 17.     Under the "Craft Your Own" section, the menu refers to the option to "ADD A PATTY (+$ REG / +$ BIG)," without any reference to a small patty.  *Evidence*:  Wexler Decl., Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); Wexler | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4. |

-23-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Decl., ¶ 10 (authenticating Ex. O). | |
| 17.     *In-N-Out's Response*:  Smashburger does not dispute that the menu so states.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 18.     *Evidence:*  December 16, 2016 e-mail from Mr. Martinelli to Franchise Owners/Operators (Ex. M to Wexler Decl.); July 11, 2017 press release (Ex. A to Wexler Decl.); Wexler Decl., ¶¶ 2, 8 (authenticating Exs. A and M). | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4.  Further disputed to the extent this statement implies that small patties may no longer be ordered at Smashburger restaurants since, at most Smashburger restaurants, the hamburgers are available in three different patty sizes.  Lufman Decl. ¶ 2; Finkelstein Decl. ¶ 5, Ex. E. |
| 18.     *In-N-Out's Response*:  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named | |

-24-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| defendants for false advertising. In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities. *See* Orig. Lufman Decl., ¶ 3. Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). ████████████████████████████ ████████████████████████████ ██████ Furthermore, Smashburger's evidence that it is possible to order hamburgers in three different patty sizes does not change the fact that the menu shows only one size of "CLASSIC SMASH™"; the small patty on the menu is identified as "KIDS SMASH™" (with no reference to "CLASSIC"), and the large patty on the menu is referenced only as "ADD A PATTY (+$ REG / +$ BIG)," with no reference to "CLASSIC" or "SMASH." *See* Wexler Decl., Ex. O (Smashburger menu for Smashburger's Culver City location downloaded on December 19, 2018); *id.*, ¶ 9 (authenticating Ex. O). | |
| 19. The menu includes a "KIDS MEALS" section, under which one of the options is a "KIDS SMASH." *Evidence:* Wexler Decl., Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); Wexler | Disputed that either of the named defendants own any restaurants. Orig. Lufman Decl. ¶¶ 2–4. |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Decl., ¶ 10 (authenticating Ex. O). | |
| 19.    *In-N-Out's Response*:  Smashburger does not dispute that the menu so states.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id*., ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 20.    The slogan "Triple the Cheese, Double the Beef in Every Bite" is used by Smashburger in various displays and advertisements, including on its menu, on its website, and on bus stop shelters.  *Evidence:*  Wexler Decl., Ex. A (Smashburger's July 11, 2017 press release); *id.*, Ex. B (Smashburger menu board image as of September 19, 2017); *id.*, Ex. N (menu page on Smashburger's website as of | Disputed that either of the named defendants purchase or run any advertisements.  Orig. Lufman Decl. ¶¶ 2–4. |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| December 19, 2018); *id.*, Ex. O (Smashburger menu posted on Smashburger's website as of December 19, 2018); *id.*, Ex. P (screenshot of main page of Smashburger's website as of August 28, 2017); *id.*, Ex. S (photograph of display and menu board at Smashburger's restaurant at L.A. Live in downtown Los Angeles as of May 15, 2018); *id.*, Ex. W (bus shelter advertisement for Triple Double burgers); Wexler Decl., ¶¶ 2, 3, 9-11, 13, 16 (authenticating Exs. A, B, N-P, S, and W). | |

20.   *In-N-Out's Response*:  Smashburger does not dispute that this slogan is used in these types of advertisements.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see*

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 21.     The slogan "Triple the Cheese, Double the Beef," without the phrase "in Every Bite," is used in other Smashburger displays and advertisements. *Evidence:* Wexler Decl., Ex. A (Smashburger's July 11, 2017 press release); *id.*, Ex. Q (screenshot of main page of Smashburger's website as of June 12, 2018); *id.*, Ex. R (photograph of displays at Smashburger's restaurant at L.A. Live in downtown Los Angeles as of May 15, 2018); *id.*, Exs. T, U (screenshots of Smashburger's Instagram posts dated May 8, 2018 and June 5, 2018); Wexler Decl., ¶¶ 2, 12-14 (authenticating Exs. A, Q, R, T, and U). | Disputed that either of the named defendants purchase or run any advertisements.  Orig. Lufman Decl. ¶¶ 2–4. |
| 21.     *In-N-Out's Response*:  Smashburger does not dispute that this slogan is used in these types of advertisements.  In-N-Out seeks partial summary judgment as to | |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 22.     For example: (1) Smashburger's July 11, 2017 press release quotes Smashburger CEO Tom Ryan as stating the Triple Double burger contains "[d]ouble the juicy, caramelized beef"; (2) Smashburger has advertisements and social media posts using the slogan "Triple the Cheese, Double the Beef, Triple the Options"; and (3) Smashburger has restaurant displays and social media posts for the Pub Triple Double stating "Triple the Cheese and Double the Beef Topped with Garlic Grilled | Disputed that either of the named defendants purchase or run any advertisements.  Orig. Lufman Decl. ¶¶ 2–4. |

-29-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Onions & Gulden's® Mustard All on a Pretzel Bun." *Evidence:* Wexler Decl., Ex. A (Smashburger's July 11, 2017 press release); *id.*, Ex. Q (screenshot of main page of Smashburger's website as of June 12, 2018); *id.*, Ex. R (photograph of displays at Smashburger's restaurant at L.A. Live in downtown Los Angeles as of May 15, 2018); *id.*, Exs. T, U (screenshots of Smashburger's Instagram posts dated May 8, 2018 and June 5, 2018); Wexler Decl., ¶¶ 2, 12-14 (authenticating Exs. A, Q, R, T, and U). | |

22.    *In-N-Out's Response*:  Smashburger does not dispute that these statements have been used in these press releases and advertisements.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs

-30-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 23.     Smashburger has used the slogan "2x Fresh Never-Frozen Beef" in at least one commercial. *Evidence:*  Wexler Decl., Ex. V (screenshot from a Smashburger television advertisement for its Triple Double burger); Wexler Decl., ¶ 15 (authenticating Ex. V). | Disputed that either of the named defendants purchase or run any advertisements.  Orig. Lufman Decl. ¶¶ 2–4. |
| 23.     *In-N-Out's Response*:  Smashburger does not dispute that this slogan is used in these types of advertisements.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 24.     According to In-N-Out's website, In-N-Out has 343 restaurants, with 32 locations in | Undisputed. |

-31-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Arizona, 243 locations in California, 19 locations in Nevada, two locations in Oregon, 37 locations in Texas, and 10 locations in Utah.<br>*Evidence:* Wexler Decl., ¶ 17, Ex. X (screenshots from In-N-Out's website). | |
| 24.   *In-N-Out's Response*:  Undisputed by Smashburger. | |
| 25.   According to Smashburger's website, Smashburger has 323 restaurants in the United States, with 28 locations in Arizona, 31 locations in California, nine locations in Nevada, 34 locations in Texas, and six locations in Utah.<br>*Evidence:* Wexler Decl., ¶ 18, Ex. Y (screenshots from Smashburger's website). | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4.  Further disputed to the extent this implies that Smashburger does not have restaurants in other locations. https://locations.smashburger.com/unitedstates reflects 322 restaurants in the United States, with 28 locations in Arizona, 31 locations in California, 9 locations in Nevada, 34 locations in Texas, and 6 locations in Utah, but with locations also in Alabama, Alaska, Arkansas, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New York, |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| | North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, Utah, Virginia, Washington, and Wisconsin. |

25.    *In-N-Out's Response*:  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).  Undisputed that Smashburger has locations in states other than those identified, as the fact indicates by stating that Smashburger has 323 locations in the United States and identifying 108 locations in the five identified states.

| 26.    A significant majority of Smashburger's restaurants in the states where In-N-Out has restaurants are located in close proximity to In-N-Out restaurants. *Evidence:*  Wexler Decl., ¶¶ 19, 19.a, Ex. Z (screenshots using In-N-Out website's store locator to identify In-N-Out locations near | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4.  Further disputed as to the vague terms "significant majority" and "close proximity." Wexler Decl., Ex. Z shows many restaurants supposedly in "close proximity," which are actually as far as 20 miles away |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| towns where Smashburger restaurants are located). | |
| 26.     *In-N-Out's Response*:  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). Information clarifying "significant majority" and "close proximity" is set forth in paragraphs 19.b – 19.e of the Wexler Declaration and Exhibit Z thereto. Exhibit Z to the Wexler Declaration provides information concerning the proximity to In-N-Out restaurants of all Smashburger restaurants that are located in states where both Smashburger and In-N-Out have locations, without indicating that all such restaurants are in "close proximity" to In-N-Out restaurants.  The Wexler Declaration refers to the Smashburger restaurant (in Funner, California) that is located 20 miles away from four In-N-Out restaurants as one of the three Smashburger restaurants in California that is not located in, or within six miles, of the town of an In-N-Out restaurant.  *See* Wexler Decl., ¶ 19.c, Ex. Z, at 12. Smashburger does not dispute that paragraphs 19.b – 19.e of the Wexler Declaration accurately states the proximity of Smashburger restaurants to In-N-Out restaurants, as set forth in Exhibit Z to that declaration. | |
| 27.    There are In-N-Out | Disputed that either of the named defendants |

-34-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| restaurants in, or within five miles of, the towns of all but two of Smashburger's restaurants in Arizona (and one of those two Smashburger restaurants is located within 12.5 miles of four In-N-Out restaurants). *Evidence:* Wexler Decl., ¶¶ 19, 19.b, Ex. Z, at 1-7 (screenshots using In-N-Out website's store locator to identify In-N-Out locations near towns in Arizona where Smashburger restaurants are located). | own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4. |

27.     *In-N-Out's Response*:  Smashburger does not dispute the stated proximity between the In-N-Out restaurants and the Smashburger restaurants.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id*., ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).

-35-

PLAINTIFF IN-N-OUT BURGERS' REPLY STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW, Case No 8:17-cv-1474-JVS-DFM 4833-3921-8310.v1

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| 28.    There are In-N-Out restaurants in, or within six miles of, the towns of all but three of Smashburger's restaurants in California (and two of those three Smashburger restaurants are each located within nine miles of two In-N-Out restaurants). *Evidence:*  Wexler Decl., ¶¶ 19, 19.c, Ex. Z, at 8-19 (screenshots using In-N-Out website's store locator to identify In-N-Out locations near towns in California where Smashburger restaurants are located). | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4. |

28.    *In-N-Out's Response*:  Smashburger does not dispute the stated proximity between the In-N-Out restaurants and the Smashburger restaurants.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise

-36-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 29.     There are In-N-Out restaurants in, or within 3.4 miles of, the towns of all but one of Smashburger's restaurants in Nevada and Utah (and that Smashburger restaurant is located within 12 miles of four In-N-Out restaurants). *Evidence:*  Wexler Decl., ¶¶ 19, 19.d, Ex. Z, at 20, 29-31 (screenshots using In-N-Out website's store locator to identify In-N-Out locations near towns in Nevada and Utah where Smashburger restaurants are located). | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4. |

29.     *In-N-Out's Response*:  Smashburger does not dispute the stated proximity between the In-N-Out restaurants and the Smashburger restaurants.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising,

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 30.     In Texas, there are In-N-Out restaurants in, or within 6.2 miles of, the towns of 12 Smashburger restaurants. *Evidence:* Wexler Decl., ¶¶ 19, 19.e, Ex. Z, at 21-29 (screenshots using In-N-Out website's store locator to identify In-N-Out locations near towns in Texas where Smashburger restaurants are located). | Disputed that either of the named defendants own any restaurants. Orig. Lufman Decl. ¶¶ 2–4. |

30.     *In-N-Out's Response*: Smashburger does not dispute the stated proximity between the In-N-Out restaurants and the Smashburger restaurants. In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising. In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities. *See* Orig. Lufman Decl., ¶ 3. Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| 31.  *Evidence:* December 2014 Smashburger Competitive Position Assessment prepared by Market Perceptions for Smashburger (Ex. AA to Wexler Decl.); Wexler Decl., ¶ 20 | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4.  Further disputed that a 2014 report has any bearing on current customer overlap, and that report is being objected to.  In addition, In-N-Out does not consider Smashburger to be a competitor to In-N-Out. Finkelstein Decl., Ex. C ("Barnard Depo."), at 74:19–75:4, 88:7-12; Ex. D ("Lee Depo."), at 48:8-49:9. |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| (authenticating Ex. AA). | |
| 31.    *In-N-Out's Response*:  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).  ██████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████  Neither Mr. Barnard nor Ms. Lee were designated by In-N-Out as a Rule 30(b)(6) witness with regard to competitors, so Smashburger is wrong in saying that "In-N-Out" does not consider Smashburger to a competitor to In-N-Out.  In any event, Mr. Barnard testified only that "I don't consider us having competitors in our space, direct competitors," Barnard Decl. at 74:21 – 75:4 (Ex. C to Finkelstein Decl.) [Dkt. 156-1], and Ms. Lee testified only that "I personally don't pay attention to competitors, so I don't really know," Lee Decl. at 48:20 – 49:9 (Ex. D to Finkelstein Decl.) [Dkt. 156-1].  Smashburger has introduced no evidence to dispute that it considers In-N-Out a competitor. | |
| 32.    ████████████████ ██████████████████████ ██████████████████████ ████████████████████ | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4.  Further, In-N-Out does not consider Smashburger to be a competitor to In-N-Out. |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| ▮▮▮▮▮▮▮▮▮<br><br>*Evidence:* Smashburger's 2017 Marketing Update (Ex. BB to Wexler Decl.); Wexler Decl., ¶ 21 (authenticating Ex. BB). | Finkelstein Decl., Ex. C ("Barnard Depo."), at 74:19–75:4, 88:7-12; Ex. D ("Lee Depo."), at 48:8-49:9.  Further disputed as to In-N-Out's characterization of the exhibit. |

32.     *In-N-Out's Response*:  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).  Neither Mr. Barnard nor Ms. Lee were designated by In-N-Out as a Rule 30(b)(6) witness with regard to competitors, so Smashburger is wrong in saying that In-N-Out does not consider Smashburger to a competitor to In-N-Out.  In any event, Mr. Barnard testified only that "I don't consider us having competitors in our space, direct competitors," Barnard Decl. at 74:21 – 75:4 (Ex. C to Finkelstein Decl.) [Dkt. 156-1], and Ms. Lee testified only that "I personally don't pay attention to competitors, so I don't really know," Lee Decl. at 48:20 – 49:9 (Ex. D to Finkelstein Decl.) [Dkt. 156-1].  Smashburger has introduced no evidence to dispute that it considers In-N-Out a competitor.  Smashburger does not indicate why it disputes In-N-Out's characterization of the exhibit.

| 33.     ▮▮▮▮▮▮▮▮ | Disputed that either of the named defendants |
|---|---|

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| ███████████████<br>████████████<br>███████████████<br>█████████████<br>*Evidence:* September 30, 2016 e-mail from Dennis Smythe to Tom Ryan (Ex. CC to Wexler Decl.); Wexler Decl., ¶ 22 (authenticating Ex. CC). | purchase or run any advertisements, or created this survey.  Orig. Lufman Decl. ¶¶ 2–4.  Further, this survey is being objected to. |

33.    *In-N-Out's Response*:  Smashburger does not dispute that this survey was created by an employee of a Smashburger entity, and it states no basis for objecting to the survey.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).  The cited evidence does not indicate that the named defendants had no involvement in creating the survey.

| 34.  ██████████<br>████████████<br>███████████████ | Disputed that either of the named defendants purchase or run any advertisements, or created this survey.  Orig. Lufman Decl. ¶¶ 2–4. |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| ███████████<br>██████████████<br>█████████████<br>█████████████<br>███████████████<br>███████████<br>████████████<br>███████████████<br>█████████████<br>███<br><br>*Evidence:* September 30, 2016 e-mail from Dennis Smythe to Tom Ryan (Ex. CC to Wexler Decl.); Wexler Decl., ¶ 22 (authenticating Ex. CC). | Further, this survey is being objected to. |

34.    *In-N-Out's Response*:  Smashburger does not dispute that this survey provides the information set forth in the fact, and it states no basis for objecting to the survey.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).  The cited evidence does not indicate that the named defendants had no involvement in creating the survey. | |
| 35.   <br>*Evidence:*  September 30, 2016 e-mail from Dennis Smythe to Tom Ryan (Ex. CC to Wexler Decl.); Wexler Decl., ¶ 22 (authenticating Ex. CC). | Disputed that either of the named defendants purchase or run any advertisements, or created this survey.  Orig. Lufman Decl. ¶¶ 2–4.  Further, this survey is being objected to. |
| 35.    *In-N-Out's Response*:  Smashburger does not dispute that this survey provides the information set forth in the fact, and it states no basis for objecting to the survey.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false | |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id*., ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).  The cited evidence does not indicate that the named defendants had no involvement in creating the survey. | |
| 36.   *Evidence:*  September 30, 2016 e-mail from Dennis Smythe to Tom Ryan (Ex. CC to Wexler Decl.); | Disputed that either of the named defendants purchase or run any advertisements, or created this survey.  Orig. Lufman Decl. ¶¶ 2–4.  Further, this survey is being objected to. |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| Wexler Decl., ¶ 22 (authenticating Ex. CC). | |
| 36. *In-N-Out's Response*: Smashburger does not dispute that this survey provides the information set forth in the fact, and it states no basis for objecting to the survey. In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising. In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities. *See* Orig. Lufman Decl., ¶ 3. Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). The cited evidence does not indicate that the named defendants had no involvement in creating the survey. | |
| 37.  | Disputed that either of the named defendants purchase or run any advertisements, or created this survey. Orig. Lufman Decl. ¶¶ 2–4. Further, this survey is being objected to. |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| ██████████████████ ████████████ *Evidence:* September 30, 2016 e-mail from Dennis Smythe to Tom Ryan (Ex. CC to Wexler Decl.); Wexler Decl., ¶ 22 (authenticating Ex. CC). | |
| 37.    *In-N-Out's Response*:  Smashburger does not dispute that this survey provides the information set forth in the fact, and it states no basis for objecting to the survey.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities. *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id*., ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).  The cited evidence does not indicate that the named defendants had no involvement in creating the survey. | |
| 38.    ████████████ ████████████ ████████████ ████████████ ████ | Disputed that either of the named defendants purchase or run any advertisements, or created this survey.  Orig. Lufman Decl. ¶¶ 2–4.  Further, this survey is being objected to.  Further disputed as to accuracy of this |



| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| *Evidence:* September 30, 2016 e-mail from Dennis Smythe to Tom Ryan (Ex. CC to Wexler Decl.); Wexler Decl., ¶ 22 (authenticating Ex. CC). | statement.  For instance, the Big Mac, a "double" burger, is listed as 3.2 ounces, which is less than other "single" McDonalds burgers.  Ex. CC to Wexler Decl.  In addition, to the extent this implies that other fast food restaurants' "double" burgers always include twice the quantify of beef of "single" burgers, that is disputed.  For instance, Carl's Jr.'s "California Classic Double Cheeseburger" does not have twice the quantity of beef of the basic "Famous Star" burger.  Finkelstein Decl. ¶ 7, Ex. G. |

38.     *In-N-Out's Response*:  Smashburger does not dispute that this survey provides the information set forth in the fact, and it states no basis for objecting to the survey.  Smashburger's contention that McDonald's Big Mac is a double burger does not dispute the fact that ████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████        *See* September 30, 2016 e-mail from Dennis Smythe to Tom Ryan (Ex. CC to Wexler Decl.); Wexler Decl., ¶ 22 (authenticating Ex. CC).  Smashburger's contention that Carl's Jr. is selling one double burger that does not have twice as much beef as the "Famous Star" burger does not dispute the fact that █████████████████████████████ ██████████████████████████████████████████████████████████

*See id.*  Smashburger cites no evidence that either McDonald's or Carl's Jr. is advertising the Big Mac or the California Classic Double Cheeseburger as

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| containing "Double the Beef."  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id*., ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.).  The cited evidence does not indicate that the named defendants had no involvement in creating the survey. | |
| 39.     Smashburger recently posted an update on its website for its Colorado and Dallas locations to show a price of $4.59 for "Any Smashburger," and a price of $6.99 for what is described as "—NEW!—  Bigger, Beefier Triple Double Smashburger." *Evidence:*  Wexler Decl., Ex. DD (screenshot from Smashburger's website of a web page titled "CO & Dallas Update," taken on December 24, 2018); Wexler Decl., ¶ 23 (authenticating Ex. | Disputed that either of the named defendants purchase or run any advertisements.  Orig. Lufman Decl. ¶¶ 2–4. |

-49-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| DD). | |
| 39.  *In-N-Out's Response*:  Smashburger does not dispute that the website for its Colorado and Dallas locations so states.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 40.     The page goes on to state:<br><br>  TWO NEW SIZES.  TWO NEW PRICES.  SAME GREAT TASTE.<br><br>    Hey, Colorado and Dallas Smash Fans!  You may have noticed some changes in our menu, and we're here to provide some information to help you navigate through these updates.<br><br>    Now you can enjoy your favorite Smashburger for just **$4.59**!  Better yet, upgrade your go-to Smashburger with triple the cheese and double the beef in every bite for just | Undisputed. |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| **$6.99**.  Welcome to the home of the Triple Double burger.<br><br>.     Although our sizes and prices changed, our mouthwatering recipes haven't. . . .<br><br>*Evidence:*  Wexler Decl., Ex. DD (screenshot from Smashburger's website of a web page titled "CO & Dallas Update," taken on December 24, 2018); Wexler Decl., ¶ 23 (authenticating Ex. DD). | |
| 40.     *In-N-Out's Response*:  Undisputed by Smashburger. | |
| 41.     Smashburger's new menu for a Texas restaurant includes prices of $4.59 for a "Smashburger" and $6.99 for a "Triple Double Smashburger."<br>*Evidence:*  Wexler Decl., Ex. EE (menu for Smashburger's Addison, Texas location, downloaded on December 24, 2018); Wexler Decl., ¶ 23 (authenticating Ex. EE). | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4. |
| 41.     *In-N-Out's Response*:  Smashburger does not dispute that the new menu for | |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| the Texas restaurant so states.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id*., ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 42.    The "Craft Your Own" section of the menu states that the Smashburger beef patty has 270 calories and the Triple Double Smashburger beef patty has 530 calories.  Farther down in that section, the menu indicates a single beef patty has 270 calories.  *Evidence:*  Wexler Decl., Ex. EE (menu for Smashburger's Addison, Texas location, downloaded on December 24, 2018); Wexler Decl., ¶ 23 (authenticating Ex. EE). | Disputed that either of the named defendants own any restaurants.  Orig. Lufman Decl. ¶¶ 2–4. |
| 42.    *In-N-Out's Response*:  Smashburger does not dispute that the new menu for | |

-52-

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| the Texas restaurant so states.  In-N-Out seeks partial summary judgment as to the elements of the false advertising claim, not as to the liability of the named defendants for false advertising.  In any event, the cited evidence does not indicate that the named defendants have no involvement with the "Double the Beef" advertisements; to the contrary, it confirms that Smashburger IP holds intellectual property and licenses it to other Smashburger entities.  *See* Orig. Lufman Decl., ¶ 3.  Smashburger Franchising, which governs the franchise restaurants, *see id.*, ¶ 4, in turn licenses the intellectual property to Smashburger franchise restaurants, *see* Smashburger Franchise Disclosure (Ex. A to Wexler Motion to Amend Reply Decl.). | |
| 43.     In response to In-N-Out's interrogatory asking Smashburger IP to "[s]tate all facts supporting your contention that the DOUBLE THE BEEF SLOGANS are not false or misleading," Smashburger IP responded:      Plaintiff has the burden of proving that Defendants' advertising or promotional material is false or misleading—Smashburger IP does not bear the burden of proving it is not false or misleading. Nevertheless, "double the beef" refers to the fact that the sandwich has <u>two</u> <u>layers</u> of beef, which is further clarified by | Undisputed. |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| the statement "in every bite."  That is, in every bite, a consumer gets the sensation of biting into two beef patties, rather than a single patty.  Further, even if a consumer were to misunderstand "double the beef" as referring to the total volume of beef, the Triple Double hamburgers do in fact contain double the volume of beef compared to (1) the smallest patty size generally available at Smashburger restaurants, and (2) hamburgers offered by competing fast casual/quick service restaurants among which consumer [*sic*] may select when making a purchasing decision.  Smashburger IP expects that it will continue to develop facts regarding its contention as the case continues.<br><br>*Evidence:*  In-N-Out's Fourth Set of Interrogatories, Interrogatory No. 10 (Ex. HH to Wexler Decl.); Smashburger IP's Response to Interrogatory No. 10 (Ex. | |

| In-N-Out's Uncontroverted Facts and Supporting Evidence | Smashburger's Response to Cited Facts and Supporting Evidence |
|---|---|
| II to Wexler Decl.) (emphasis added); Wexler Decl., ¶ 26 (authenticating Exs. HH and II). | |
| 43.    *In-N-Out's Response*:  Undisputed by Smashburger. | |

Dated:  February __, 2019

_____

Honorable James V. Selna.
Judge, United States District Court

Dated:  January 21, 2019

Submitted by:

CAROLYN S. TOTO
JEFFREY D. WEXLER
SARKIS A. KHACHATRYAN
PILLSBURY WINTHROP SHAW PITTMAN LLP

By:   /s/ Carolyn S. Toto
          Carolyn S. Toto
    Attorneys for Plaintiff and
    Counterdefendant IN-N-OUT BURGERS