UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

Present: The Honorable    James V. Selna

| Lisa M Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)**    <u>Order Regarding Motion for Partial Summary Judgment</u>

Plaintiff and Counterdefendant In-N-Out Burgers ("In-N-Out") filed a motion for partial summary judgment as to the elements of its false advertising claim against Defendants and Counterclaimants Smashburger IP Holder LLC ("Smashburger IP") and Smashburger Franchising LLC ("Smashburger Franchising") (together, "Smashburger").  Mot., Docket Nos. 145, 151.  Smashburger filed an opposition.  Opp'n, Docket No. 156.  In-N-Out replied.  Reply, Docket No. 169.

For the following reasons, the Court **grants in part** and **denies in part** the motion.

## I. BACKGROUND

### A.    The Triple Double Burger

In July 2017, Smashburger issued a press release stating that it was adding the "Triple Double" burger to its national menu.  Declaration of Jeffrey Wexler ("Wexler Decl."), Docket No. 146, Ex. A.  The press release described the Triple Double as Smashburger's "beefiest, cheesiest burger to date," comprised of "two layers of juicy beef [and] three layers of melted cheese, wrapped in an artisan bun."  <u>Id.</u>  As of September 19, 2017, Smashburger also began offering its "Bacon Triple Double" burger, a Triple Double burger with bacon.  <u>Id.</u>, Ex. B.  And as of May 8, 2018, Smashburger began offering its "Pub Triple Double" burger, a Triple Double burger on a pretzel bun.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

Id., Exs. C, T. According to Smashburger's recipe cards, the Triple Double, Bacon Triple Double, and Pub Triple Double each have two beef patties that weigh 2.5-ounces each prior to cooking. Id., Exs. D, E, I, GG. Specifically, the recipe cards refer to the patties used in the Triple Double and Bacon Triple Double as "P-BURGER PATTY KID/SMALL (2.5 OZ)." Id., Exs. G, H. Smashburger's "Kid Burger" and "Small Burger" are made with a single patty that weighs 2.5 ounces prior to cooking. Id. Smashburger's Classic Smash burger is made with a single patty that weighs 5.0 ounces prior to cooking. Id., Ex. F. The recipe card for the Classic Smash refers to the patty as "P-BURGER PATTY REGULAR (5.0 OZ)." Id.

In sum, each version of the Triple Double burger has two 2.5-ounce beef patties for a total of 5.0 ounces of beef, the Classic Smash has a single 5.0 ounce beef patty, and the Kid/Small burger has a single 2.5-ounce beef patty, two of which are used in the Triple Double Burger. The Triple Double burger costs $0.30 more than the Classic Smash. Declaration of Mark Finkelstein ("Finkelstein Decl."), Docket No. 156-1, Exs. E, F.

On June 27, 2018, counsel for In-N-Out purchased a Triple Double burger and a Classic Smash burger (both without cheese) from a Smashburger restaurant in Culver City, California. Wexler Decl. ¶ 7, Exs. J, L. Counsel then weighed the patties, and determined that the Triple Double had two cooked patties weighing 1.5 ounces each, while the Classic Smash had a single cooked patty weighing 2.8 ounces. Id. Smashburger acknowledges that the Triple Double burger does not contain double the amount of beef contained in the Classic Smash burger, i.e., 10 ounces of beef. Id., Ex. GG.

**B.     The "Double the Beef" Advertisements**

Smashburger has advertised its Triple Double burgers with a number of related slogans using the phrase "Double the Beef," including, but not limited to: "Double the Beef," "Triple the Cheese, Double the Beef," "Triple the Cheese, Double the Beef in Every Bite," "Triple the Cheese, Double the Beef, Triple the Options," and "Classic Smash™ Beef Build with triple the cheese & double the beef in every bite." Id., Exs. A, B, N–W. Smashburger also uses slogans that denote two times the beef, including "2x Fresh Never-Frozen Beef." Id., Ex. V. Such slogans appear in, among other places, menus, displays, and advertisements at Smashburger restaurants, on the Smashburger website and social media accounts, in television commercials, on bus shelters, and in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-1474 JVS(DFMx)  Date  February 6, 2019

Title  In-N-Out Burgers v. Smashburger IP Holder LLC, et al.

press releases.  Id., Exs. A, B, N–W.

The slogan "Classic Smash™ Beef Build with triple the cheese & double the beef in every bite" is used on Smashburger's menus with regard to the Triple Double burger, just above a reference to a burger described as the "Classic Smash."  Id., Exs. N, O.  Under the "Craft Your Own" section of the menu, there is an option to "ADD A PATTY (+$REG / +$BIG)," without any reference to a small-sized patty.  Id., Ex. O.  The menu's "Kids Meals" section also includes an item called the "Kids Smash."  Id.  As of January 10, 2017, six months before the Triple Double was launched, Smashburger stopped featuring "small" sized burger patties on its menu boards.  Id., Exs. A, M.

The slogan "Triple the Cheese, Double the Beef in Every Bite" is used in various Smashburger displays and advertisements, including on its menu, its website, and on bus stop shelters.  Id., Exs. A, B, N–P, S, W.  Variations of the slogan "Triple the Cheese, Double the Beef," without the phrase "in Every Bite," is used on other Smashburger displays and advertisements, e.g., a July 2017 press release, social media posts, and restaurant displays.  Id., Exs. A, Q, R, T, U.  Smashburger has also used the slogan "2x Fresh Never-Frozen Beef" in at least one commercial.  Id., Ex. V.

**C.   The Parties**

In-N-Out and Smashburger both sell burgers.  At Smashburger, customers can order burger-style sandwiches by selecting from a list of ingredient choices, including four types of protein (beef, chicken, turkey, or black bean patty) and five types of buns (classic egg, multi-grain, spicy chipotle, telera roll, and gluten free).  Id., Ex. O.  The Classic Smash beef patties are available in three sizes: small (2.5 ounces), regular (5 ounces), and big (6 ounce).  Declaration of Ty Lufman ("Lufman Decl."), Docket No. 156-2 ¶ 2.[1]  Smashburger also offers sandwiches with pre-set ingredients, as well as

---

[1] Smashburger recently posted an update on its website for its Colorado and Dallas locations showing a price of $4.59 for "Any Smashburger," and a price of $6.99 for a "—NEW!— Bigger, Beefier Triple Double Smashburger."  Wexler Decl., Ex. DD.  Smashburger's new menu for a Texas restaurant now includes a $4.59 "Smashburger" with 270 calories and a $6.99 "Triple Double Smashburger" with 530 calories.  Id., Ex. EE.  In such locations, Smashburger appears to have changed sizing such that the Triple Double Smashburger has twice the quantity of beef as the regular Classic Smash.  See id.  In-N-Out does not assert the falsity of the use of "Double the Beef" slogans to advertise any such newly offered burgers in Smashburger's Colorado and Dallas locations with what appear to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
|---|---|---|---|

| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. |
|---|---|

"special" burgers differing depending on the location. Wexler Decl., Ex. O; Finkelstein Decl., Exs. A, B. In contrast, In-N-Out offers only one size (2 ounces) of one type of patty (beef). Wexler Decl., Ex. CC. In-N-Out offers only two sandwich builds – hamburger and cheeseburger – although customers may order the cheeseburger in multiples, e.g., a "double-double" cheeseburger with two 2-ounce patties and two slices of cheese. SAC, Docket No. 117 ¶¶ 6–11.

In-N-Out has 343 restaurants, with 32 locations in Arizona, 243 in California, 19 in Nevada, 2 in Oregon, 37 in Texas, and 10 in Utah. Wexler Decl. ¶ 17, Ex. X. Smashburger has 323 restaurants in the United States. Id. ¶ 18, Ex. Y. In relevant part, Smashburger has 28 locations in Arizona, 31 in California, 9 in Nevada, 34 in Texas, and 6 in Utah. Id. In addition, there are In-N-Out restaurants in, or within (1) five miles of the towns of all but two Smashburger restaurants in Arizona, (2) six miles of the towns of all but three Smashburger restaurants in California, (3) 3.4 miles of the towns of all but one Smashburger restaurant in Nevada and Utah, and (4) 6.2 miles of the towns of twelve Smashburger restaurants in Texas. Id. ¶ 19, Ex. Z.

**D.    This Litigation**

In-N-Out filed this lawsuit on August 28, 2017, asserting various trademark claims under California and federal law based on allegations that Smashburger's TRIPLE DOUBLE mark infringes In-N-Out's DOUBLE-DOUBLE and related marks. Compl., Docket No. 1. On September 21, 2018, In-N-Out added a Lanham Act false advertising claim in its Second Amended and Supplemental Complaint ("SAC"). SAC, Docket No. 117 ¶¶ 1, 51–63, 79–87.

In-N-Out now moves for summary judgment as to Smashburger's liability for false advertising under the Lanham Act, 15 U.S.C. § 1125(a). Notice of Mot., Docket No. 145. Specifically, In-N-Out moves for summary judgment that:

1.    Smashburger's advertisements for its Triple Double burgers that include the phrase "Double the Beef" or refer to two times the beef are literally false or false by necessary implication as to any Triple Double burgers that do not contain twice as much

---

changed portion servings. Mot., Docket No. 151 n. 2, 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

         beef as Smashburger's regular burgers;

    2.    Smashburger's false advertising is deceptive;

    3.    Smashburger's false advertising is material;

    4.    Smashburger's false advertising entered interstate commerce; and

    5.    In-N-Out is likely to be injured as a result of Smashburger's false advertising.

Id. at 2. In-N-Out does not seek summary judgment as to its monetary relief or Smashburger's affirmative defenses. Mot., Docket No. 151 at 1 n.1.

**E.    Evidentiary Objections**

When resolving a motion for summary judgment, courts may only consider admissible evidence. Fed. R. Civ. P. 56. On a motion for summary judgment, a party may object that the material used to "dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). A court must rule on material evidentiary objections. Norse v. City of Santa Cruz, 629 F.3d 966, 973 (9th Cir. 2010).

Smashburger objects to the Court's consideration of its 2014 "Consumer Positioning Assessment" and its 2016 survey of competitor pricing frameworks. Opp'n, Docket No. 156 n. 7, 11. Smashburger argues that both surveys are not authenticated and lack foundation. Id. The Court declines to rule on the 2016 competitor survey because such evidence is not material to the Court's ruling on this motion. The Court also declines to rule on the authentication of the 2014 survey because, as explained infra section III.E, it is immaterial; a genuine issue of material fact exists as to whether In-N-Out and Smashburger are competitors even if the survey were admissible.

**II.  L**EGAL **S**TANDARD

Summary judgment is appropriate where the record, read in the light most

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 17-1474 JVS(DFMx)     Date    February 6, 2019

Title    In-N-Out Burgers v. Smashburger IP Holder LLC, et al.

favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by referring to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.[2] The moving party has the initial burden of establishing the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)][3] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

### III. DISCUSSION

A party must prove the following elements to prevail on a claim for false advertising under section 43(a) of the Lanham Act, 11 U.S.C. § 1125(a):

---

[2] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

[3] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

>    (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. . . .

Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997). In-N-Out seeks summary judgment as to all five elements of liability for false advertising under the Lanham Act. Mot., Docket No. 151 at 11.

**A.     Falsity**

"To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." Southland Sod, 108 F.3d at 1139 (citing Castrol Inc. v. Pennzoil Co., 987 F.2d 939, 943, 946 (3d Cir.1993)).

The determination of whether an advertisement is literally false is a two-step process. "In analyzing whether an advertisement . . . is literally false, a court must determine, first, the unambiguous claims made by the advertisement . . ., and second, whether those claims are false." Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms, Co., 290 F.3d 578, 586 (3d Cir. 2002). Only an unambiguous message can be literally false, but a literally false message need not be explicit. Id. It may also be "conveyed by necessary implication when, considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated." Id. at 586-87 (internal citations omitted). In determining whether a representation is literally false, the court must "analyze the message conveyed in full context." Castrol, 987 F.2d at 946. When the representation is implicitly rather than explicitly false, whether the representation violates the Lanham Act should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
|---|---|---|---|

| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. |
|---|---|

"tested by public reaction." Id. Accordingly, where a representation is not literally false, the plaintiff must show by a preponderance of the evidence that consumers were actually deceived by the representation. Id.

Here, In-N-Out argues that Smashburger's "Double the Beef" advertisements are literally false or false by necessary implication. Mot., Docket No. 151 at 11–17. Smashburger argues that the claims at issue are literally true, or at least ambiguous, and thus In-N-Out is not entitled to summary judgment on literal falsity. Opp'n, Docket No. 156 at 5–15.

In-N-Out references a number of slogans that include the phrase "double the beef" as violating the Lanham Act. Specifically, In-N-Out points to the following slogans used by Smashburger: "Double the Beef," "Triple the Cheese, Double the Beef," "Triple the Cheese, Double the Beef in Every Bite," Triple the Cheese, Double the Beef, Triple the Options," and "Classic Smash™ Beef build with triple the cheese & double the beef in every bite." Wexler Decl., Exs. A, B, N–W. The Court analyzes the slogan "Classic Smash™ Beef build with triple the cheese & double the beef in every bite" separately from the other slogans at issue.

1. "Classic Smash™ Beef build with triple the cheese & double the beef in every bite."

Smashburger's use of the slogan "Classic Smash™ Beef build with triple the cheese & double the beef in every bite" was literally false. The evidence demonstrates that the Classic Smash burger is made with one 5.0-ounce beef patty, while the Triple Double burger is made with two 2.5-ounce beef patties. Wexler Decl., Exs. D–F, I, GG. Therefore, the claim that the Triple Double burger contains "double the beef" as compared to the Classic Smash burger is literally false on its face.

Smashburger makes a number of arguments in opposition, each of which are unpersuasive. First, Smashburger argues that the phrase "double the beef in every bite" is literally true compared to any single-patty burger because the Triple Double burger contains two layers of beef. Opp'n, Docket No. 156 at 7–8. However, Smashburger's urged interpretation is counter to the plain meaning of the term "beef," which is not a synonym for "patty." See "Beef," Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/beef (defining "beef" as "the flesh of an adult domestic bovine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

(such as a steer or cow) to be used as food"). The phrase "double the beef in every bite" unambiguously refers to the amount of beef in the burger, rather than the number of layers of beef. See Edminston v. Jordan, 98 Civ. 3298 (DLC), 1999 WL 1072492, at *9 (S.D.N.Y. Nov. 24, 1999) (a court may determine literal falsity of an advertisement "based on its own common sense and logic in interpreting the message"). Furthermore, Smashburger's slogan directly compares the amount of beef in the Triple Double burger with the amount of beef in the Classic Smash burger by specifically referencing the Classic Smash product. Wexler Decl., Ex. O ("Classic Smash™ Beef build with . . . ."); see also Groupe SEB USA, Inc. v. Euro-Pro Operating LLC, 774 F.3d 192, 199–200 (3d. Cir. 2014) ("courts interpreting a term's meaning may apply a specific definition if one is provided by the author). The Court finds the meaning of the claim in Smashburger's slogan to be explicit and unambiguous. Therefore, to the extent Smashburger argues the meaning of the slogan is informed by survey data regarding industry standards or consumer expectations, such data is insufficient to create a genuine dispute of fact as to literal falsity. See Groupe SEB USA, Inc., 774 F.3d at 201–02 ("concluding that [defendant's] message was explicit and unambiguous, [the district court] reasonably declined to substitute the uninformed first impressions of consumers about the claim's meaning").[4]

Second, Smashburger argues that the "double the beef" claim is literally true because the Triple Double burger has two times the amount of beef contained in a Classic Small Smashburger. Opp'n, Docket No. 156 at 12–13. The evidence demonstrates that Smashburger offers the Classic Smash in three sizes: small (2.5-ounce beef patty), regular (5-ounce beef patty), and big (6-ounce beef patty). Lufman Decl. ¶ 2; Wexler Decl., Ex. M. The Kids Smash burger also contains a single 2.5-ounce patty. Wexler Decl., Exs. G, H. However, as of January 10, 2017, six months before the Triple Double was launched, Smashburger removed the small option from its menu boards. Id., Ex. M. The "Craft Your Own" portion of the menu identifies only two patty sizes: "REG" and "BIG." Id.,

---

[4] Pursuant to Fed. R. Civ. P. 56(d), Smashburger argues that the Court should defer ruling on In-N-Out's motion for summary judgment to the extent the Court believes evidence regarding how third-parties use "double" in their menus is necessary to rule on this motion. Opp'n, Docket No. 156 at 11. In this case, such evidence is not relevant to the Court's determination of literal falsity. Therefore, Smashburger's request to defer this motion to conduct further discovery is denied. See Bank of Am., NT & SA v. PENGWIN, 175 F.3d 1109, 1118 (9th Cir. 1999) (a court may deny a request to defer summary judgment if further discovery would not impact the summary judgment ruling).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
|---|---|---|---|

| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. |
|---|---|

Exs. O, S.  Therefore, the only product appearing on Smashburger's menu with a single 2.5-ounce patty is the Kids Smash, which the slogan at issue does not reference.  Rather, Smashburger's "double the beef" claim was made in the context of a product described as having the "Classic Smash™ Beef build."  Id.  Therefore, the Court interprets the "double the beef" claim in reference to the amount of beef in the regular Classic Smash, not the off-menu small version .

Third, Smashburger argues that there is a genuine dispute as to literal falsity because the meaning of the term "build" does not refer to the amount of beef in a burger, but the type of meat and toppings used.  Opp'n, Docket No. 156 at 13.  However, Smashburger cites only its menu to support its interpretation of "build" as having nothing to do with the size of the beef patty.  See id.  On the other hand, In-N-Out submits multiple Smashburger e-mails using the term "build" to refer to all the ingredients used in a given product, including the quantity of beef.  Wexler Decl., Ex. I; Suppl. Wexler Decl., Docket No. 164-2, Exs. KK–MM.  The Court finds that there is no genuine dispute that customers would understand the use of the term "Classic Smash™ Beef build" to refer to all the ingredients in the Classic Smash, including the quantity of beef.

Smashburger cites Simpler Consulting, Inc. v. Wall, No. CIVA 05-452, 2008 WL 1710101, at *7 (W.D. Pa. Apr. 7, 2008), to support its argument that a determination of literal falsity is not appropriate here because the matter in dispute is how consumers would interpret the meaning of the "double the beef" claim.  Opp'n, Docket No. 156 at 9.  Simpler Consulting found that the placement of a non-client under the heading "CLIENTS" was not literally false, and that whether the placement of the statement was misleading was a matter for the jury to decide.  2008 WL 1710101, at *8.  Here, on the other hand, the proximity of the advertising claim in relation to another claim is not at issue; Smashburger's menu slogan explicitly references another product, the Classic Smash, for comparison to the Triple Double.  See Wexler Decl., Exs. O, S.  Therefore, Simpler Consulting concerns a different type of claim, and does not persuade the Court to change its finding of literal falsity.

Fourth, Smashburger argues that its "double the beef" claim is literally true because the Triple Double contains double, or more than double, the beef of many other competing fast food single burgers, including In-N-Out's.  Opp'n, Docket No. 156 at 14.  This contention fails because there is no reason to believe customers would understand the "double the beef" claim in reference to competitors' burgers.  For example,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

Smashburger's menu does not contain any references to the products of any competitors. See Wexler Decl., Exs. O, S. As noted above, Smashburger's slogan unambiguously makes the "double the beef" claim in reference to its own Classic Smash product. There is no basis for the Court to find that Smashburger's slogan could plausibly be interpreted as a reference or comparison to competitors' products.

Finally, at the hearing on this motion, Smashburger argued that the "double the beef" claim is literally true because the Triple Double is smaller in diameter and taller than the Classic Smash, and thus could actually contain more beef per bite than the Classic Smash even if the total amount of beef in the burger is the same. This argument is unpersuasive. The Court finds that this interpretation of "double the beef" is not a plausible inference for a reasonable consumer to make based on the context of the representation made by Smashburger on its menu. Therefore, it is insufficient to create a genuine issue of material fact as to literal falsity.

Accordingly, the Court finds that there is no genuine dispute of fact as to the literal falsity of Smashburger's advertisements using the slogan "Classic Smash™ Beef build with triple the cheese & double the beef in every bite."

2.  The Remaining Slogans

There is a genuine dispute of fact as to the falsity of the remaining slogans cited by Smashburger, i.e., the slogans that do not contain a reference to the "Classic Smash™ Beef build." Smashburger cites to a number of such "double the beef" slogans appearing on menus, displays, and advertisements at Smashburger restaurants, on its website and social media accounts, in television commercials, and in press releases. Wexler Decl., Exs. A, B, N–W. However, without the context of a reference to the Classic Smash, In-N-Out has not met its burden of showing literal falsity as a matter of law. While "double the beef" unambiguously refers to the amount of beef in the product for the reasons described above, the slogans using that claim without a reference to the Classic Smash do not necessarily or unambiguously compare the Triple Double to the Classic Smash, or to any product. Furthermore, unlike the slogans with reference to the Classic Smash, the remaining slogans could plausibly be interpreted by consumers as a reference to products offered by Smashburger's competitors. Therefore, the exact claim made by such advertisements is ambiguous. Because the facial implication of such messages are not unambiguous, the Court declines to find literal falsity as a matter of law. See Time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

Warner Cable, 497 F.3d at 158; Novartis, 290 F.3d at 587 ("[O]nly an ***unambiguous*** message can be literally false.") (emphasis in original).

In-N-Out can also prevail on the falsity element of its false advertising claim by showing that the claim is "literally true but likely to mislead consumers." Southland Sod, 108 F.3d at 1139. However, In-N-Out does not argue this theory. See generally, Mot., Docket No. 151. Furthermore, such a finding requires "the district court [] to look to consumer data to determine what the person to whom the advertisement is addressed find[s] to be the message." Time Warner Cable, 497 F.3d at 158; see also QVC Inc. v. Your Vitafmins Inc., 439 F. App'x 165, 168 (3d Cir. 2011) (Plaintiff "cannot obtain relief by arguing how consumers could react; it must show how consumers actually do react."). In-N-Out has presented no such expert survey evidence, an expense In-N-Out argues could be avoided if it prevails on this motion. See Mot., Docket No. 151 at 2 ("If, as In-N-Out contends, the 'Double the Beef' slogans are literally false . . ., the parties will not need to engage survey experts on the false advertising claim.").

Accordingly, the Court finds that there is a genuine dispute of fact as to the falsity of Smashburger's "double the beef" advertisements which contain no reference to the Classic Smash product.

**B.     Deceptiveness**

"Statements that are literally or deliberately false create a presumption of deception and reliance." Cochran Firm, P.C. v. Cochran Firm Los Angeles, LLP, No. CV:12-5868-PSG (MRWx), 2016 WL 6023822, at *6 (C.D. Cal. Aug. 18, 2016) (quoting Cascade Yarns, Inc. v. Knitting Fever, Inc., No. C10-861 RSM, 2015 WL 3407882, at *5 (W.D. Wash. May 27, 2015)); POM Wonderful LLC v. Purely Juice, Inc., No. CV-07-02633 CAS (JWJx), 2008 WL 4222045, at *11 (C.D. Cal. July 17, 2008) (applying presumption of deception based on literal falsity). Here, the Court has already determined that the "double the beef" slogan referencing the Classic Smash is literally false as a matter of law. Therefore, the deceptiveness of the slogan is presumed.

Smashburger argues that it presents evidence sufficient to rebut the presumption of deceptiveness. Opp'n, Docket No. 156 at 16. The Court disagrees. Smashburger argues that the Triple Double and the Classic Smash are close in price, and therefore no reasonable consumer could be deceived into believing they were getting twice the amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

of beef. Id. However, as In-N-Out points out, the Court finds no authority supporting the proposition that a defendant can rebut the presumption of deception by arguing that its false advertising is too egregious to be believed. Smashburger presents no other evidence to rebut the presumption of deception. Because the price-point comparison is insufficient to rebut the presumption, the Court finds that the "double the beef" slogan referencing the Classic Smash is deceptive as a matter of law.

**C.     Materiality**

"Materiality can be shown where defendants misrepresent 'an inherent quality or characteristic'" of a product. Broadcom Corp. v. SiRF Tech., Inc., No. SACV 08-546 JVS (MLGx), 2009 WL 10672287, at *4 (C.D. Cal. Oct. 8, 2009) (Selna, J.) (quoting Nat'l Basketball Ass'n v. Motorola, Inc., 105 F.3d 841, 855 (2d Cir. 1997)); see also Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1250 (11th Cir. 2002) ("A plaintiff may establish th[e] materiality requirement by proving that the defendants misrepresented an inherent quality or characteristic of the product.") (internal quotation marks and citation omitted).

Here, the Court finds that the advertising claim at issue is material, i.e., likely to influence the purchasing decision, because the amount of beef in a burger is an inherent quality or characteristic of a burger. The fact that Smashburger's false advertising pertained "to the very nature" of its burger product establishes its materiality. POM Wonderful, 2008 WL 4222045, at *11 (citing Johnson & Johnson, 299 F.3d at 1250). Consumers rely on perceived value in deciding which products to purchase; therefore, consumers are more likely to buy a product if they believe they are getting twice as much of that product than they actually receive. The "double the beef" slogan is thus material in that it is likely to affect consumers' purchasing decisions.

Smashburger argues that In-N-Out has not met its burden regarding materiality because it does not submit any evidence indicating that the "double the beef" advertisements were material to consumers' purchasing decisions, e.g., consumer surveys or reliable testimonials. Opp'n, Docket No. 156 at 17–18. However, the cases Smashburger cites do not stand for the proposition that direct evidence of materiality is required, but rather that consumer surveys and customer declarations are relevant to materiality. See Skydive Arizona, Inc. v. Quattrocchi, 673 F.3d 1105, 1111 (9th Cir. 2012) (materiality can be proven by customer declaration, and surveys are not necessarily

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

required); ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc., 648 F. App'x 609, 615 (9th Cir. 2016) (considering survey and internet message board posts as evidence of materiality). Thus, the fact that In-N-Out did not submit consumer surveys or declarations concerning the materiality of the amount of beef in a burger to the decision to purchase a burger does not in itself create a genuine dispute of fact as to materiality.

Smashburger also argues that it has rebutted any showing of materiality because "millions of people" purchased and consumed the Triple Double despite the fact that it does not contain 10 ounces of beef, or twice the amount of beef as the Classic Smash. Opp'n, Docket No. 156 at 18–19. However, Smashburger does not present any evidence that there were no returns or customer complaints regarding the Triple Double, and the fact that millions of people purchased the Triple Double does not in and of itself create a genuine dispute of fact for the jury. To create a genuine dispute, Smashburger "must do more than simply show that there is some metaphysical doubt as to the material facts"; rather, "it must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation marks and emphasis omitted). Smashburger has not done so. Therefore, the Court finds that there is no genuine dispute of fact regarding materiality.

### D. Interstate Commerce

Smashburger does not dispute that the challenged advertisements were placed in interstate commerce. Opp'n, Docket No. 156 at 19. Furthermore, In-N-Out acknowledges that it does not request a finding from the Court that the named Defendants in this action <u>caused</u> the false advertising to enter interstate commerce, but only that the advertising <u>entered</u> interstate commerce. Reply, Docket No. 169 at 18–19 (Smashburger raises "an issue not presented by In-N-Out's motion" by arguing that there is an issue of fact as to whether the named defendants caused the false advertising to enter interstate commerce) ("For purposes of this motion, In-N-Out believes that it would be appropriate for the Court to rule that the false advertising entered interstate commerce, without reaching the issue whether the named defendants are liable for the false advertising."). The limited relief sought by In-N-Out is confirmed by its notice of motion. Not., Docket No. 145 at 2 (asking Court to find that "Smashburger's false advertising entered interstate commerce").

Therefore, the Court finds that there is no genuine issue of fact that Smashburger's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

false advertising entered interstate commerce, while declining to reach the issue whether the named Smashburger Defendants in this action were the entities which caused the false advertising to enter interstate commerce.

### E.     Likelihood of Injury

Smashburger argues that (1) In-N-Out has not proven that it is entitled to disgorgement damages, and (2) In-N-Out's evidence of competition between Smashburger and In-N-Out is insufficient to demonstrate injury. Opp'n, Docket No. 156 at 21–25. In-N-Out argues that (1) it does not seek summary judgment on its entitlement to monetary relief, but rather the injury element of a claim for false advertising, and (2) it is entitled to a presumption of injury because it presents evidence sufficient to establish that Smashburger and In-N-Out are direct competitors. Reply, Docket No. 169 at 21–22.[5]

In-N-Out moves for summary judgment as to injury, not damages. Reply, Docket No. 169 at 21. Therefore, In-N-Out's failure to make a showing of its entitlement to disgorgement profits does not preclude the relief it seeks in this motion. However, the Court finds that there is a genuine dispute of material fact whether or not In-N-Out was injured by Smashburger's false advertising.

In-N-Out presents evidence that it argues establishes that In-N-Out and Smashburger are direct competitors. Specifically, In-N-Out points to a 2014 customer survey conducted by Smashburger showing that 48% of Smashburger customers were extremely or very likely to go to In-N-Out in the next month, and 72% of Smashburger customers had visited In-N-Out within the past three months. Wexler Decl., Ex. AA.[6] In-

---

[5] The Ninth Circuit has "generally presumed commercial injury when defendant and plaintiff are direct competitors and defendant's misrepresentation has a tendency to mislead consumers." ThermoLife, 648 F. App'x at 615 (quoting TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 826 (9th Cir. 2011)); see also Pipe Restoration Techs., LLC v. Coast Building & Plumnbing, Inc., No. 8:13-cv-00499-JDE, 2018 WL 6012219, at *4, 9 (C.D. Cal. Nov. 16, 2018) ("[h]arm to Plaintiffs, competitors of Defendants, is presumed").

[6] Smashburger argues that the survey is inadmissible because it is unauthenticated. Opp'n, Docket No. 156 n. 11. As explained supra, section I.E., the Court declines to rule on this objection because even if the survey were deemed admissible, a genuine dispute of material fact exists as to whether In-N-Out and Smashburger are competitors.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

N-Out also points to evidence of geographic overlap between In-N-Out restaurants and Smashburger restaurants in states in which In-N-Out restaurants are located to support its argument that the parties are direct competitors.  <u>Id.</u>, Exs. X–Z.  Finally, In-N-Out provides a 2017 Marketing Update identifying In-N-Out as one of Smashburger's six competitors in the "U.S. Better Burger Landscape."  <u>Id.</u>, Ex. BB.

On the other hand, Smashburger submits the deposition transcripts of In-N-Out Senior Marketing Manager Gregg Barnard ("Barnard") and Marketing Supervisor Jiin Lee ("Lee") indicating that In-N-Out does not view itself as competing with Smashburger.  Finkelstein Decl., Ex. C at 74:18–75:4, 88:7–12, Ex. D at 48:8–49:9.  Specifically, Barnard testified that In-N-Out does not consider any other fast-food restaurants, including Smashburger, to be "direct competitors" with In-N-Out, and Lee testified that she is unaware whether In-N-Out has any competitors, but that she does not believe "how other companies are marketing their products" has any impact on In-N-Out.  <u>Id.</u>  Furthermore, although both In-N-Out and Smashburger sell burgers, Smashburger points out significant differences between the parties' offerings.  For example, In-N-Out only offers beef, while Smashburger offers four types of protein; Smashburger offers varying patty sizes, while In-N-Out does not; Smashburger offers build-your-own burgers, pre-set burgers, and regional "special" burgers, while In-N-Out only offers a hamburger and a cheeseburger (which may be ordered in multiples).  Wexler Decl., Exs. O, CC; Finkelstein Decl., Exs. A, B; Lufman Decl. ¶ 2; SAC, Docket No. 117 ¶¶ 6–11.

Even if authenticated, over four years have elapsed since Smashburger's customer survey, weakening its evidentiary weight.  Furthermore, In-N-Out senior marketing employees testify that they do not consider Smashburger to be a competitor and do not believe its marketing has any impact on In-N-Out.  Therefore, the Court finds that there is a genuine dispute of fact for the jury as to whether In-N-Out and Smashburger are direct competitors.  Because there is an issue of fact as to whether the parties are competitors, In-N-Out is not entitled to a presumption of injury.  In-N-Out presents no sales or other evidence sufficient to establish injury as a result of Smashburger's conduct.  Accordingly, In-N-Out's motion for summary judgment as to the injury element of its false advertising claim is denied.

### IV. CONCLUSION

For the foregoing reasons, the Court **grants in part** and **denies in part** In-N-Out's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1474 JVS(DFMx) | Date | February 6, 2019 |
| Title | In-N-Out Burgers v. Smashburger IP Holder LLC, et al. | | |

motion for partial summary judgment.

The Court **denies** the motion as to Smashburger's use of all the "Double the Beef" slogans except for the slogan "Classic Smash™ Beef build with triple the cheese & double the beef in every bite."

The Court **grants** the motion as to the literal falsity, deceptiveness, and materiality elements of In-N-Out's false advertising claim for Smashburger's use of the phrase "Classic Smash™ Beef build with triple the cheese & double the beef in every bite." The Court also **grants** the motion as to the fact that the false advertising entered interstate commerce, without reaching the issue whether the named Defendants in this action caused the advertisements to enter interstate commerce.

The Court **denies** the motion as to the injury element of In-N-Out's false advertising claim for use of the phrase "Classic Smash™ Beef build with triple the cheese & double the beef in every bite."

**IT IS SO ORDERED.**

                                                                                                           : 00

Initials of Preparer    lmb