CAROLYN S. TOTO (SBN 233825)
carolyn.toto@pillsburylaw.com
JEFFREY D. WEXLER (SBN 132256)
jeffrey.wexler@pillsburylaw.com
SARKIS A. KHACHATRYAN (SBN 293991)
sarkis.khachatryan@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile No.: (213) 629-1033

Attorneys for Plaintiff and Counterdefendant
IN-N-OUT BURGERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN-N-OUT BURGERS, a California corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SMASHBURGER IP HOLDER LLC, a Delaware limited liability company; and SMASHBURGER FRANCHISING LLC, a Delaware limited liability company,<br><br>                    Defendants.<br>――――――――――――<br>SMASHBURGER IP HOLDER LLC, and SMASHBURGER FRANCHISING LLC,<br><br>                    Counterclaimants,<br><br>          vs.<br><br>IN-N-OUT BURGERS,<br><br>                    Counterdefendant. | Case No. 8:17-cv-1474-JVS-DFM<br><br>**PLAINTIFF AND COUNTERDEFENDANT IN-N-OUT BURGERS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE RESPONSIBILITY OF NAMED DEFENDANTS FOR USE OF MARKS, SLOGANS, AND ADVERTISING MATERIALS**<br><br>**[PUBLICLY FILED VERSION]**<br><br>Date:          April 8, 2019<br>Time:          1:30 p.m.<br>Courtroom: 10C<br><br>Judge:  Hon. James V. Selna<br><br>Fact Discovery Cut-Off: Apr. 19, 2019<br>Pre-Trial Conference: Sept. 9, 2019<br>Trial Date:          Sept. 24, 2019 |

1

## TABLE OF CONTENTS

2
**Page**

3 INTRODUCTION ...................................................................................................... 1

4 FACTUAL BACKGROUND ..................................................................................... 2

5
6     A.    Smashburger IP's Ownership of the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials. ...................... 2

7
8     B.    Creation by Smashburger IP, and Use by Smashburger IP and Smashburger Franchising, of the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials. ...................... 4

9
10     C.    Smashburger IP's and Smashburger Franchising's Authorization of Use of the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials. .................................................. 5

11
12     D.    Smashburger IP's and Smashburger Franchising's Control Over Use of the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials. .............................................. 7

13 PROCEDURAL HISTORY ...................................................................................... 8

14     A.    The Pleadings. ........................................................................................ 8

15     B.    The Order on In-N-Out's First Motion for Partial Summary Judgment. ............................................................................................ 10

16 LEGAL STANDARD ............................................................................................. 11

17 ARGUMENT .......................................................................................................... 12

18 I.    THE COURT SHOULD GRANT PARTIAL SUMMARY JUDGMENT AS TO THE RESPONSIBILITY OF SMASHBURGER IP AND SMASHBURGER FRANCHISING FOR USE OF THE TRIPLE DOUBLE MARKS AND THE "DOUBLE THE BEEF" SLOGANS AND ADVERTISING MATERIALS ............................................ 12

19
20

21     A.    Because Smashburger IP Owns the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials, It is Responsible for the Trademark Infringement and the False Advertising. ........................................................................................ 13

22
23

24     B.    Because of Smashburger IP's Involvement in Creating the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials, They are Responsible for the Trademark Infringement and the False Advertising. ............................................. 13

25

26     C.    Because Smashburger IP and Smashburger Franchising Use the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials, They are Responsible for the Trademark Infringement and the False Advertising. ............................................ 15

27
28

-i-

1

      D.     Because Smashburger IP and Smashburger Franchising Authorize and Control the Use by Smashburger Company and Franchise Restaurants of the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials, They are Responsible for the Trademark Infringement and the False Advertising. .................. 16

CONCLUSION ............................................................................................. 18

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## CASES

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)................................................................................ 11

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)................................................................................ 11

*Devereaux v. Abbey*,
   263 F.3d 1070 (9th Cir. 2001) ............................................................... 11

*Gillette Co. v. Wilkinson Sword, Inc.*,
   795 F. Supp. 662 (S.D.N.Y. 1992),
   *vacated on other grounds*, No. 89 Civ. 3586(KMW),
   1992 WL 12000396 (S.D.N.Y. Oct. 28, 1992) ............................... 14, 15

*In re Century 21-RE/MAX Real Estate Advertising Claims Litig.*,
   882 F. Supp. 915 (C.D. Cal. 1994) ............................................. 14, 15, 16

*Inwood Labs., Inc. v. Ives Labs., Inc.*,
   456 U.S. 844 (1982)................................................................................ 17

*Nestle Purina PetCare Co. v. Blue Buffalo Co. Ltd.*,
   No. 4:14 CV 859 RWS,
   2015 WL 1782661 (E.D. Mo. Apr. 20, 2015) ....................................... 14

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*,
   210 F.3d 1099 (9th Cir. 2000) ............................................................... 11

*Southland Sod Farms v. Stover Seed Co.*,
   108 F.3d 1134 (9th Cir. 1997) ............................................................... 12

*Western Sugar Co-op. v. Archer-Daniels-Midland Co.*,
   No. CV 11–3473 CBM (MANx),
   2012 WL 3101659 (C.D. Cal. July 31, 2012) ................................. 14, 16

*Yeti Enters. Inc. v. Tang*,
   2017 WL 3478484 (D. Ore. Aug. 14, 2017) ......................................... 14

## STATUTES

United States Code
   Title 15, Section 1114................................................................................. 9
   Title 15, Section 1114(a)(1)(A) ............................................................... 12
   Title 15, Section 1125(a) ............................................................... 9, 12, 15
   Title 15, Section 1125(c) ...................................................................... 9, 12

Cal. Bus. & Prof. Code
   Section 14247 ...................................................................................... 9, 12
   Section 14250 ...................................................................................... 9, 12

-iii-

Sections 17200 *et seq.* ........................................................................... 9

Section 17203 ........................................................................................ 12

# **<u>RULES</u>**

Federal Rules of Civil Procedure

Rule 56(a) ........................................................................................... 11

## **INTRODUCTION**

By this motion, Plaintiff and Counterdefendant In-N-Out Burgers ("In-N-Out") respectfully asks the Court to resolve an issue that it intentionally left open in its February 6, 2019 Order [Dkt. 175] granting in part and denying in part In-N-Out's motion for partial summary judgment on its false advertising claim against Defendants and Counterclaimants Smashburger IP Holder LLC ("Smashburger IP") and Smashburger Franchising LLC ("Smashburger Franchising") (collectively, "Defendants") – whether Defendants are responsible for use of the TRIPLE DOUBLE marks and the "Double the Beef" slogans and advertising materials in connection with the sale of Triple Double burgers at Smashburger company and franchise restaurants. Defendants have previously contended that they cannot be held liable because they do not own any restaurants, sell any hamburgers, or purchase or run any advertisements. For several independent reasons, Defendants are wrong, and In-N-Out is therefore entitled to partial summary judgment as to their responsibility for use of the TRIPLE DOUBLE marks and the "Double the Beef" slogans.[1]

First, as the owner of the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising materials, Smashburger IP is responsible for the use of those marks, slogans, and materials.  Second, because of Smashburger IP's involvement in the creation of the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising materials, it is responsible for the use of those marks, slogans, and materials.

Third, because both Smashburger IP and Smashburger Franchising have made use of the TRIPLE DOUBLE marks and the "Double the Beef" slogans and advertising materials – Smashburger IP through Smashburger's website and uses by

---

[1] In-N-Out couches this motion in terms of responsibility, rather than liability, to make it clear that it is not seeking partial summary judgment as to all of the elements of liability, just a ruling that Smashburger IP and Smashburger Franchising will be liable for the alleged trademark infringement/unfair competition and false advertising if In-N-Out establishes the other elements of such claims.

IN-N-OUT BURGERS' MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION
FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT
Case No. 8:17-cv-1474-JLS-DFM

4812-4163-7001.v1

other entities inuring to its benefit, and Smashburger Franchising through its direct or indirect control over marketing programs for franchisees – both Smashburger IP and Smashburger Franchising are responsible for the use of those marks, slogans, and materials.  Finally, because (1) Smashburger IP has directly or indirectly authorized the use of the Triple Double marks and the "Double the Beef" slogans and advertising materials by Smashburger company and franchise restaurants and (2) Smashburger Franchising has directly authorized the use of such marks, slogans, and materials by Smashburger franchise restaurants, both Smashburger IP and Smashburger Franchising are responsible for the use of those marks, slogans, and materials.

For each of these independent reasons, any one of which is sufficient to demonstrate the lack of a genuine issue of material fact as to the responsibility of Smashburger IP and Smashburger Franchising for the use of the Triple Double marks and the "Double the Beef" slogans and advertising materials, In-N-Out respectfully asks the Court to grant this motion for partial summary judgment.

## **FACTUAL BACKGROUND**

### A. **Smashburger IP's Ownership of the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials.**

Smashburger IP is the owner of the applications to register the marks TRIPLE DOUBLE and SMASHBURGER TRIPLE DOUBLE in International Class 30 for "[s]andwiches" and in International Class 43 for "[c]arry-out restaurants; restaurant services; self-service restaurants," filed with the United States Patent & Trademark Office (the "USPTO") on November 14, 2016.  SS 1.

Smashburger IP is also the owner of trademark registrations in International Class 43 for two slogans: (1) "SMASH.SIZZLE.SAVOR.," registered by the USPTO on May 20, 2008; and (2) "SMASHED FRESH.  SERVED DELICIOUS.," registered by the USPTO on September 25, 2012.  SS 2.  Pursuant to a May 16, 2013 Trademark Assignment filed with the USPTO, Smashburger IP was assigned the trademarks

-2-

IN-N-OUT BURGERS' MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION
FOR PARTIAL SUMMARY JUDGMENT
Case No. 8:17-cv-1474-JLS-DFM
4812-4163-7001.v1

associated with Smashburger's business that had previously been held by Icon Burger Development Company, LLC.  SS 3.

**Admissions re Ownership of Marks.**  In-N-Out's Request for Admission No. 163 to Smashburger IP and Smashburger Franchising asked, "Admit that SMASHBURGER IP owns the intellectual property rights in and to the TRIPLE DOUBLE MARKS."[2]  SS 4.  In response to Request for Admission No. 163, Smashburger IP and Smashburger Franchising asserted objections, and then "admit[ted] that with regard to trademark registrations, Smashburger IP owns the registration for the mark SMASH.  To the extent that there are any intellectual property rights associated with Triple Double burger products, they also would be held by Smashburger IP."  *Id.*

**Admissions re Ownership of Slogans.**  In-N-Out's Request for Admission No. 164 to Smashburger IP and Smashburger Franchising asked, "Admit that SMASHBURGER IP owns the intellectual property rights in and to the DOUBLE THE BEEF SLOGANS."[3]  SS 5.  In response to Request for Admission No. 164, Smashburger IP and Smashburger Franchising asserted objections, and then "admit[ted] that with regard to trademark registrations, Smashburger IP owns the registration for the mark SMASH.  To the extent that there are any intellectual property rights in the slogans, they also would be held by Smashburger IP."  *Id.*  Smashburger IP provided the same substantive response to In-N-Out's Interrogatory No. 11, which asked, "[i]dentify by name, rights held, and source of rights, each Smashburger entity that holds any rights in the DOUBLE THE BEEF SLOGANS."  SS 6.

---

[2] The term "TRIPLE DOUBLE MARKS" was defined to "refer[] to the marks 'comprising 'Triple Double' used by DEFENDANTS in connection with their products or services, including, but not limited to, 'Triple Double,' 'Smashburger Triple Double,' 'Bacon Triple Double,' and 'Pub Triple Double.'"  SS 4.

[3] The term "DOUBLE THE BEEF SLOGAN" was defined to "refer[] to any slogan that that includes the phrase 'Double the Beef' . . . or denotes two times the beef . . . ," providing examples of such slogans.  SS 5.

**Admissions re Ownership of Advertising Materials.**  In-N-Out's Request for Admission No. 165 to Smashburger IP and Smashburger Franchising asked, "Admit that SMASHBURGER IP owns the intellectual property rights in and to the DOUBLE THE BEEF MATERIALS."[4]  SS 7.  In response to Request for Admission No. 165, Smashburger IP and Smashburger Franchising asserted objections, and then "admit[ted] that with regard to trademark registrations, Smashburger IP owns the registration for the mark SMASH.  To the extent that there are any intellectual property rights in the materials, they also would be held by Smashburger IP."  *Id.*  Smashburger IP provided the same substantive response to In-N-Out's Interrogatory No. 12, which asked, "[i]dentify by name, rights held, and source of rights, each Smashburger entity that holds any rights in the DOUBLE THE BEEF MATERIALS."  SS 8.

**B.**     **Creation by Smashburger IP, and Use by Smashburger IP and Smashburger Franchising, of the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials.**

Tom Ryan is CEO of Smashburger IP and Smashburger Franchising.  SS 9.  ███

████████████████████████████████████████████████████

████████   SS 10.  ████████████████████████████

████████████████████████   SS 11.  ████████████████████

████████████████████████   SS 12.  Smashburger released a July 11, 2017 press release in which Mr. Ryan stated that the Triple Double burger "provid[es] three times the cheese and double the beef in every bite."  SS 13.

Smashburger's website (https://smashburger.com/menu) bears the copyright notice "© 2018 Smashburger IP Holder LLC.  All rights reserved.  Smashburger® and related trademarks are the property of Smashburger IP Holder LLC."  SS 14.

---

[4] The term "DOUBLE THE BEEF MATERIALS" was defined to "refer[] to any advertising, marketing, or promotional materials that depict any DOUBLE THE BEEF SLOGAN."  SS 7.

1  Smashburger's website displays the TRIPLE DOUBLE mark and "Double the Beef"

2  slogans.  SS 15.

3  ████████████████████████████

4  ████████████████████████████

5  ████████████████████████████████

6  ████████████████████████████████

7  ██████████████████████████████████

8  ████████████████  SS 16.

9  **C.    Smashburger IP's and Smashburger Franchising's Authorization of**
       **Use of the TRIPLE DOUBLE Marks and the "Double the Beef"**
10      **Slogans and Advertising Materials.**

11      On May 15, 2013, Smashburger IP entered into two license agreements: (1) an

12  Intellectual Property License Agreement (the "Smashburger Finance License

13  Agreement") with Smashburger Finance LLC ("Smashburger Finance"); and (2) an

14  Intellectual Property and Products Designation License Agreement (the "Smashburger

15  Franchise License Agreement") with Smashburger Franchising.  SS 17.

16  ██████████████████████████

17  ████████████████████████████████

18  ██████████████████████████████

19  ██████████████████████████████

20  ██████████████████████████████

21  ████████████████████████████████

22  ████████████████████████████████

23  ████████  SS 18.

24  █████████████████████████████████

25  ██████████████████████████████

26  █████████████████████████████████

27  ██████████████████████████

28  ████████  SS 19. ██████████████████████



1

2

3

4

5    SS 20.

6

7

8

9

10

11

12   SS 21.

13

14

15

16

17   SS 22.

18

19

20

21   SS 23.

22   In-N-Out's Requests for Admission Nos. 166, 168, and 170 to Smashburger IP

23   and Smashburger Franchising asked, "Admit that SMASHBURGER COMPANY

24   RESTAURANTS have rights to use [the TRIPLE DOUBLE MARKS, the DOUBLE

25   THE BEEF SLOGANS, and the DOUBLE THE BEEF MATERIALS, respectively]

26

27

28

-6-

through a license from Smashburger IP."[5]  SS 24.  In response to Requests for Admission Nos. 166, 168, and 170, Smashburger IP and Smashburger Franchising asserted objections, and then "admit[ted] that to the extent that there are any intellectual property rights associated with [the Triple Double marks, the slogans, and the materials, respectively], they are licensed from Smashburger IP to the company-owned stores." *Id.*

In-N-Out's Requests for Admission Nos. 167, 169, and 171 to Smashburger IP and Smashburger Franchising asked, "Admit that SMASHBURGER FRANCHISE RESTAURANTS have rights to use [the TRIPLE DOUBLE MARKS, the DOUBLE THE BEEF SLOGANS, and the DOUBLE THE BEEF MATERIALS, respectively] through a license from SMASHBURGER FRANCHISING."[6]  SS 25.  In response to Requests for Admission Nos. 167, 169, and 171, Smashburger IP and Smashburger Franchising asserted objections, and then "admit[ted] that to the extent that there are any intellectual property rights associated with [the Triple Double marks, the slogans, and the materials, respectively], they are licensed from Smashburger IP to Smashburger Franchising, LLC which, in turn, licenses them to Smashburger franchises." *Id.*

**D.  <u>Smashburger IP's and Smashburger Franchising's Control Over Use of the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials.</u>**

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████ SS 26. ██████████████████

---

[5] The term "SMASHBURGER COMPANY RESTAURANT" was defined to "refer[] to any Smashburger-branded restaurant in the United States that was or is owned or operated, directly or indirectly, by any direct or indirect subsidiary of Icon Burger Acquisition LLC, including, but not limited to" 46 named entities.  SS 24.

[6] The term "SMASHBURGER FRANCHISE RESTAURANT" was defined to "refer[] to any Smashburger-branded restaurant in the United States that was or is owned or operated by any franchisee of Smashburger Franchising LLC."  SS 25.



SS 27.

SS 28.

SS 29.

In-N-Out's Requests for Admission Nos. 172-77 to Smashburger IP and Smashburger Franchising asked, "Admit that [SMASHBURGER IP or SMASHBURGER FRANCHISING, respectively] has the right to control use of [the TRIPLE DOUBLE MARKS, the DOUBLE THE BEEF SLOGANS, and the DOUBLE THE BEEF MATERIALS, respectively] by [SMASHBURGER COMPANY RESTAURANTS or SMASHBURGER FRANCHISE RESTAURANTS, respectively]."  SS 30.  In response to Requests for Admission Nos. 172-77, Smashburger IP and Smashburger Franchising asserted objections, and then "admit[ted] to the extent that the license agreement, which has been produced to Plaintiff in this action, contains certain limitations and terms that may be invoked to restrict use of the licensed IP assets."  *Id.*

## PROCEDURAL HISTORY

### A.    The Pleadings.

In-N-Out filed its original Complaint [Dkt. 1] on August 28, 2017 and its First Amended Complaint [Dkt. 15] on October 20, 2017.  In a September 20, 2018 Order [Dkt. 115], the Court granted In-N-Out's motion for leave to file a Second Amended and Supplemental Complaint (the "SAC") [Dkt. 117].  The SAC, filed on September

-8-

21, 2018, which is In-N-Out's currently operative pleading, names as defendants Smashburger IP and Smashburger Franchising.

The SAC alleges eight claims for relief: (1) the First Claim for Relief for Federal Trademark Infringement (15 U.S.C. § 1114); (2) the Second Claim for Relief for Federal Unfair Competition (15 U.S.C. § 1125(a)); (3) the Third Claim for Relief for Federal False Advertising (15 U.S.C. § 1125(a)); (4) the Fourth Claim for Relief for Federal Trademark Dilution (15 U.S.C. § 1125(c)); (5) the Fifth Claim for Relief for California Statutory Trademark Infringement (Cal. Bus. & Prof. Code § 14250); (6) the Sixth Claim for Relief for California Statutory Trademark Dilution (Cal. Bus. & Prof. Code § 14247); (7) the Seventh Claim for Unfair Competition Under the California Common Law; and (8) the Eighth Claim for Relief for California Statutory Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 *et seq.*).

With the exception of the Third Claim for Relief, each claim for relief is based upon the allegations that: (1) In-N-Out owns a family of marks, which share a common theme of a number followed by a number, comprised of the marks DOUBLE-DOUBLE, TRIPLE TRIPLE, QUAD QUAD, 2 X 2, 3 X 3, and 4 X 4, each of which is registered federally and with the state of California, *see* SAC, ¶¶ 11-16; and (2) Defendants have committed trademark infringement, unfair competition, and trademark dilution by using the marks TRIPLE DOUBLE, SMASHBURGER TRIPLE DOUBLE, BACON TRIPLE DOUBLE, and PUB TRIPLE DOUBLE (collectively, the "TRIPLE DOUBLE Marks") in connection with burgers sold at Smashburger company or franchised restaurants.  *See id.*, ¶¶ 34-50, 64-78, 88-117.

The Third Claim for Relief is based upon Defendants' use of "Double the Beef" slogans, such as "Triple the Cheese, Double the Beef in Every Bite," "Triple the Cheese, Double the Beef, Triple the Options," and "Classic Smash™ Beef Build with triple the cheese & double beef in every bite."  *See id.*, ¶¶ 1, 51-63, 79-87.  The SAC alleges that these "Double the Beef" slogans are false and misleading because

the Triple Double burgers contain the same amount of beef as Defendants' regular-sized single burgers, not "double" or twice the amount of beef.  *See id.*

## B.   The Order on In-N-Out's First Motion for Partial Summary Judgment.

On February 6, 2019, the Court filed an Order [Dkt. 175] granting in part and denying in part In-N-Out's motion for partial summary judgment [Dkt. 145] as to the elements of its false advertising claim.  The Court found that "there is no genuine dispute of fact as to the literal falsity of Smashburger's advertisements using the slogan 'Classic Smash™ Beef build with triple the cheese & double the beef in every bite,'" but "there is a genuine dispute of fact as to the falsity of Smashburger's 'double the beef' advertisements which contain no reference to the Classic Smash product." Dkt. 175 at 6-12.  The Court held that "the 'double the beef' slogan referencing the Classic Smash is deceptive as a matter of law," and that "there is no genuine dispute of fact regarding materiality."  *Id.* at 12-14.  The Court next found that "there is no genuine issue of fact that Smashburger's false advertising entered interstate commerce, while declining to reach the issue of whether the named Smashburger Defendants in this action were the entities which caused the false advertising to enter interstate commerce."  *Id.* at 14-15.  Finally, the Court found that "there is a genuine issue of material fact for the jury as to whether In-N-Out and Smashburger are direct competitors," and it therefore denied "In-N-Out's motion for summary judgment as to the injury element of its false advertising claim."  *Id.* at 15-16.

In opposing In-N-Out's motion for partial summary judgment, Defendants attempted to defeat the motion as to the interstate commerce element by arguing an issue on which In-N-Out had not sought summary judgment,[7] asserting that:

---

[7] In-N-Out's motion asked the Court to find that Smashburger's false advertising entered interstate commerce, without asking the Court to find that the named Smashburger Defendants were responsible for the advertising reaching interstate commerce.  *See* Dkt. 145 at 2:21-22 (notice of motion); Dkt. 145-1 at 2:9-10, 19:16 – 20:3 (memo of points & authorities).

-10-

1

2

3

4

5

6

> Smashburger IP Holder is a holding company for various intellectual property, which it then licenses to other Smashburger entities. Declaration of Ty Lufman in support of opposition to motion for leave to amend, ECF No. 82-2, at ¶ 3.  Smashburger Franchising LLC enters into franchise agreements with Smashburger franchisees.  *Id.* ¶ 4.  These defendants do not own any restaurants, do not sell any hamburgers, and do not purchase or run any advertisements.  *Id.*, at ¶ 2.  Thus, Smashburger IP Holder and Smashburger Franchising LLC are not responsible for distributing or publishing any of the "double the beef"-related claims and cannot be liable for false advertising as a matter of law.

7

Dkt. 156 at 20:3-11.

8

## **LEGAL STANDARD**

9

Under Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment,

10

identifying each claim or defense – or the part of each claim or defense – on which

11

summary judgment is sought." *Id.*  Summary judgment is required "if the movant

12

shows that there is no genuine issue as to any material fact and the movant is entitled

13

to judgment as a matter of law." *Id.*  The non-movant must identify specific facts that

14

show a genuine issue of material fact for trial, *i.e.*, that the facts could allow a

15

reasonable jury to return a verdict for the non-movant.  *See Anderson v. Liberty*

16

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).

17

"The party moving for summary judgment bears the initial burden of

18

demonstrating the absence of a genuine issue of fact for trial." *Devereaux v. Abbey*,

19

263 F.3d 1070, 1076 (9th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317,

20

323 (1986)).  If "a moving party carries its burden of production, the nonmoving party

21

must produce evidence to support its claim or defense." *Nissan Fire & Marine Ins.*

22

*Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000).  "If the nonmoving party fails

23

to produce enough evidence to create a genuine issue of material fact, the moving

24

party wins the motion for summary judgment." *Id.* (citing *Celotex Corp.*, 477 U.S. at

25

322).

26

27

28

-11-

IN-N-OUT BURGERS' MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION
FOR PARTIAL SUMMARY JUDGMENT
Case No. 8:17-cv-1474-JLS-DFM

4812-4163-7001.v1

# ARGUMENT

I.  **THE COURT SHOULD GRANT PARTIAL SUMMARY JUDGMENT AS TO THE RESPONSIBILITY OF SMASHBURGER IP AND SMASHBURGER FRANCHISING FOR USE OF THE TRIPLE DOUBLE MARKS AND THE "DOUBLE THE BEEF" SLOGANS AND ADVERTISING MATERIALS.**

Not surprisingly, each of the claims asserted by In-N-Out requires some showing that the Defendants were involved in use of the alleged false advertising or infringing marks.  On the Third Claim for Relief for False Advertising, In-N-Out must show that "the defendant[s] caused [the] false statement to enter interstate commerce." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).  On the First Claim for Relief for Federal Trademark Infringement, the Second Claim for Relief for Federal Unfair Competition, and the Fourth Claim for Relief for Federal Trademark Dilution, In-N-Out must show that the named defendants are "persons" "who use[d] in commerce" the TRIPLE DOUBLE marks.  15 U.S.C. §§ 1114(a)(1)(A), 1125(a), 1125(c).  On the Fifth and Sixth Claims for Relief for California Statutory Trademark Infringement and California Statutory Trademark Dilution, In-N-Out must show, respectively, that the named defendants are using the TRIPLE DOUBLE marks, *see* Cal. Bus. & Prof. Code § 14250, or are "person[s]" who are making "commercial use" of the TRIPLE DOUBLE marks, *see* Cal. Bus. & Prof. Code § 14247.  On the Seventh Claim for Relief for Unfair Competition Under the California Common Law, In-N-Out must show that the named defendants are using the TRIPLE DOUBLE marks.  On the Eighth Claim for Relief for Statutory Unfair Competition, In-N-Out must show that the named defendants are "persons" who have used the TRIPLE DOUBLE marks.  *See* Cal. Bus. & Prof. Code § 17203.

## A. Because Smashburger IP Owns the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials, It is Responsible for the Trademark Infringement and the False Advertising.

As an initial matter, the undisputed facts demonstrate that Smashburger IP owns the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising materials.[8] SS 1-8, 18-20.  The fact that Smashburger IP owns such marks, slogans, and advertising materials should be sufficient as a matter of law to demonstrate that it is responsible for the use of such marks, slogans, and advertising materials to sell burgers at Smashburger restaurants.

## B. Because of Smashburger IP's Involvement in Creating the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials, They are Responsible for the Trademark Infringement and the False Advertising.

Even if Smashburger IP's ownership of the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising materials was not by itself sufficient to establish its responsibility – and it is – Smashburger IP would still be responsible by reason of its involvement in the process whereby Smashburger entities created such marks, slogans, and advertising materials.  While the documents produced by Defendants in this lawsuit almost always refer to "Smashburger" without differentiating between different entities, they contain nothing to suggest that Smashburger IP is not the Smashburger entity that created the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising materials. ██████

███████████████████████████████████

██████████████████████████████████

███████████████████████████████████

---

[8] Because Smashburger IP holds trademark registrations for at least two slogans (SMASH.SIZZLE.SAVOR. and SMASHED FRESH.  SERVED DELICIOUS.) that are used not as the name of products but advertise products, SS 2, it is apparent that Smashburger IP is also the owner of the "Double the Beef" slogans, which are used not as the name of the Triple Double burgers but to advertise such burgers.

-13-

IN-N-OUT BURGERS' MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION
FOR PARTIAL SUMMARY JUDGMENT
Case No. 8:17-cv-1474-JLS-DFM

4812-4163-7001.v1

1

2

3    In *Western Sugar Co-op. v. Archer-Daniels-Midland Co.*, No. CV 11–3473

4    CBM (MANx), 2012 WL 3101659, *7-8 (C.D. Cal. July 31, 2012), the court

5    recognized that there is "a theory of joint-tortfeasor liability under the Lanham Act"

6    that is available "when the defendant has knowingly participated in the creation,

7    development, and propagation of the false advertising campaign." *Id.* (citing *In re

8    Century 21-RE/MAX Real Estate Advertising Claims Litig.*, 882 F. Supp. 915, 925

9    (C.D. Cal. 1994)).  *See Yeti Enters. Inc. v. Tang*, 2017 WL 3478484, *16 (D. Ore.

10   Aug. 14, 2017) (same).  The *Western Sugar Co-op.* court found that the plaintiffs had

11   stated a claim for false advertising under the Lanham Act against not only the trade

12   association of corn refiners that had engaged in a campaign to rebrand high fructose

13   corn syrup but also against the member companies that were alleged to have crafted

14   that campaign in conjunction with the trade association.  *See Western Sugar Co-op.*,

15   2012 WL 3101659 at *1, 7-8.  Thus, Smashburger IP is responsible as a joint

16   tortfeasor for use of the TRIPLE DOUBLE Marks and the "Double the Beef" slogans

17   and advertising materials by reason of its involvement in the creation of those marks,

18   slogans, and advertising materials, regardless of whether it used the marks, slogans,

19   and advertising materials itself.

20   In a related context, the courts have held that advertising agencies are proper

21   defendants to false advertising claims under the Lanham Act.  *See*, *e.g.*, *Nestle Purina

22   PetCare Co. v. Blue Buffalo Co. Ltd.*, No. 4:14 CV 859 RWS, 2015 WL 1782661, at

23   *5 (E.D. Mo. Apr. 20, 2015) (denying motion to dismiss false advertising claim

24   against advertising agency); *In re Century 21-RE/MAX Real Estate Advertising

25   Claims Litig.*, 882 F. Supp. at 925 (an advertising agency may be liable as a joint

26   tortfeasor for false advertising it if "has knowingly participated in the creation,

27   development and propagation of the … false advertising campaign") (quotation

28   omitted); *Gillette Co. v. Wilkinson Sword, Inc.*, 795 F. Supp. 662, 663 (S.D.N.Y.

-14-

1992) ("advertising agencies are liable under [Section 1125(a)] at least where they knowingly participate in the false advertising"), *vacated on other grounds*, No. 89 Civ. 3586(KMW), 1992 WL 12000396, at *1 (S.D.N.Y. Oct. 28, 1992).  Because Smashburger IP "knowingly participated in the creation, development and propagation" of the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising materials, *In re Century 21-RE/MAX Real Estate Advertising Claims Litig.*, 882 F. Supp. at 925, it is responsible for the use of such marks, slogans, and materials to sell burgers at Smashburger restaurants.

**C.**    **Because Smashburger IP and Smashburger Franchising Use the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials, They are Responsible for the Trademark Infringement and the False Advertising.**

Smashburger's website – which displays TRIPLE DOUBLE Marks and "Double the Beef" slogans – includes a copyright notice identifying Smashburger IP as the owner of the content.  SS 14-15.  ████████████████████████████████████████████████████████████████████████  SS 19.  The facts that Smashburger IP uses the TRIPLE DOUBLE Marks and the "Double the Beef" slogans on the Smashburger website ████████████████████████████████ ████████ are sufficient as a matter of law to demonstrate that Smashburger IP is responsible for the use of such marks, slogans, and advertising materials to sell burgers at Smashburger restaurants.

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████  SS 16.  Smashburger Franchising's involvement – direct or delegated – over the advertisements for

-15-

1  franchise restaurants is sufficient as a matter of law to demonstrate that it is

2  responsible for the use of the marks, slogans, and advertising materials at issue.

3  Furthermore, even if Smashburger Franchising delegated its right to direct the

4  marketing programs, it would still be liable as a joint tortfeasor with any Smashburger

5  entity to which such right might have been delegated, based upon its role in

6  propagating use of the marks, slogans, and advertising materials.  *See Western Sugar*

7  *Co-op.*, 2012 WL 3101659 at *7-8; *In re Century 21-RE/MAX Real Estate Advertising*

8  *Claims Litig.*, 882 F. Supp. at 925.

9        **D.**    **Because Smashburger IP and Smashburger Franchising Authorize**

10            **and Control the Use by Smashburger Company and Franchise**

11            **Restaurants of the TRIPLE DOUBLE Marks and the "Double the Beef" Slogans and Advertising Materials, They are Responsible for the Trademark Infringement and the False Advertising.**

12        Both Smashburger IP and Smashburger Franchising are responsible for the use

13  of the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising

14  materials because they authorized the use of such marks, slogans, and advertising

15  materials.  SS 17-25.  As discussed above, the "knowing participation" of

16  Smashburger IP and Smashburger Franchising in the "propagation" of the use of the

17  TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising

18  materials supports holding them responsible for such use.  *Western Sugar Co-op.*,

19  2012 WL 3101659 at *7-8; *In re Century 21-RE/MAX Real Estate Advertising Claims*

20  *Litig.*, 882 F. Supp. at 925.



21

22

23           SS 18, 21.

24

25

26           SS 18, 21.

27

28

-16-

1  ████████████████████████████████████████████

2  ████████████████████████████████████████████

3  ██████████ SS 29. ████████████████████████

4  ████████████████████████████████████████████

5  ████████████████████████████ SS 26-28.

6  Accordingly, Smashburger IP is responsible for propagating the TRIPLE DOUBLE

7  Marks and the "Double the Beef" slogans and advertising materials for use at all

8  Smashburger restaurants, whether company-operated or franchisee-operated.

9  ████████████████████████████████████████████

10 ████████████████████████████████████████████

11 ████████ SS 19, 22-23. ██████████████████

12 ████████████████████████████████████████████

13 ████████████████████████████████████████

14 ████████████████████████ SS 22, 26-30.

15 Accordingly, Smashburger Franchising is responsible for propagating the TRIPLE

16 DOUBLE Marks and the "Double the Beef" slogans and advertising materials for use

17 at all Smashburger franchise restaurants.

18      In *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854 (1982), the Supreme

19 Court recognized that "***if a manufacturer or distributor intentionally induces***

20 ***another to infringe a trademark***, or if it continues to supply its product to one whom

21 it knows or has reason to know is engaging in trademark infringement, ***the***

22 ***manufacturer or distributor is contributorially*** [*sic*] ***responsible for any harm done***

23 ***as a result of the deceit***." *Id.* (emphasis added). Here, Smashburger IP and

24 Smashburger Franchising not only intentionally induced Smashburger company and

25 franchise restaurants to use the TRIPLE DOUBLE Marks, the "Double the Beef"

26 slogans, and the advertising materials, but they propagated such marks, slogans, and

27 advertising materials by authorizing such use. SS 9-28.

28

-17-

1

## <u>CONCLUSION</u>

2          For the reasons set forth herein, In-N-Out respectfully asks the Court to grant its

3   motion for partial summary judgment as to the responsibility of Smashburger IP and

4   Smashburger Franchising for use of the TRIPLE DOUBLE marks and the "Double

5   the Beef" slogans and advertising materials.

6   Dated:  March 4, 2019              Respectfully submitted,

7                                      CAROLYN S. TOTO
                                       JEFFREY D. WEXLER
8                                      SARKIS A. KHACHATRYAN
                                       PILLSBURY WINTHROP SHAW PITTMAN LLP
9

10                                     By:_____/s/ Carolyn S. Toto_____
                                            Carolyn S. Toto
11                                     Attorneys for Plaintiff and Counterdefendant
                                       IN-N-OUT BURGERS
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4812-4163-7001.v1