CAROLYN S. TOTO (SBN 233825)
carolyn.toto@pillsburylaw.com
JEFFREY D. WEXLER (SBN 132256)
jeffrey.wexler@pillsburylaw.com
SARKIS A. KHACHATRYAN (SBN 293991)
sarkis.khachatryan@pillsburylaw.com
PILLSBURY SHAW WINTHROP PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile No.: (213) 629-1033

Attorneys for Plaintiff and Counterdefendant
IN-N-OUT BURGERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN-N-OUT BURGERS, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SMASHBURGER IP HOLDER LLC, a Delaware limited liability company; and SMASHBURGER FRANCHISING LLC, a Delaware limited liability company,<br><br>Defendants.<br><br>SMASHBURGER IP HOLDER LLC, and SMASHBURGER FRANCHISING LLC,<br><br>Counterclaimants,<br><br>vs.<br><br>IN-N-OUT BURGERS,<br><br>Counterdefendant. | Case No. 8:17-cv-1474-JVS-DFM<br><br>**PLAINTIFF AND COUNTERDEFENDANT IN-N-OUT BURGERS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE RESPONSIBILITY OF NAMED DEFENDANTS FOR USE OF MARKS, SLOGANS, AND ADVERTISING MATERIALS**<br><br>**[PUBLICLY FILED VERSION]**<br><br>Date:       April 8, 2019<br>Time:       1:30 p.m.<br>Courtroom: 10C<br><br>Judge:  Hon. James V. Selna<br><br>Fact Discovery Cut-Off: Apr. 19, 2019<br>Pre-Trial Conference: Sept. 9, 2019<br>Trial Date:       Sept. 24, 2019 |

Pursuant to Local Rule 56-1, Plaintiff and Counterdefendant In-N-Out Burgers ("In-N-Out") hereby submits this Statement of Uncontroverted Facts and Conclusions of Law to support its Motion for Partial Summary Judgment re Responsibility of Named Defendants for Use of Marks, Slogans, and Advertising Materials against Defendants and Counterclaimants Smashburger IP Holder LLC ("Smashburger IP") and Smashburger Franchising LLC ("Smashburger Franchising").

## I.   STATEMENT OF UNCONTROVERTED FACTS

| Statement of Uncontroverted Facts | Supporting Evidence |
| --- | --- |
| 1.   Smashburger IP is the owner of the applications to register the marks TRIPLE DOUBLE and SMASHBURGER TRIPLE DOUBLE in International Class 30 for "[s]andwiches" and in International Class 43 for "[c]arry-out restaurants; restaurant services; self-service restaurants," filed with the United States Patent & Trademark Office (the "USPTO") on November 14, 2016. | Printout from USPTO's website re application filed by Smashburger IP with USPTO on November 14, 2016 to register TRIPLE DOUBLE in International Class 43, Serial No. 87/236,154 (Ex. A to Declaration of Jeffrey D. Wexler ("Wexler Decl.")); printout from USPTO's website re application filed by Smashburger IP with USPTO on November 14, 2016 to register SMASHBURGER TRIPLE DOUBLE in International Class 43, Serial No. 87/236,167 (Ex. B to Wexler Decl.); printout from USPTO's website re application filed by Smashburger IP with USPTO on November 14, 2016 to register TRIPLE DOUBLE in International |

4852-0138-7657.v1

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Class 30, Serial No. 87/236,274 (Ex. C to Wexler Decl.); printout from USPTO's website re application filed by Smashburger IP with USPTO on November 14, 2016 to register SMASHBURGER TRIPLE DOUBLE in International Class 30, Serial No. 87/236,287 (Ex. D to Wexler Decl.); Wexler Decl., ¶ 2 (authenticating Exs. A-D). |
| 2.      Smashburger IP is also the owner of trademark registrations in International Class 43 for two slogans: (1) "SMASH.SIZZLE.SAVOR.," registered by the USPTO on May 20, 2008; and (2) "SMASHED FRESH.  SERVED DELICIOUS.," registered by the USPTO on September 25, 2012. | Printout from USPTO's website re registration issued by USPTO to Smashburger IP on May 20, 2008 for "SMASH.SIZZLE.SAVOR.," Reg. No. 3,432,241 (Ex. E to Wexler Decl.); printout from USPTO's website re registration issued by USPTO to Smashburger IP on September 25, 2012 for "SMASHED FRESH.  SERVED DELICIOUS.," Reg. No. 4,213,598 (Ex. F to Wexler Decl.); Wexler Decl., ¶ 3 (authenticating Exs. E-F). |
| 3.      Pursuant to a May 16, 2013 Trademark Assignment filed with the USPTO, Smashburger IP was assigned | Printout of electronic Trademark Assignment cover sheet filed with the USPTO on May 16, 2013, attaching a |

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| the trademarks associated with Smashburger's business that had previously been held by Icon Burger Development Company, LLC. | Trademark Assignment dated May 16, 2013 between Icon Burger Development Company, LLC and Smashburger IP (Ex. G to Wexler Decl.); Wexler Decl., ¶ 4 (authenticating Ex. G). |
| 4.     In-N-Out's Request for Admission No. 163 to Smashburger IP and Smashburger Franchising asked, "Admit that SMASHBURGER IP owns the intellectual property rights in and to the TRIPLE DOUBLE MARKS."  (The term "TRIPLE DOUBLE MARKS" was defined to "refer[] to the marks 'comprising 'Triple Double' used by DEFENDANTS in connection with their products or services, including, but not limited to, 'Triple Double,' 'Smashburger Triple Double,' 'Bacon Triple Double,' and 'Pub Triple Double.'")  In response to Request for Admission No. 163, Smashburger IP and Smashburger Franchising asserted objections, and then "admit[ted] that with regard to trademark registrations, Smashburger IP owns the registration for the mark SMASH.  To the | In-N-Out's Sixth Set of Requests for Admissions to Smashburger IP and Smashburger Franchising, Request for Admission No. 163 (Ex. Q to Wexler Decl.); Objections and Responses of Smashburger IP and Smashburger Franchising to In-N-Out's Sixth Set of Requests for Admissions, Response to Request No. 163 (Ex. R to Wexler Decl.); Wexler Decl., ¶ 14 (authenticating Exs. Q, R). |

-4-

4852-0138-7657.v1

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| extent that there are any intellectual property rights associated with Triple Double burger products, they also would be held by Smashburger IP." | |
| 5.      In-N-Out's Request for Admission No. 164 to Smashburger IP and Smashburger Franchising asked, "Admit that SMASHBURGER IP owns the intellectual property rights in and to the DOUBLE THE BEEF SLOGANS."  (The term "DOUBLE THE BEEF SLOGAN" was defined to "refer[] to any slogan that that includes the phrase 'Double the Beef' (including, but not limited to, the slogans 'Double the Beef,' 'Triple the Cheese, Double the Beef,' 'Triple the Cheese, Double the Beef in Every Bite,' 'Triple the Cheese, Double the Beef, Triple the Options,' and 'Classic Smash$^{TM}$ Beef Build with triple the cheese & double the beef in every bite') or denotes two times the beef (including, but not limited to, the slogan '2x Fresh Never-Frozen Beef')."). In response to Request for Admission No. 164, Smashburger IP and Smashburger Franchising asserted objections, and then | In-N-Out's Sixth Set of Requests for Admissions to Smashburger IP and Smashburger Franchising, Request for Admission No. 164 (Ex. Q to Wexler Decl.); Objections and Responses of Smashburger IP and Smashburger Franchising to In-N-Out's Sixth Set of Requests for Admissions, Response to Request No. 164 (Ex. R to Wexler Decl.); Wexler Decl., ¶ 14 (authenticating Exs. Q, R). |

4852-0138-7657.v1

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| "admit[ted] that with regard to trademark registrations, Smashburger IP owns the registration for the mark SMASH.  To the extent that there are any intellectual property rights in the slogans, they also would be held by Smashburger IP." | |
| 6.      Smashburger IP provided the same substantive response to In-N-Out's Interrogatory No. 11, which asked, "[i]dentify by name, rights held, and source of rights, each Smashburger entity that holds any rights in the DOUBLE THE BEEF SLOGANS." | In-N-Out's Fourth Set of Interrogatories to Smashburger IP, Interrogatory No. 11 (Ex. S to Wexler Decl.); Objections and Responses of Smashburger IP to In-N-Out's Fourth Set of Interrogatories, Response to Interrogatory No. 11 (Ex. T to Wexler Decl.); Wexler Decl., ¶ 15 (authenticating Exs. S, T). |
| 7.      In-N-Out's Request for Admission No. 165 to Smashburger IP and Smashburger Franchising asked, "Admit that SMASHBURGER IP owns the intellectual property rights in and to the DOUBLE THE BEEF MATERIALS." (The term "DOUBLE THE BEEF MATERIALS" was defined to "refer[] to any advertising, marketing, or promotional materials that depict any DOUBLE THE BEEF SLOGAN.")  In | In-N-Out's Sixth Set of Requests for Admissions to Smashburger IP and Smashburger Franchising, Request for Admission No. 165 (Ex. Q to Wexler Decl.); Objections and Responses of Smashburger IP and Smashburger Franchising to In-N-Out's Sixth Set of Requests for Admissions, Response to Request No. 165 (Ex. R to Wexler Decl.); Wexler Decl., ¶ 14 (authenticating Exs. Q, R). |

4852-0138-7657.v1

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| response to Request for Admission No. 165, Smashburger IP and Smashburger Franchising asserted objections, and then "admit[ted] that with regard to trademark registrations, Smashburger IP owns the registration for the mark SMASH. To the extent that there are any intellectual property rights in the materials, they also would be held by Smashburger IP." | |
| 8.      Smashburger IP provided the same substantive response to In-N-Out's Interrogatory No. 12, which asked, "[i]dentify by name, rights held, and source of rights, each Smashburger entity that holds any rights in the DOUBLE THE BEEF MATERIALS." | In-N-Out's Fourth Set of Interrogatories to Smashburger IP, Interrogatory No. 12 (Ex. S to Wexler Decl.); Objections and Responses of Smashburger IP to In-N-Out's Fourth Set of Interrogatories, Response to Interrogatory No. 12 (Ex. T to Wexler Decl.); Wexler Decl., ¶ 15 (authenticating Exs. S, T). |
| 9.      Tom Ryan is CEO of Smashburger IP and Smashburger Franchising. | In-N-Out's First Set of Requests for Admissions to Smashburger IP, Requests for Admission Nos. 35-36 (Ex. U to Wexler Decl.); In-N-Out's First Set of Requests for Admissions to Smashburger Franchising, Requests for Admission Nos. 35-36 (Ex. V to Wexler Decl.); Objections and |

-7-

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Reponses of Smashburger IP and Smashburger Franchising In-N-Out's First Set of Requests for Admissions, Response to Requests for Admission Nos. 35-36 (Ex. W to Wexler Decl.); Wexler Decl., ¶ 16 (authenticating Exs. U-W). |
| 10. ████████ ████████ ████████ | June 14, 2017 e-mail chain between David Martinelli, Smashburger's Senior Marketing Director, and Joni Dayhuff, Smashburger's Marketing Content Manager (Ex. M to Wexler Decl.); Wexler Decl., ¶ 10 (authenticating Ex. M). |
| 11. ████████ ████████ ████████ | June 16, 2017 e-mail chain among David Martinelli, Smashburger's Senior Marketing Director, Joni Dayhuff, Smashburger's Marketing Content Manager, and Tom Ryan, Smashburger's Chief Executive Officer, attaching draft Triple Double marketing materials (Ex. N to Wexler Decl.); Wexler Decl., ¶ 11 (authenticating Ex. N). |
| 12. ████████ ████████ | October 4, 2017 e-mail from David Martinelli, Smashburger's Senior |

4852-0138-7657.v1

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| ███████████████ | Marketing Director, to "domestic Franchise Owners/Operators," attaching marketing materials for the Triple Double and the Bacon Triple Double (Ex. O to Wexler Decl.); Wexler Decl., ¶ 12 (authenticating Ex. O). |
| 13.    Smashburger released a July 11, 2017 press release in which Mr. Ryan stated that the Triple Double burger "provid[es] three times the cheese and double the beef in every bite." | July 11, 2017 press release titled "Smashburger Launches 'Triple Double' Burger" (Ex. P to Wexler Decl.); Wexler Decl., ¶ 13 (authenticating Ex. P). |
| 14.    Smashburger's website (https://smashburger.com/menu) bears the copyright notice "© 2018 Smashburger IP Holder LLC.  All rights reserved. Smashburger® and related trademarks are the property of Smashburger IP Holder LLC." | Screenshots from Smashburger's website (https://smashburger.com/menu), taken on February 21, 2019 (Ex. H to Wexler Decl.); Wexler Decl., ¶ 5 (authenticating Ex. H). |
| 15.    Smashburger's website displays the TRIPLE DOUBLE mark and "Double the Beef" slogans. | Screenshots from Smashburger's website (https://smashburger.com/menu), taken on February 21, 2019 (Ex. H to Wexler Decl.); Wexler Decl., ¶ 5 (authenticating Ex. H). |
| 16.    ████████████████ | April 2018 Smashburger Franchise |

-9-

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| ███████████████████ ████████████████████ ████████████████ ██████████████████████ ███████████████ ████████████████████ ████████████████ ████████████████ ███████████████████ ██████████████ ████████████ | Disclosure Document at SMASH00044682-83 (Ex. K to Wexler Decl.); Wexler Decl., ¶ 8 (authenticating Ex. K). |
| 17.    On May 15, 2013, Smashburger IP entered into two license agreements: (1) an Intellectual Property License Agreement (the "Smashburger Finance License Agreement") with Smashburger Finance LLC ("Smashburger Finance"); and (2) an Intellectual Property and Products Designation License Agreement (the "Smashburger Franchise License Agreement") with Smashburger Franchising. | Smashburger Finance License Agreement (Ex. I to Wexler Decl.); Smashburger Franchising License Agreement (Ex. J to Wexler Decl.); Wexler Decl., ¶¶ 6-7 (authenticating Exs. I, J). |
| 18.    ███████████████ ████████████████████ █████████████ ████████████████████ | Smashburger Finance License Agreement at 1-2, § 1(b) (Ex. I to Wexler Decl.); Smashburger Franchising License Agreement at 1-2, |

-10-

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| ██████████████████████████████████████ ████████████████████ ██████████████████████████████████ ████████████████████████████████████████ █████████████████████ █████ ████████████████████████████████████████ █████████████████████████████████ ████████████████████████████████████████ ██████████████████ ██████████████████ ███████████████████ | § 1(d) (Ex. J to Wexler Decl.); Wexler Decl., ¶¶ 6-7 (authenticating Exs. I, J). |
| 19. ████████████████████████████ ██████████████████████████████ ████████████████████████████████████████ ████████████████████████ ██████████████████████████████████ █████████████████████████████████ ████████████████████████████████████ ██████████████████████████ ███████████████ | Smashburger Finance License Agreement at 3, § 5(b) (Ex. I to Wexler Decl.); Smashburger Franchising License Agreement at 3, § 5(b) (Ex. J to Wexler Decl.); Wexler Decl., ¶¶ 6-7 (authenticating Exs. I, J). |
| 20. ████████████████████████████ ████████████████████████████ ██████████████████████████████ ███████████████████ ████████████████████ ████████████████████████████████ | Smashburger Finance License Agreement at 4-5, § 6(a) (Ex. I to Wexler Decl.); Wexler Decl., ¶ 6 (authenticating Ex. I). |

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| ██████████████ | |
| ████████████████ | |
| █████████████████ | |
| ███████████████ | |
| █████████████████ | |
| 21. ███████████████ | Smashburger Finance License Agreement at 2, § 2(a) (Ex. I to Wexler Decl.); Wexler Decl., ¶ 6 (authenticating Ex. I). |
| █████████████████ | |
| ██████████████████ | |
| ██████████████████ | |
| ██████████████████ | |
| ██████████████████ | |
| ███████████████████ | |
| █████████████████ | |
| ██████████████████ | |
| ███████████████████ | |
| ██████████████████ | |
| ████████████ | |
| ██████████████ | |
| 22. ████████████████ | Smashburger Franchising License Agreement at 2, § 2(a) (Ex. J to Wexler Decl.); Wexler Decl., ¶ 7 (authenticating Ex. J). |
| ████████████████ | |
| ████████████████ | |
| ██████████████ | |
| ██████████████████ | |
| ███████████████████ | |
| ██████████████████ | |
| ██████████████████ | |

-12-

4852-0138-7657.v1

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| ███████████████████ | |
| ███████████████████████ | |
| ███████████████████████ | |
| ███████████████████ | |
| 23.   ████████████████ ████████████████████ ████████████████████ ████████████████████ █████████████████ ███████████████████████ ███████████████████████ ████████████████████ ██████ | April 2018 Smashburger Franchise Disclosure Document at SMASH00044652 (Ex. K to Wexler Decl.); Wexler Decl., ¶ 8 (authenticating Ex. K). |
| 24.    In-N-Out's Requests for Admission Nos. 166, 168, and 170 to Smashburger IP and Smashburger Franchising asked, "Admit that SMASHBURGER COMPANY RESTAURANTS have rights to use [the TRIPLE DOUBLE MARKS, the DOUBLE THE BEEF SLOGANS, and the DOUBLE THE BEEF MATERIALS, respectively] through a license from Smashburger IP." (The term "SMASHBURGER COMPANY RESTAURANT" was defined to "refer[] to any Smashburger- | In-N-Out's Sixth Set of Requests for Admissions to Smashburger IP and Smashburger Franchising, Requests for Admission Nos. 166, 168, 170 (Ex. Q to Wexler Decl.); Objections and Responses of Smashburger IP and Smashburger Franchising to In-N-Out's Sixth Set of Requests for Admissions, Response to Request Nos. 166, 168, 170 (Ex. R to Wexler Decl.); Wexler Decl., ¶ 14 (authenticating Exs. Q, R). |

4852-0138-7657.v1

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| branded restaurant in the United States that was or is owned or operated, directly or indirectly, by any direct or indirect subsidiary of Icon Burger Acquisition LLC, including, but not limited to" 46 named entities.)  In response to Requests for Admission Nos. 166, 168, and 170, Smashburger IP and Smashburger Franchising asserted objections, and then "admit[ted] that to the extent that there are any intellectual property rights associated with [the Triple Double marks, the slogans, and the materials, respectively], they are licensed from Smashburger IP to the company-owned stores." | |
| 25.     In-N-Out's Requests for Admission Nos. 167, 169, and 171 to Smashburger IP and Smashburger Franchising asked, "Admit that SMASHBURGER FRANCHISE RESTAURANTS have rights to use [the TRIPLE DOUBLE MARKS, the DOUBLE THE BEEF SLOGANS, and the DOUBLE THE BEEF MATERIALS, respectively] through a license from | In-N-Out's Sixth Set of Requests for Admissions to Smashburger IP and Smashburger Franchising, Requests for Admission Nos. 167, 169, 171 (Ex. Q to Wexler Decl.); Objections and Responses of Smashburger IP and Smashburger Franchising to In-N-Out's Sixth Set of Requests for Admissions, Response to Request Nos. 167, 169, 171 (Ex. R to Wexler |

-14-

4852-0138-7657.v1

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| SMASHBURGER FRANCHISING." (The term "SMASHBURGER FRANCHISE RESTAURANT" was defined to "refer[] to any Smashburger-branded restaurant in the United States that was or is owned or operated by any franchisee of Smashburger Franchising LLC.")  In response to Requests for Admission Nos. 167, 169, and 171, Smashburger IP and Smashburger Franchising asserted objections, and then "admit[ted] that to the extent that there are any intellectual property rights associated with [the Triple Double marks, the slogans, and the materials, respectively], they are licensed from Smashburger IP to Smashburger Franchising, LLC which, in turn, licenses them to Smashburger franchises." | Decl.); Wexler Decl., ¶ 14 (authenticating Exs. Q, R). |
| 26.  ███████████ ███████████████████ ██████████████ ██████████████ ███████████████ ████████████ ███████████ | August 2016 Standards of Operations Guide at cover page, 7 (Ex. L to Wexler Decl.); Wexler Decl., ¶ 9 (authenticating Ex. L). |

-15-

| Statement of Uncontroverted Facts | Supporting Evidence |
|---|---|
| ██████████████ | |
| 27.   ████████████████ ██████████████ ███████████████ ████████████████ ██████████ | August 2016 Standards of Operations Guide at cover page, 10 (Ex. L to Wexler Decl.); Wexler Decl., ¶ 9 (authenticating Ex. L). |
| 28.   ██████████████ ██████████████ ████████████ ██████████████ ████ | August 2016 Standards of Operations Guide at 9 (Ex. L to Wexler Decl.); Wexler Decl., ¶ 9 (authenticating Ex. L). |
| 29.   ███████████████ ████████████████ ████████████████ █████████████████ ████████████ ████████████████ ██████████ ████████████ ████████████ ████████████ ████████████ ████████████ █████████████ █████████ | Smashburger Finance License Agreement at 3, § 4(b) (Ex. I to Wexler Decl.); Smashburger Franchising License Agreement at 3, § 4(b) (Ex. J to Wexler Decl.); Wexler Decl., ¶¶ 6-7 (authenticating Exs. I, J). |
| 30.   In-N-Out's Requests for Admission | In-N-Out's Sixth Set of Requests for |

-16-

| Statement of Uncontroverted Facts | Supporting Evidence |
| --- | --- |
| Nos. 172-77 to Smashburger IP and Smashburger Franchising asked, "Admit that [SMASHBURGER IP or SMASHBURGER FRANCHISING, respectively] has the right to control use of [the TRIPLE DOUBLE MARKS, the DOUBLE THE BEEF SLOGANS, and the DOUBLE THE BEEF MATERIALS, respectively] by [SMASHBURGER COMPANY RESTAURANTS or SMASHBURGER FRANCHISE RESTAURANTS, respectively]."  In response to Requests for Admission Nos. 172-77, Smashburger IP and Smashburger Franchising asserted objections, and then "admit[ted] to the extent that the license agreement, which has been produced to Plaintiff in this action, contains certain limitations and terms that may be invoked to restrict use of the licensed IP assets." | Admissions to Smashburger IP and Smashburger Franchising, Requests for Admission Nos. 172-77 (Ex. Q to Wexler Decl.); Objections and Responses of Smashburger IP and Smashburger Franchising to In-N-Out's Sixth Set of Requests for Admissions, Response to Request Nos. 172-77 (Ex. R to Wexler Decl.); Wexler Decl., ¶ 14 (authenticating Exs. Q, R). |

## II.    CONCLUSIONS OF LAW

1.      Under Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought."  *Id.*

2. Summary judgment is required "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Id*.

3. The non-movant must identify specific facts that show a genuine issue of material fact for trial, *i.e.*, that the facts could allow a reasonable jury to return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

4. "The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of fact for trial." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

5. If "a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

6. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Id.* (citing *Celotex Corp.*, 477 U.S. at 322).

7. Each of the claims asserted by In-N-Out requires some showing that the Defendants were involved in use of the alleged false advertising or infringing marks.

8. On the Third Claim for Relief for False Advertising, In-N-Out must show that "the defendant[s] caused [the] false statement to enter interstate commerce." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

9. On the First Claim for Relief for Federal Trademark Infringement, the Second Claim for Relief for Federal Unfair Competition, and the Fourth Claim for Relief for Federal Trademark Dilution, In-N-Out must show that the named

-18-

4852-0138-7657.v1

1 defendants are "persons" "who use[d] in commerce" the TRIPLE DOUBLE marks.

2 15 U.S.C. §§ 1114(a)(1)(A), 1125(a), 1125(c).

3      10.    On the Fifth and Sixth Claims for Relief for California Statutory

4 Trademark Infringement, and California Statutory Trademark Dilution, In-N-Out

5 must show, respectively, that the named defendants are using the TRIPLE DOUBLE

6 marks, *see* Cal. Bus. & Prof. Code § 14250, or are "person[s]" who are making

7 "commercial use" of the TRIPLE DOUBLE marks, *see* Cal. Bus. & Prof. Code §

8 14247.

9      11.    On the Seventh Claim for Relief for Unfair Competition Under the

10 California Common Law, In-N-Out must show that the named defendants are using

11 the TRIPLE DOUBLE marks.

12      12.    On the Eighth Claim for Relief for Statutory Unfair Competition, In-N-

13 Out must show that the named defendants are "persons" who have used the TRIPLE

14 DOUBLE marks.  *See* Cal. Bus. & Prof. Code § 17203.

15      13.    As an initial matter, the undisputed facts demonstrate that Smashburger

16 IP owns the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and

17 advertising materials.

18      14.    Because Smashburger IP holds trademark registrations for at least two

19 slogans (SMASH.SIZZLE.SAVOR. and SMASHED FRESH.  SERVED

20 DELICIOUS.) that are used not as the name of products but advertise products, it is

21 apparent that Smashburger IP is also the owner of the "Double the Beef" slogans,

22 which are used not as the name of the Triple Double burgers but to advertise such

23 burgers.

24      15.    The fact that Smashburger IP owns such marks, slogans, and

25 advertising materials is sufficient as a matter of law to demonstrate that it is

26 responsible for the use of such marks, slogans, and advertising materials to sell

27 burgers at Smashburger restaurants.

28

-19-

16.     Even if Smashburger IP's ownership of the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising materials was not by itself sufficient to establish its responsibility – and it is – Smashburger IP would still be responsible by reason of its involvement in the process whereby Smashburger entities created such marks, slogans, and advertising materials.

17.     There is no evidence suggesting that Smashburger IP is not the Smashburger entity that created the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising materials.

18.     ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

19.     In *Western Sugar Co-op. v. Archer-Daniels-Midland Co.*, No. CV 11–3473 CBM (MANx), 2012 WL 3101659, *7-8 (C.D. Cal. July 31, 2012), the court recognized that there is "a theory of joint-tortfeasor liability under the Lanham Act" that is available "when the defendant has knowingly participated in the creation, development, and propagation of the false advertising campaign." *Id.* (citing *In re Century 21-RE/MAX Real Estate Advertising Claims Litig.*, 882 F. Supp. 915, 925 (C.D. Cal. 1994)). *See Yeti Enters. Inc. v. Tang*, 2017 WL 3478484, *16 (D. Ore. Aug. 14, 2017) (same).

20.     The *Western Sugar Co-op.* court found that the plaintiffs had stated a claim for false advertising under the Lanham Act against not only the trade association of corn refiners that had engaged in a campaign to rebrand high fructose corn syrup but also against the member companies that were alleged to have crafted that campaign in conjunction with the trade association. *See Western Sugar Co-op.*, 2012 WL 3101659 at *1, 7-8.

21.     Thus, Smashburger IP is responsible as a joint tortfeasor for use of the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising materials by reason of its involvement in the creation of those marks, slogans, and advertising materials, regardless of whether it used the marks, slogans, and advertising materials itself.

22.     In a related context, the courts have held that advertising agencies are proper defendants to false advertising claims under the Lanham Act.  *See*, *e.g.*, *Nestle Purina PetCare Co. v. Blue Buffalo Co. Ltd.*, No. 4:14 CV 859 RWS, 2015 WL 1782661, at *5 (E.D. Mo. Apr. 20, 2015) (denying motion to dismiss false advertising claim against advertising agency); *In re Century 21-RE/MAX Real Estate Advertising Claims Litig.*, 882 F. Supp. at 925 (an advertising agency may be liable as a joint tortfeasor for false advertising it if "has knowingly participated in the creation, development and propagation of the … false advertising campaign") (quotation omitted); *Gillette Co. v. Wilkinson Sword, Inc.*, 795 F. Supp. 662, 663 (S.D.N.Y. 1992) ("advertising agencies are liable under [Section 1125(a)] at least where they knowingly participate in the false advertising"), *vacated on other grounds*, No. 89 Civ. 3586(KMW), 1992 WL 12000396, at *1 (S.D.N.Y. Oct. 28, 1992).

23.     Because Smashburger IP "knowingly participated in the creation, development and propagation" of the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising materials, *In re Century 21-RE/MAX Real Estate Advertising Claims Litig.*, 882 F. Supp. at 925, it is responsible for the use of such marks, slogans, and materials to sell burgers at Smashburger restaurants.

24.     Smashburger's website – which displays TRIPLE DOUBLE Marks and "Double the Beef" slogans – includes a copyright notice identifying Smashburger IP as the owner of the content.

1       25.   ████████████████████████████████████████

2   ████████████████████████████████████████████████████

3   ████████████████████

4       26.   The facts that Smashburger IP uses the TRIPLE DOUBLE Marks and

5   the "Double the Beef" slogans on the Smashburger website ████████████

6   ████████████████████████████████████████

7   ████████████████████████████████ are sufficient as a matter of law to

8   demonstrate that Smashburger IP is responsible for the use of such marks, slogans,

9   and advertising materials to sell burgers at Smashburger restaurants.

10      27.   ████████████████████████████████

11  ████████████████████████████████████████████████

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████

14  ████████████████████████████████████████

15  ████████████

16      28.   Smashburger Franchising's involvement – direct or delegated – over

17  the advertisements for franchise restaurants is sufficient as a matter of law to

18  demonstrate that it is responsible for the use of the marks, slogans, and advertising

19  materials at issue.

20      29.   Furthermore, even if Smashburger Franchising delegated its right to

21  direct the marketing programs, it would still be liable as a joint tortfeasor with any

22  Smashburger entity to which such right might have been delegated, based upon its

23  role in propagating use of the marks, slogans, and advertising materials. *See*

24  *Western Sugar Co-op.*, 2012 WL 3101659 at *7-8; *In re Century 21-RE/MAX Real*

25  *Estate Advertising Claims Litig.*, 882 F. Supp. at 925.

26      30.   Both Smashburger IP and Smashburger Franchising are responsible for

27  the use of the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and

28

-22-

4852-0138-7657.v1

1    advertising materials because they authorized the use of such marks, slogans, and

2    advertising materials.

3         31.    As discussed above, the "knowing participation" of Smashburger IP

4    and Smashburger Franchising in the "propagation" of the use of the TRIPLE

5    DOUBLE Marks and the "Double the Beef" slogans and advertising materials

6    supports holding them responsible for such use.  *Western Sugar Co-op.*, 2012 WL

7    3101659 at *7-8; *In re Century 21-RE/MAX Real Estate Advertising Claims Litig.*,

8    882 F. Supp. at 925.

9         32.    ████████████████████████████████████████████

10   ████████████████████████████████████████████

11   ███████████████████████████████████

12        33.    ██████████████████████████████

13   ████████████████████████████████████████████

14   ████████████████████████████████████

15   ████████

16        34.    ███████████████████████████████████

17   ███████████████████████████████████

18   ████████████████

19        35.    ██████████████████████████████████

20   ████████████████████████████████████████

21   ███████████████████

22        36.    Accordingly, Smashburger IP is responsible for propagating the

23   TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising

24   materials for use at all Smashburger restaurants, whether company-operated or

25   franchisee-operated.

26        37.    ███████████████████████████████████

27   ████████████████████████████████████████████

28   ████████████████

-23-

4852-0138-7657.v1

38. ███████████████████████████████████
███████████████████████████████████████
████████████████████████████████████████
████████████████████

39.     Accordingly, Smashburger Franchising is responsible for propagating the TRIPLE DOUBLE Marks and the "Double the Beef" slogans and advertising materials for use at all Smashburger franchise restaurants.

40.     In *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854 (1982), the Supreme Court recognized that "***if a manufacturer or distributor intentionally induces another to infringe a trademark***, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, ***the manufacturer or distributor is contributorially*** [*sic*] ***responsible for any harm done as a result of the deceit***." *Id.* (emphasis added).

41.     Here, Smashburger IP and Smashburger Franchising not only intentionally induced Smashburger company and franchise restaurants to use the TRIPLE DOUBLE Marks, the "Double the Beef" slogans, and the advertising materials, but they propagated such marks, slogans, and advertising materials by authorizing such use.

-24-

1      42.    Any conclusion of law deemed to be a finding of fact is hereby

2 incorporated into the findings of fact.

3

4

Dated:  April __, 2019

5

6                               Honorable James V. Selna

7                         Judge, United States District Court

8

9

10 Dated:  March 4, 2019

11 Submitted by:

12 CAROLYN S. TOTO
JEFFREY D. WEXLER
13 SARKIS A. KHACHATRYAN
PILLSBURY WINTHROP SHAW PITTMAN LLP

14

15 By:___/s/ Carolyn S. Toto_____
         Carolyn S. Toto
16    Attorneys for Plaintiff and
    Counterdefendant IN-N-OUT BURGERS
17

18

19

20

21

22

23

24

25

26

27

28

-25-